IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware Corporation,[1] | ) Case No. 09-13560 (CSS) |
| Debtor. | ) Re: Docket Nos. 11 & 42 |

**SECOND INTERIM ORDER AUTHORIZING (I) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM AND CORPORATE BANK ACCOUNTS; AND (II) CONTINUED USE OF EXISTING BUSINESS FORMS AND RECORDS**

Upon consideration of the motion (the "Motion")[2] of the above-captioned Debtor for entry of an order pursuant to sections 105(a), 363(b), and 345(b) of the Bankruptcy Code and Rules 2015-2(a) and (b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing (i) the Debtor to continue using its existing cash management system (the "Cash Management System") and corporate bank accounts (the "Bank Accounts"); (ii) the continued use of existing business forms and records; and (iii) an interim waiver of the deposit guidelines set forth in section 345 of the Bankruptcy Code; and upon consideration of the *Declaration of the Reverend Monsignor J. Thomas Cini in Support of Chapter 11 Petition and First-Day Relief* (the "Cini Declaration") and the entire record of this chapter 11 case; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and sufficient notice of the Motion has been given under the circumstances;

---

[1] The last four digits of the Debtor's federal tax identification number are 5439. The Debtor's mailing address is 1925 Delaware Avenue, P.O. Box 2030, Wilmington, Delaware 19899-2030.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Motion.

and it appearing that no other or further notice need be provided; and the Court having previously entered an *Interim Order Authorizing (I) Continued Use of Existing Cash Management System and Corporate Bank Accounts; (II) Continued Use of Existing Business Forms and Records; and (III) Interim Waiver of Section 345 Deposit Requirements* [Docket No. 42], granting the relief requested in the Motion on an interim basis through and including November 21, 2009; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED on a further interim basis as set forth herein.

2. The Debtor is authorized and empowered, but not directed, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue using its existing Cash Management System.

3. The Debtor is authorized to utilize its cash on a post-petition basis in the ordinary course of business in a net amount (taking into account any cash receipts) not to exceed $520,000 in the aggregate for the period through and including December 4, 2009, pending further order of this Court.

4. The Debtor is authorized and empowered, but not directed, and in the reasonable exercise of its business judgment, to: (a) designate, maintain and continue to use, with the same account numbers, all of its Bank Accounts in existence as of the Petition Date, including, without limitation, those Bank Accounts identified in Exhibit B of the Motion; (b) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders, and solicitation materials, whether preprinted or generated

electronically), as well as checks existing immediately before the Petition Date, without reference to its status as debtor in possession, and other documents related to the Bank Accounts; (c) treat the Bank Accounts for all purposes as accounts of the Debtor as debtor in possession; and (d) preserve the reporting and accounting mechanisms used by the Debtor in respect of the Bank Accounts. The Debtor is authorized to continue to use its existing business and correspondence forms and checks without alteration and without the designation "Debtor in Possession" imprinted on them until such stock is exhausted.

5. The Cash Management Banks are hereby authorized to continue to service and administer all such accounts as debtor in possession accounts without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests made on, said accounts after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtor before the Petition Date may be honored by any bank only if specifically authorized by order of this Court.

6. Notwithstanding any other provision in this Order, no Cash Management Bank that honors a prepetition check or other item drawn on any account that is subject to this Order (a) at the direction of the Debtor, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of a good faith error made despite implementation of reasonable procedures shall be deemed to be liable to the Debtor or its estate or otherwise in violation of this Order.

7. The Banks (a) are authorized to accept and honor all representations from the Debtor as to which checks or other items drawn on any account that is the subject of this Order should be honored or dishonored consistent with any order(s) of this Court, whether the

checks or other items are dated prior to, on, or subsequent to the Petition Date, and whether or not the Cash Management Bank believes the payment is or is not authorized by an order(s) of the Court; (b) have no duty to inquire as to whether such payments are authorized by any order(s) of this Court; and (c) have no liability to any party on account of following the Debtor's instructions in accordance with this Order.

8. The existing deposit agreements between the Debtor and its Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. The Debtor and the Banks may, without further Order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts, and in the course of providing cash management services to the Debtor, each of the Banks is authorized, without further Order of this Court, to deduct from the appropriate accounts of the Debtor its customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, whether arising prepetition or postpetition (the "Bank Fees"), and further, to charge back to the appropriate accounts of the Debtor any amounts resulting from returned checks or other returned items, including, without limitation, returned items that result from automated clearing house transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

9. The Banks are authorized to debit the Debtor's accounts in the ordinary course of business and without further order of this Court on account of all checks drawn on the

Debtor's accounts which are cashed at the Banks' counters or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

10. The Debtor may open new bank accounts or close any Bank Accounts as it may deem necessary and appropriate; <u>provided</u>, <u>however</u>, that the Debtor shall promptly inform the U.S. Trustee of the opening or closing of such accounts.

11. The Debtor is authorized to make disbursements from the Bank Accounts, by check or otherwise, to the extent consistent with the Debtor's existing cash management practices and the Cash Management System.

12. Effective *nunc pro tunc* to the Petition Date, the Banks shall be and hereby are authorized to receive, process, honor and pay any and all prepetition and postpetition checks drawn on and electronic transfers authorized for payment by the Court.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtor is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

14. Any responses or objections to entry of an order approving the Motion on a final basis (the "<u>Final Order</u>") must be (i) made in writing, (ii) state with particularity the grounds therefor, (iii) conform to the Bankruptcy Rules and the Local Rules, and (iv) be served upon: (a) counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware, Attn. Robert S. Brady, Esq.; (b) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware

19801, Attn: David M. Klauder, Esq.; and (c) counsel to the Official Committee of Unsecured Creditors, Pachulski, Stang, Ziehl & Jones, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California, Attn: James I Stang, Esq. and Pachulski, Stang, Ziehl & Jones, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899-8705, Attn: Curtis A. Hehn, Esq., on or before December 8, 2009 at 4:00 p.m. (prevailing Eastern Time). A final hearing on the Motion, if required, will be held on January 4, 2009 at 10:30 a.m. (prevailing Eastern Time). If no objections are filed to the Motion and entry of a Final Order, the Court may enter the Final Order without further notice or hearing.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 20, 2009
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE