# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re: Catholic Diocese of Wilmington, Inc.
        Debtor.

Case No.: 09-13560 (CSS)

Chapter: 11

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

### AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 1,106,641 | | |
| B - Personal Property | YES | 4 | $ 18,350,653 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 3 | | $ 0 | |
| E - Creditors Holding Unsecured Priority Claims (Total claims on Schedule E) | YES | 3 | | $ 0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 19 | | $ 90,051,835 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | | | | $ 0 |
| J - Current Expenditures of Individual Debtor(s) | NO | | | | $ 0 |
| TOTAL | | | $ 19,457,294 | $ 90,051,835 | |

# GLOBAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS OF CATHOLIC DIOCESE OF WILMINGTON, INC.

Catholic Diocese of Wilmington, Inc., the debtor and debtor in possession, (the "Debtor") submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statement") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007. The Schedules and Statement were prepared by the Debtor, with the assistance of the Debtor's financial advisor, and are unaudited. The Schedules and Statement were prepared with data as close as possible to October 18, 2009 (the "Petition Date"). While the Debtor's management has exercised reasonable best efforts to ensure that the Schedules and Statement are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to amend the Schedules and Statement from time to time as may be necessary or appropriate, and expects that it will do so as information becomes available. The global notes (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statement. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statement.

The Debtor reserves the right to dispute, or to assert offset or defenses to, any claim reflected on the Schedules and/or Statement as to amount, liability or classification. The Debtor also reserves all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in its Schedules and Statement.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated." The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts. Further, the claims of individual creditors are listed as the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances.

In reviewing and signing the Schedules and Statement, the Debtor's Chief Financial Officer (the "CFO") has necessarily relied upon the efforts, statements and representations of other personnel and professionals of the Debtor. While the CFO has made reasonable efforts to ensure the accuracy of the information reported in the Schedules and Statement, the CFO has not (and could not have) personally verified the accuracy of all such information, including, particularly, information regarding amounts owed to creditors and their addresses.

**Basis of Presentation:** To the extent possible, the Schedules and Statement reflect the assets and liabilities of the Debtor. Parties are encouraged to review the Schedules and Statement. The Schedules and Statement do not purport to represent financial statements prepared in accordance with U.S. Generally Accepted Accounting Principles.

1

**Causes of Action:** As of the time of execution of these Schedules and Statement, the Debtor was unaware of any causes of action against third parties, other than cross-claims and/or counterclaims asserted, or that may be asserted, in connection with pending litigation. The Debtor reserves all of its rights with respect to any causes of action it may have against any party, and neither these Global Notes nor the Schedules and Statement is intended, nor should it be construed, to constitute a waiver of any such causes of action.

**Dates:** Unless otherwise indicated, all asset and liability information in the Schedules and Statement is provided as of the Petition Date.

**Leases:** The Debtor has not included in the Schedules and Statement future obligations under any leases.

**Litigation:** Identification of litigation as a claim against the Debtor does <u>not</u> constitute an admission or acknowledgement that the Debtor is, in fact, properly a defendant in such litigation.

**Valuation:** The Debtor is a tax-exempt, not-for-profit corporation and has not adopted Statement of Financial Accounting Standards No. 93 ("<u>SFAS93</u>"). SFAS93 requires not-for-profit organizations to recognize depreciation as a cost of using up the future economic benefits of its long-lived tangible assets. Since the Debtor has not adopted SFAS93, it does not recognize and record depreciation on its property and equipment or any other asset. Accordingly, owned property and equipment are stated on the Debtor's books at original cost. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtor to obtain current market valuations of all of its assets in connection with the preparation of the Schedules and Statement. Accordingly, unless otherwise indicated in these Global Notes, the carrying value on the Debtor's books (i.e., original cost), rather than the current market values, of the Debtor's interests in property is reflected on the Debtor's Schedules and Statement. As a result, amounts ultimately realized from the disposition of such assets may vary from the amounts reflected in the Schedules and Statement, and such variance may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statement.

**Restricted Assets:** A substantial portion of the Debtor's assets are subject to donor-imposed restrictions on use or disposition which may preclude the use of such assets, or proceeds thereof, to satisfy the claims of general creditors of the Debtor. Because the official forms of the Schedules and Statement do not fully capture the distinction between restricted and unrestricted assets, the Debtor has endeavored in these Global Notes to highlight restricted assets wherever possible, to provide creditors more accurate information as to the assets potentially available to satisfy their claims. The Debtor determined that the best way to capture the distinction between restricted and unrestricted assets, while at the same time providing meaningful disclosure, was to report known restricted assets in response to question 14 of the Statement as assets held for another. While some restricted assets are not "held for another" strictly speaking (e.g., as in a formal trust structure), the Debtor believed that reporting restricted on the Statement rather than on Schedule B was more appropriate given that their inclusion on Schedule B may have resulted in a significant overstatement of assets available for distribution to creditors. While the Debtor and its professionals have used their good faith best efforts to identify restricted assets, the review of the Debtor's records is ongoing and may reveal additional restrictions. Accordingly, failure to identify an asset as restricted in these Global Notes does not constitute an admission by the Debtor such asset is

2

unrestricted, and the Debtor expressly reserves the right to amend or supplement the Schedules and Statement, and these Global Notes, with new information regarding restricted assets as the same may become available.

## SCHEDULES OF ASSETS AND LIABILITIES

### Schedule A: Real Property

The Debtor has identified in Schedule A its owned real property. All of this real property is solely owned by the Debtor except for one property, a donated personal residence in which the Debtor owns a 50% interest. The Debtor has listed its 50% interest in the donated property at fair market value as of the donation date.

### Schedule B: Personal Property

**Item 2:** Historically, the Catholic Diocese Foundation (the "Foundation") has gifted up to $25,000 per year to the Bishop of Wilmington (the "Bishop") to be used at his discretion (the "Bishop's Discretionary Fund"). As of the Petition Date, the Bishop's Discretionary Fund was held as follows: (i) $1,510 in the Bishop's Account at Wilmington Trust and (ii) approximately $83,000 in the Debtor's general operating account. The Debtor believes that the Bishop's Discretionary Fund is restricted to such uses as may be designated by the Bishop and, therefore, may not be available to satisfy the claims of general creditors.

**Items 4 and 5:** The Debtor has estimated a realizable value for certain personal property. This property includes items such as used furniture and appliances. It also includes miscellaneous artwork. In making this estimate, the Debtor considered the cost, including the delay, of obtaining appraised values for these assets. The Debtor determined that the benefit to assigning a realizable value to a relatively small amount of used personal property outweighed significant cost and delay in obtaining a professional appraisal.

**Item 7:** The Debtor has not yet assigned a value to these items, which include a collection of former bishops' rings and crosses. As of the date hereof, these items have been placed with a professional appraiser but their value is unknown.

**Item 9:** The Debtor has listed various life insurance policies, all of which were solicited by, and donated to, the Debtor to raise money for tuition assistance. The Debtor believes that the proceeds of these insurance policies are restricted for educational purposes and, therefore, are not available to satisfy the claims of general creditors.

The Debtor also has an interest in a number of liability insurance policies covering a number of periods (the "Liability Coverage"). The details of the Liability Coverage have been shared with the Official Committee of Unsecured Creditors. The Debtor reserves all rights with respect to the Liability Coverage, and the failure to schedule the Liability Coverage is not intended, nor should it be construed, to constitute a waiver of any right with respect to, or abandonment of any interest in, the Liability Coverage.

**Items 13, 14, and 15:** The Debtor and certain non-debtor parish corporations ("Parish Corporations") and other non-debtor Catholic entities within the Debtor's geographical territory ("Non-

3

Debtor Catholic Entities") participate in a deposit system (the "Pooled Investment Program") whereby certain funds from the participating entities (the "Pooled Investors") are pooled for investment purposes in a custodial account (the "Pooled Investment Account") with The Bank of New York Mellon (successor by operation of law to Mellon, N.A.) (the "Custodian"). Assets within the Pooled Investment Account include (i) unrestricted funds of the Debtor (the "Unrestricted Pooled Investment Assets"), (ii) restricted funds of the Debtor (the "Restricted Pooled Investment Assets"), and (iii) funds of non-debtor Pooled Investors (the "Non-Debtor Pooled Investment Assets"). Non-Debtor Pooled Investment Assets are reported on question 14 of the Statement as assets held for another. Unrestricted Pooled Investment Assets comprise various types of investment options including: securities, corporate bonds, government bonds and treasuries. These investment options are held either separately or in various managed investment funds. The Debtor utilizes twelve (12) different investment managers, each with their own investment style. Therefore, the Debtor's investment mix fluctuates depending on the investment managers' chosen portfolio mix. Pooled Investment Assets are valued as of September 30, 2009, the close of the last reporting period prior to the Petition Date.

**Item 16:** The Debtor's accounts receivable comprise, in part, enforceable obligations owed to the Debtor under secular law. These obligations are owed primarily from non-debtor parish corporations and non-debtor Catholic entities and are primarily to reimburse the Debtor for health insurance and workers' compensation. In addition, the Debtor's accounts receivable also include assessments due from parish corporations within the Diocese of Wilmington. Because parish assessments have no basis in secular law, they are necessarily less liquid (and, ultimately, may be less collectible) than other accounts receivable.

**Item 20:** The Debtor is occasionally the beneficiary of wills and trusts. However, these endowments are completely at the discretion of the donor and are inherently revocable. As of the date hereof, the Debtor cannot ascertain whether it will be the beneficiary of such endowments nor can it ascertain any amount relating thereto.

**Item 25:** The Debtor has estimated a realizable value for its automobiles based upon the Kelley Blue Book website (www.kbb.com), using the "fair" to "good" condition range. For two automobiles that were sold post-petition, the Debtor has provided actual realized values in addition to blue book value.

**Item 28:** The Debtor has estimated a realizable value for its used office equipment and furniture. In making this estimate, the Debtor considered the cost, including the delay, of obtaining appraised values to these assets. The Debtor determined that the benefit to assign a realizable value to this used office equipment and furniture outweighed the significant cost and delay in obtaining a professional appraisal.

**Schedule D: Creditors Holding Secured Claims.** As of the Petition Date, the Debtor believes that it owed fees to the Custodian and certain investment managers in connection with the Pooled Investment Account. These fees are ordinarily collected directly from the Pooled Investment Account. As of the date hereof, the Debtor believes that all prepetition fees have been paid pursuant to court order.

**Schedule E: Creditors Holding Unsecured Priority Claims.** The Bankruptcy Court entered a first-day order (the "Employee Wage Order") granting the Debtor authority to pay prepetition and postpetition employee wages, salaries and certain other benefits and obligations (the "Employee Claims"). Pursuant to the Employee Wage Order, the Debtor believes that any priority Employee Claims have been satisfied, or will be satisfied, in the ordinary course. Accordingly, although some Employee Claims may have existed as of the Petition Date, Employee Claims have not been included in Schedule E.

The Debtor has historically provided a defined-benefit pension benefit plan for both its lay and priest employees. However, the Debtor has determined that no portion of any pension benefit for either the lay

4

or priest employees was earned within the 180 days preceding the Petition Date so as to be entitled to priority treatment.

**Schedule F: Creditors Holding Unsecured Non-Priority Claims.**

The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost-prohibitive and, therefore, the Debtor has not listed a date for every claim listed on Schedule F.

The descriptions provided in Schedule F are intended only to be a summary. Nothing in the Global Notes or the Schedules and Statement shall be deemed to be a modification or interpretation of the terms of such agreements. The dollar amounts listed may be exclusive of contingent and unliquidated amounts. The Debtor expressly incorporates by reference into Schedule F all parties to pending and potential pending litigation listed in the Debtor's Statement as contingent, unliquidated, and disputed claims to the extent not already listed on Schedule F. All parties to executory contracts and unexpired leases, including those listed on Schedule G, are holders of contingent and unliquidated unsecured claims arising from (i) obligations under those executory contracts and unexpired leases and/or (ii) rejection damages in the event that such executory contracts or unexpired leases are rejected. Not all such claims are duplicated on Schedule F.

     **Allied Irish Bank.** The Debtor has listed both Wilmington Trust Company and Allied Irish Bank as creditors holding unsecured, nonpriority claims. As of the Petition Date, the Debtor owed $11,000,000 to Wilmington Trust Company under a loan agreement (the "DEDA Bond Loan") backed by an irrevocable letter of credit issued by Allied Irish Bank for the benefit of Wilmington Trust Company, for which the Debtor has a reimbursement obligation. Thus, as of the Petition Date, Wilmington Trust Company had a noncontingent, liquidated claim of $11,000,000, and Allied Irish Bank had a contingent, unliquidated claim of up to $11,000,000. The Debtor believes that, after the Petition Date, Wilmington Trust Company drew upon the letter of credit. Thus, as of the date hereof, the Debtor believes that it does not owe any amount to Wilmington Trust Company in connection with the DEDA Bond Loan. Instead, the Debtor now owes Allied Irish Bank approximately $11,000,000 for the amounts drawn by Wilmington Trust Company on the letter of credit. Based upon the foregoing, the Debtor has scheduled a single claim of $11,000,000 for Allied Irish Bank.

     **Litigation Claims.** Litigation claims are identified in the aggregate, by counsel, or individually, by party (not both). The Debtor has provided a list of litigation attached to the Statement. This list indicates the parties (or their counsel) to the proceeding and nature of the litigation.

     **Lay Pension Obligations.** The Debtor has listed the aggregate amount owed to its lay pensioners for future benefits. This amount is based on actuarial analysis as of June 30, 2009. The Debtor has not listed each lay pensioner on the Schedules because the actuarial funding analysis was completed on an aggregate basis, which best reflects the Debtor's likely funding obligations. The individual lay pensioners are included on the creditor matrix that was filed on the Petition Date, they received a notice of commencement of this chapter 11 case, and they will receive notice of the bar date in this chapter 11 case.

5

**Priest Pension Obligations.** The Debtor has also scheduled liabilities to its priest pensioners, both in the aggregate (the "Priest Pension Benefit Amount") and, for those priests currently receiving benefits, in the "stub" amounts accruing prepetition during the month of October 2009 (the "Priest Pension Stub Amounts"). The Priest Pension Benefit Amount represents the Debtor's good faith estimate of the net present value of the aggregate future payment obligations, using the discount rate applied by the actuaries in connection with the lay pension plan, with general assumptions as to priests' retirement ages and life expectancies. The Priest Pension Amount has *not* been subjected to actuarial analysis. There is currently a motion pending before the Court that seeks authority to pay the Priest Pension Stub Amounts.

**Schedule G: Executory Contracts.** While commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusions may have occurred. The Debtor reserves all of its rights to dispute the validity, status of enforceability of any contracts, agreement, or leases set forth in Schedule G and to amend of supplement such Schedule as necessary.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed herein. Certain of the contracts and leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights that are embedded in the Debtor's agreements. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have been scheduled to the best of the Debtor's knowledge.

The presence of a contract, lease or agreement on Schedule G does not constitute an admission that such contract, lease or agreement is an executory contract or unexpired lease within the meaning of 11 U.S.C. § 365. The Debtor reserves all of its rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim.

Omission of a contract, lease or agreement from this Schedule does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts, leases or agreements are not impaired by its omission. This Schedule may be amended at any time to add any omitted contract, lease or agreement.

## STATEMENT OF FINANCIAL AFFAIRS ("SOFA")

**SOFA Question 2:** The Debtor has checked "none" for its response to SOFA Question 2. This is because the Debtor had net investment losses for the previous two years.

**SOFA Question 3b:** For purposes of SOFA Question 3b the Debtor has provided a comprehensive list of payments made within the 90 days immediately preceding the bankruptcy filing, irrespective whether the payee was a creditor at the time of such payment. The Debtor has attempted to remove any gifts and payments to insiders from the response to this question and to disclose those items in the appropriate places on the SOFA. However, inadvertent errors or

6

omissions may exist, and the Debtor reserves the right to amend SOFA Question 3b as necessary to correct them. Persons listed as "creditors" have been included for informational purposes only and such listing is not intended to, nor should it, be construed as a legal characterization of such party as a creditor, nor does it constitute an admission of any fact, claim, right or defense, and all such rights, claims, and defenses being hereby expressly reserved.

**SOFA Question 3c:** For purposes of the Schedules and Statement, the Debtor defines "insiders" pursuant to section 101(31) as its officers and its sole member. The Debtor is a tax-exempt, not-for-profit, non-stock member corporation. The Debtor's sole member is the bishop (the "Bishop"), who is also the Debtor's president and chief executive officer (the "CEO"). The Debtor does not have a board of directors. Except as otherwise disclosed, payments to insiders listed above are set forth on Schedule 3c, irrespective whether such insider was a creditor at the time of such payment.

Persons listed as "insiders" and/or "creditors" have been included for informational purposes only and such listing is not intended to, nor should it, be construed as a legal characterization of such party as an insider (or a creditor), nor does it constitute an admission of any fact, claim, right or defense, and all such rights, claims, and defenses being hereby expressly reserved. Further, the Debtor does not take any position with respect to (a) such person's influence over the control of the Debtor, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law.

**SOFA Question 4:** The Debtor has made every effort to include in response to SOFA Question 4 a complete list of all suits and proceedings to which the Debtor was a party within the one (1) year immediately preceding the Petition Date. To the extent the Debtor becomes aware it has omitted any suits or proceedings, it will amend its Statement.

The Debtor reserves all of its rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtor of any liabilities or that the actions or proceedings were correctly filed against the Debtor. The Debtor also reserves its rights to assert that the it is not an appropriate party to such actions or proceedings.

**SOFA Question 6b:** For purposes of SOFA Question 6b the Debtor has not identified Pooled Investment Assets held by the Custodian in the Pooled Investment Account, which are disclosed elsewhere in the Schedules and Statement.

**SOFA Question 7:** In the ordinary course of its business, the Debtor makes charitable gifts. These gifts are the Debtor's primary cash outlay and serve as subsidies to Parish Corporations and other Non-Debtor Catholic Entities within the Debtor's geographical territory. These gifts are provided as part of the ministry of the Debtor and are essential to assist those Parish Corporations and Non-Debtor Catholic Entities that are not self supporting. Examples of the specific purposes of these charitable gifts are listed in the exhibits attached to the Schedules. The Debtor does not receive any goods or services in exchange for these cash outlays.

**SOFA Question 14:** As discussed above, the Debtor has listed Non-Debtor Pooled Investment Assets and Restricted Pooled Investment Assets as assets held for another for purposes of SOFA Question 14.

7

At the request of certain non-debtor Pooled Investors, the Debtor has not disclosed specific non-debtor asset holdings in the Pooled Investment Account. However, such information has been provided, on a confidential basis, to the United States Trustee and the Official Committee of Unsecured Creditors. Non-Debtor Pooled Investment Assets and Restricted Pooled Investment Assets are valued as of September 30, 2009, the end of the last regular reporting period prior to the Petition Date.

## DISCLAIMER

The Debtor and its agents, attorneys and financial advisor do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide current, accurate and complete information herein, inadvertent errors or omissions may exist. The Debtor and its agents, attorneys and financial advisor expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or recategorized. In no event shall the Debtor and its agents, attorneys and financial advisor be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtor and its agents, attorneys and financial advisor are advised of the possibility of such damages.

\*\*\* END OF GLOBAL NOTES\*\*\*

DB02:8957044.5

068902.1001

In re:  Catholic Diocese of Wilmington, Inc.                                    Case No. 09-13560
Debtor

# SCHEDULE A – REAL PROPERTY

     Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

     **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

     If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

     If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Bishop's House<br>1307 North Bancroft Parkway<br>Wilmington, DE 19806 | Fee Simple | | $ 128,801 | $0.00 |
| Office Building<br>1626 North Union Street<br>Wilmington, DE 19806 | Fee Simple | | $ 213,610 | $0.00 |
| Office Building<br>1925 Delaware Avenue<br>Wilmington, DE 19806 | Fee Simple | | $ 243,535 | $0.00 |
| St. Thomas More Oratory<br>45 Lovett Ave<br>Newark, DE 19711 | Fee Simple | | $ 313,195 | $0.00 |
| 50% interest in donated personal residence<br>1700 N Bancroft Pkwy<br>Wilmington, DE 19806 | Fee Simple | | $ 207,500 | $0.00 |
| ** All values are purchase price.  Debtor has no appraised values for properties. | | | | |
| | | Total ▶ | $ 1,106,641.00 | |

(Report also on Summary of Schedules.)

In re: **Catholic Diocese of Wilmington, Inc.**                    Case No. 09-13560
**Debtor**

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Petty Cash | | $ 1,165.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Operating Account<br>Citizen's Bank<br>919 N. Market Street, 8th Floor<br>Wilmington, DE 19801 | | $ 778,523.00 |
| | | Payroll Account<br>Citizen's Bank<br>919 N. Market Street, 8th Floor<br>Wilmington, DE 19801 | | $ 2,500.00 |
| | | Annual Catholic Appeal Lockbox Account<br>Citizen's Bank<br>919 N. Market Street, 8th Floor<br>Wilmington, DE 19801 | | $ 75,003.00 |
| | | Administrative Account<br>Citizen's Bank<br>919 N. Market Street, 8th Floor<br>Wilmington, DE 19801 | | $ 2,629.84 |
| | | Insurance Account (Life and Property)<br>JP Morgan Chase Bank<br>350 Main St<br>Huntington, NY | | $ 85,092.99 |
| | | Bishop's Account ($ 1,510.00 Balance)<br>Wilmington Trust<br>1100 N. Market Street<br>Wilmington, DE 19890-0502 | | $ 0.00 |
| | | Escrow Account<br>Citizen's Bank<br>919 N. Market Street, 8th Floor<br>Wilmington, DE 19801 | | $ 0.00 |

Form B6B (12/07)

# SCHEDULE B – PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | 1307 N. Bancroft Pkwy - Miscellaneous household furnishings (See Attached Schedule) | | $ 6,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Miscellaneous artwork in corporate office | | $ 2,000.00 |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | | Collection of Bishops' rings and crosses (See Attached Schedule) | | Unknown, awaiting appraisal |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | ING # 1524062 ($ 26,213.93) | | $ 0.00 |
| | | ING # 1524065 ($ 8,738.75) | | $ 0.00 |
| | | ING # 1524067 ($ 11,518.08) | | $ 0.00 |
| | | ING # 1531070 ($ 5,870.87) | | $ 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Unrestricted Pooled Investment Assets at 09/30/09. | | $ 15,274,875.91 |
| 14. Interests in partnerships or joint ventures. Itemize. | | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | | | | |

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 16. Accounts receivable. | | Accounts Receivable, net of Allowance for Doubtful Accounts | | $ 2,034,917.80 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | Unknown | | Contingent and Undetermined |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | (See Attached Schedule) | | $50,600.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | (See Attached Schedule) | | $37,345.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |

In re: **Catholic Diocese of Wilmington, Inc.**                    Case No. 09-13560
**Debtor**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31. Animals. | X | | | |
| 32. Crops – growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

<u>4</u> continuation sheets attached.     Total ▶     $ 18,350,652.54

(Include amounts from any continuation
sheets attached. Report also on
Summary of Schedules.)

Form 6C (Official Form 6C) (12/07)

In re: Catholic Diocese of Wilmington, Inc.                                    Case No. 09-13560
Debtor

# SCHEDULE C – PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which the debtor is entitled under:              □ Check if debtor claims a homestead exemption that exceeds $136,876.
□   11 U.S.C. § 522(b)(2)
□   11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

In re: **Catholic Diocese of Wilmington, Inc.**                                        Case No. 09-13560
Debtor

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

   **X**   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Bank of New York Mellon<br>Two Greenville Crossing, 4005 Kennett Pike, First Floor, Greenville, DE 19807-2018 | | | Custodian Fees, secured by Pooled Investment Account | X | X | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO<br><br>Iridian Asset Management LLC<br>276 Post Road, West Westport, CT 06880-4704 | | | Investment Management Fees, secured by Pooled Investment Account | X | X | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO<br><br>Kalmar Investments<br>3701 Kennett Pike, Barley Mill House, Wilmington, DE 19807 | | | Investment Management Fees, secured by Pooled Investment Account | X | X | | | |
| | | | VALUE $ | | | | | |

In re: Catholic Diocese of Wilmington, Inc.                    Case No. 09-13560
Debtor

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

| ACCOUNT NO | | | | | |
|---|---|---|---|---|---|
| Harding Loevner LP 50 Division Street, 4th floor Somerville, NJ 18876 | | Investment Management Fees, secured by Pooled Investment Account | X | X | |
| | | VALUE $ | | | |
| ACCOUNT NO | | | | | |
| Wellington Management Company, LLP 75 State Street Boston, MA 02109 | | Investment Management Fees, secured by Pooled Investment Account | X | X | |
| | | VALUE $ | | | |
| ACCOUNT NO | | | | | |
| Morgan Stanley One Tower Bridge, 100 Front Street, Suite 1100 , West Conshohocken, PA 19428 | | Investment Management Fees, secured by Pooled Investment Account | X | X | |
| | | VALUE $ | | | |
| ACCOUNT NO | | | | | |
| PIMCO 330 W. 9th Street, Kansas City, MO 64105 | | Investment Management Fees, secured by Pooled Investment Account | X | X | |
| | | VALUE $ | | | |
| ACCOUNT NO | | | | | |
| State Street Corporation State Street Financial Center, One Lincoln Street, Boston, MA 02111 -2900 | | Investment Management Fees, secured by Pooled Investment Account | X | X | |
| | | VALUE $ | | | |
| ACCOUNT NO | | | | | |
| T. Rowe Price 100 East Pratt Street, Baltimore, MD 21202 | | Investment Management Fees, secured by Pooled Investment Account | X | X | |
| | | VALUE $ | | | |
| ACCOUNT NO | | | | | |
| ING Clarion Real Estate Securities 201 King of Prussia Road, Suite 600 Radnor, PA 19087 | | Investment Management Fees, secured by Pooled Investment Account | X | X | |
| | | VALUE $ | | | |
| ACCOUNT NO | | | | | |
| Dimensional Fund Advisors Palisades West, 6300 Bee Cave Road, Building One, Austin, TX 78746 | | Investment Management Fees, secured by Pooled Investment Account | X | X | |
| | | VALUE $ | | | |
| ACCOUNT NO | | | | | |
| The Vanguard Group, Inc. P.O. Box 1110 , Valley Forge, PA 19482-1110 | | Investment Management Fees, secured by Pooled Investment Account | X | X | |
| | | VALUE $ | | | |

In re: **Catholic Diocese of Wilmington, Inc.**
Debtor

Case No. 09-13560

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

| ACCOUNT NO | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Cambridge Associates Inc.<br>4100 North Fairfax Drive, Suite 1300 Arlington, VA 22203-1664 | | | Investment Management Fees, secured by Pooled Investment Account | X | X | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO | | | | | | | | |
| Liberty Mutual Inc.<br>C/O Nancy Covington , 1011 Centre Road, Suite 400 Wilmington, DE 19805 | | | Investment Management Fees, secured by Pooled Investment Account | X | X | | | |
| | | | VALUE $ | | | | | |
| 3 continuation sheets Attached | | | Subtotal ▶<br>(Total of this page) | | | | $ 0.00 | $ 0.00 |
| | | | Total ▶<br>(Use only on last page) | | | | $ 0.00 | $ 0.00 |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summery of Certain Liabilities and Related Data.)

In re: **Catholic Diocese of Wilmington, Inc.**                                         Case No. 09-13560
Debtor

# SCHEDULE E – CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

Secured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐   **Domestic Support Obligations**

Claims for domestic support that are owned to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 570 (a)(5).

Form B6E (Official Form 6E) (12/07)– Cont.

☐   **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. §507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1 continuation sheets attached

In re: **Catholic Diocese of Wilmington, Inc.**
    Debtor

Case No. 09-13560

# SCHEDULE E – CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME , MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet no. __ of __ sheets attached to Schedule of Creditors Holding Priority Claims

Subtotal ▶
(Total of this page) — $ | $

Total ▶
(Use only on last page of completed Schedule E. Report also on the Summary of Schedules.) — $

Totals ▶
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) — $ | $

In re: **Catholic Diocese of Wilmington, Inc.**
    Debtor

Case No. 09-13560

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.) Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME , MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Wilmington Trust Company, as Tru<br>1100 N. Market Street,<br>Wilmington, DE 19890-0502 | | | Bond Debt | | | | $0.00 |
| ACCOUNT NO.<br><br>Allied Irish Bank<br>405 Park Ave., New York, NY 10022 | | | LC Debt | | X | | $11,000,000.00 |
| ACCOUNT NO.<br><br>The Flowers Counsel Group, LLC<br>1105 Market Street, Suite 800,<br>Wilmington, DE  19801 | | | Representing multiple Confidential Tort Claimants | X | X | X | |
| ACCOUNT NO.<br><br>Joseph W. Benson, P.A.<br>1701 North Market Street, P.O. Box 248, Wilmington, DE  19899 | | | Representing multiple Confidential Tort Claimants | X | X | X | |
| ACCOUNT NO.<br><br>Manly & Stewart<br>4220 Von Karman Avenue, #200,<br>Newport Beach, CA  92660 | | | Representing multiple Confidential Tort Claimants | X | X | X | |

In re: **Catholic Diocese of Wilmington, Inc.**  Case No. 09-13560
Debtor

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| ACCOUNT NO. | | | | | | | |
|---|---|---|---|---|---|---|---|
| Dalton & Associates, P.A. 1106 West 10th Street, Wilmington, DE 19806 | | | Representing multiple Confidential Tort Claimants | X | X | X | |
| ACCOUNT NO. | | | | | | | |
| Jeff Anderson & Associates, P.A. 366 Jackson Street, Suite 100, St. Paul, MN 55101 | | | Representing multiple Confidential Tort Claimants | X | X | X | |
| ACCOUNT NO. | | | | | | | |
| Jacobs & Crumplar, P.A. Two East 7th Street, P.O. Box 1271, Wilmington, DE 19899 | | | Representing multiple Confidential Tort Claimants | X | X | X | |
| ACCOUNT NO. | | | | | | | |
| The Neuberger Firm Two East 7th Street, Suite 302, Wilmington, DE 19801 | | | Representing multiple Confidential Tort Claimants | X | X | X | |
| ACCOUNT NO. | | | | | | | |
| Conaty, Curran & Sisk 220 Continental Drive, Suite 215, Newark, DE 19713 | | | Representing multiple Confidential Tort Claimants | X | X | X | |
| ACCOUNT NO. | | | | | | | |
| CDOW Lay Pensioners c/o 1925 Delaware Avenue, Wilmington, DE 19899-2030 | | | Pension Benefit Obligation | X | X | | $64,366,743.00 |
| ACCOUNT NO. | | | | | | | |
| CDOW Priest Pensioners c/o 1925 Delaware Avenue, Wilmington, DE 19899-2030 | | | Pension Benefit Obligation | X | X | | $14,465,156.00 |
| ACCOUNT NO. | | | | | | | |
| Office of National Collections Collections for the Church in Eastern Europe, 3211 Fourth Street, NE, Washington, DC 20017- | | | Various dates, Trade Payable Vendor | | | | $39,045.27 |
| ACCOUNT NO.   3-448973-4200 | | | | | | | |
| Liberty Mutual P.O.Box 7247-0109, Philadelphia, PA 19170-0109 | | | Various dates, Trade Payable Vendor | | | | $30,185.54 |

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | |
|---|---|---|---|---|---|---|
| ACCOUNT NO.   CDWF97C8232<br><br>Harding Loevner LP<br>50 Division Street, Fourth Floor, Somerville, NJ 08876 | | | Various dates, Trade Payable Vendor | | | $17,642.00 |
| ACCOUNT NO.   Glenn Evers<br><br>Immaculate Conception Seminary<br>400 South Orange Avenue, Seton Hall Univ.Theology, South Orange, NJ 7079 | | | Various dates, Trade Payable Vendor | | | $12,032.50 |
| ACCOUNT NO.<br><br>United States Conf. of Bishops<br>Diocesan Assessment, PO Box 73140, Baltimore, MD 21273 | | | Various dates, Trade Payable Vendor | | | $9,438.15 |
| ACCOUNT NO.<br><br>Allied Irish Bank<br>405 Park Ave., New York, NY 10022 | | | Various dates, Trade Payable Vendor | | | $7,403.45 |
| ACCOUNT NO.<br><br>Wellington Trust Company, NA<br>75 State Street, Boston, MA 02109 | | | Various dates, Trade Payable Vendor | | | $7,222.02 |
| ACCOUNT NO.<br><br>Gregg Bus Service<br>1400 First State Blvd, Wilmington, DE 19804 | | | Various dates, Trade Payable Vendor | | | $7,184.00 |
| ACCOUNT NO.   920576<br><br>Wilson Appraisal Services, Inc.<br>2921 North Belt Highway, Suite L-2, Saint Joseph, MO 64506 | | | Various dates, Trade Payable Vendor | | | $6,000.00 |
| ACCOUNT NO.   61402<br><br>St. John Vianney Center<br>151 Woodbine Road, Downington, PA 19335 | | | Various dates, Trade Payable Vendor | | | $5,525.55 |
| ACCOUNT NO.   CDWF97C8172<br><br>ING Clarion Real Estate Securities<br>201 King of Prussia Road, Suite 600, Radnor, PA 19087 | | | Various dates, Trade Payable Vendor | | | $5,245.00 |

In re: **Catholic Diocese of Wilmington, Inc.**
Debtor

Case No. 09-13560

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | |
|---|---|---|---|---|---|
| **ACCOUNT NO.** 615-2555<br><br>Joyce Morton-Elzie<br>c/o HOM Consulting, 81 Main Street, White Plains, NY 10601 | | Various dates, Trade Payable Vendor | | | $2,582.80 |
| **ACCOUNT NO.** 8000-9090-0258-<br><br>Purchase Power<br>P.O. Box 856042, Louisville, KY 40285-6042 | | Various dates, Trade Payable Vendor | | | $2,550.00 |
| **ACCOUNT NO.**<br><br>Science Explorers, Inc.<br>P.O. Box 245, Blue Ball, PA 17506 | | Various dates, Trade Payable Vendor | | | $2,500.00 |
| **ACCOUNT NO.**<br><br>Pat T. Clean, Inc.<br>519 Cabot Drive, Hockessin, DE 19707 | | Various dates, Trade Payable Vendor | | | $2,491.00 |
| **ACCOUNT NO.**<br><br>Oblates of St.Francis de Sales<br>2200 Kentmere Parkway, Box 1452, Wilmington, DE 19806 ** | | Various dates, Trade Payable Vendor | | | $2,412.00 |
| **ACCOUNT NO.** Stock sale from Br<br><br>St. Mary of the Assumption<br>7200 Lancaster Pike, Hockessin, DE 19707 | | Various dates, Trade Payable Vendor | | | $2,195.00 |
| **ACCOUNT NO.**<br><br>Edward J Kaczorowski<br>1012 Brandywine Drive, Bear, DE 19701 | | Priest pension 10/01/2009 - 10/18/2009 | | | $1,538.71 |
| **ACCOUNT NO.**<br><br>Today Media Inc<br>3301 Lancaster Avenue, Suite 5C, Wilmington, DE 19805 | | Various dates, Trade Payable Vendor | | | $1,400.00 |
| **ACCOUNT NO.** 145<br><br>Maxim Healthcare Services, Inc<br>12559 Collections Center Dr, Chicago, IL 60693 | | Various dates, Trade Payable Vendor | | | $1,368.00 |

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. Patient# 11287W <br><br> Saint Luke Institute <br> c/o Msgr Stephen Rossetti, 8901 New Hampshire Ave., Silver Spring, MD 20903 | | | Various dates, Trade Payable Vendor | | | | $1,350.00 |
| ACCOUNT NO. <br><br> John J Kavanaugh <br> 2810 N Monroe Street, Wilmington, DE 19802 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,282.06 |
| ACCOUNT NO. <br><br> Thomas Peterman | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,282.06 |
| ACCOUNT NO. <br><br> Edward J Storck <br> 1504-2 N Broom Street, Apt 17, Wilmington, DE 19806 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,269.29 |
| ACCOUNT NO. <br><br> Michael Szupper <br> 309 Apple Road, Newark, DE 19711 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,268.71 |
| ACCOUNT NO. <br><br> Stephen J Connell <br> C/O Richard Connell, 71 Andersen Road, Braintree, MA 02184 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,179.87 |
| ACCOUNT NO. <br><br> Ralph L Martin <br> 167 Cross Avenue, New Castle, DE 19720 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,163.61 |
| ACCOUNT NO. 2571 3199 9993 <br><br> Delmarva Power <br> P.O.Box 17000, Wilmington, DE 19886 | | | Various dates, Trade Payable Vendor | | | | $1,133.31 |
| ACCOUNT NO. <br><br> William Hazzard <br> 3 Curtis Avenue, Wilmington, DE 19804 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,128.19 |

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Philip L Siry<br>417 Brandywine Drive, Bear, DE 19701 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,128.19 |
| ACCOUNT NO.<br><br>Bruce C Byrolly<br>Po Box 43, Cambridge, MD 21613 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,122.39 |
| ACCOUNT NO.<br><br>John Sarro<br>1003 Melrose Avenue, Wilmington, DE 19809 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,114.00 |
| ACCOUNT NO.<br><br>James E Richardson<br>2504 Blackwood Road, Wilmington, DE 19810 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,114.00 |
| ACCOUNT NO.<br><br>Douglas Dempster<br>Po Box 370, Marydel, MD 21649 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,114.00 |
| ACCOUNT NO.<br><br>Copy Craft, Inc.<br>331 Robinson Lane, Robinson Business Park, Wilmington, DE 19805 | | | Various dates, Trade Payable Vendor | | | | $1,098.00 |
| ACCOUNT NO.<br><br>Richard Reissmann<br>509 Beaulieu Loop, The Villages, FL 32162 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,077.10 |
| ACCOUNT NO.<br><br>Jos. Kandathiparampil<br>Po Box 569, Pittsburgh, PA 15230 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,074.19 |
| ACCOUNT NO.   2590 9839 9993<br><br>Delmarva Power<br>P.O.Box 17000, Wilmington, DE 19886 | | | Various dates, Trade Payable Vendor | | | | $1,071.67 |

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| ACCOUNT NO. | | | | | | | |
|---|---|---|---|---|---|---|---|
| The Dialog<br>Finance Department, P.O. Box 2030, Wilmington, De 19899 | | | Various dates, Trade Payable Vendor | | | | $1,064.05 |
| ACCOUNT NO. | | | | | | | |
| Copy Craft, Inc.<br>331 Robinson Lane, Robinson Business Park, Wilmington, DE 19805 | | | Various dates, Trade Payable Vendor | | | | $1,035.00 |
| ACCOUNT NO. | | | | | | | |
| Patrick Brady<br>905 Milltown Road, Wilmington, DE 19808 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |
| ACCOUNT NO. | | | | | | | |
| Philip P Sheekey<br>7 Sharpley Road, Wilmington, DE 19803 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |
| ACCOUNT NO. | | | | | | | |
| William Mathesias<br>37556 Atlantic Avenue, Washington Heights, Rehoboth Beach, DE 19971 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |
| ACCOUNT NO. | | | | | | | |
| Thomas F Gardocki<br>4620 Sylvanus Drive, Wilmington, DE 19803 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |
| ACCOUNT NO. | | | | | | | |
| Thomas E Hanley<br>63 Sackarackin Avenue, Dover, DE 19901 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |
| ACCOUNT NO. | | | | | | | |
| Phillip L Mcgann<br>316 Cedar Lane, Mt Laurel, NJ 08054 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |
| ACCOUNT NO. | | | | | | | |
| Oscar H Frundt<br>417 DElaware Avenue, Mcdaniel Crest, Wilmington, DE 19803 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |

In re:  Catholic Diocese of Wilmington, Inc.
Debtor

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Leonard J Kempski<br>301 N Bancroft PArkway, Wilmington, DE 19805 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |
| ACCOUNT NO.<br><br>William E Jennings<br>185 Salem Church Road, Newark, DE 19713 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |
| ACCOUNT NO.<br><br>Howard T Clark<br>311 N Governor Printz Blvd, Essington, PA 19029 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |
| ACCOUNT NO.<br><br>Frederick A Kochan<br>2201 A Baltimore Avenue, Lavallette, NJ 08735 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |
| ACCOUNT NO.<br><br>Edward Glapiak<br>Po Box 569, Pittsburgh, PA 15259 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |
| ACCOUNT NO.<br><br>Edmund T Coppinger<br>St Cornelius Church, 225 28Th Street, Richmond, CA 94804 | | | Priest pension 10/01/2009 - 10/18/2009 | | | | $1,025.42 |
| ACCOUNT NO.<br><br>Copy Craft, Inc.<br>331 Robinson Lane, Robinson Business Park, Wilmington, DE 19805 | | | Various dates, Trade Payable Vendor | | | | $981.00 |
| ACCOUNT NO.<br><br>ECI<br>220 Rehoboth Avenue, P.O. Box 820, Rehoboth Beach, DE 19971 | | | Various dates, Trade Payable Vendor | | | | $872.00 |
| ACCOUNT NO.<br><br>Addressing & Mailing Co. Inc.<br>P.O. Box 11965, Wilmington, DE 19850 | | | Various dates, Trade Payable Vendor | | | | $731.49 |

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   102600 <br><br>Survivors of Abuse in Recovery <br>405 Foulk Road, Wilmington, DE 19803 | | | Various dates, Trade Payable Vendor | | | | $625.00 |
| ACCOUNT NO.   145 <br><br>Maxim Healthcare Services, Inc <br>12559 Collections Center Dr, Chicago, IL 60693 | | | Various dates, Trade Payable Vendor | | | | $504.00 |
| ACCOUNT NO.   145 <br><br>Maxim Healthcare Services, Inc <br>12559 Collections Center Dr, Chicago, IL 60693 | | | Various dates, Trade Payable Vendor | | | | $504.00 |
| ACCOUNT NO.   615-2557 <br><br>HOM Consulting LLC <br>81 Main Street, Suite 215, White Plains, NY 10601 | | | Various dates, Trade Payable Vendor | | | | $474.50 |
| ACCOUNT NO.   615-2558 <br><br>HOM Consulting LLC <br>81 Main Street, Suite 215, White Plains, NY 10601 | | | Various dates, Trade Payable Vendor | | | | $473.30 |
| ACCOUNT NO. <br><br>Ewaldesign <br>Terry Ewald, 101 North Walnut St., Newport, DE 19804 | | | Various dates, Trade Payable Vendor | | | | $455.00 |
| ACCOUNT NO.   MEE103 <br><br>W. B. Mason Co., Inc. <br>59 Centre Street, Brockton, MA 02303 | | | Various dates, Trade Payable Vendor | | | | $414.84 |
| ACCOUNT NO.   615-2559 <br><br>HOM Consulting LLC <br>81 Main Street, Suite 215, White Plains, NY 10601 | | | Various dates, Trade Payable Vendor | | | | $385.00 |
| ACCOUNT NO. <br><br>Big Sky Bread Co. <br>1812 Marsh Road, Wilmington, De 19810 | | | Various dates, Trade Payable Vendor | | | | $382.00 |

In re: **Catholic Diocese of Wilmington, Inc.**
Debtor

Case No. 09-13560

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   615-2558<br><br>HOM Consulting LLC<br>81 Main Street, Suite 215, White Plains, NY 10601 | | | Various dates, Trade Payable Vendor | | | | $365.50 |
| ACCOUNT NO.<br><br>Copy Craft, Inc.<br>331 Robinson Lane, Robinson Business Park, Wilmington, DE 19805 | | | Various dates, Trade Payable Vendor | | | | $357.00 |
| ACCOUNT NO.<br><br>Lehane's Bus Service, Inc.<br>PO Box 349, New Castle, DE 19720 | | | Various dates, Trade Payable Vendor | | | | $356.00 |
| ACCOUNT NO.<br><br>Ministerio Biblico Verbo Divin<br>P.O. Box 8218, Riverside, CA 92515-8218 | | | Various dates, Trade Payable Vendor | | | | $355.56 |
| ACCOUNT NO.   6035 3202 1866 5<br><br>Home Depot Credit Services<br>Processing Center, Des Moines, IA 50364-0500 | | | Various dates, Trade Payable Vendor | | | | $348.63 |
| ACCOUNT NO.<br><br>St. John the Beloved<br>907 Milltown Road, Wilmington, DE 19808 | | | Various dates, Trade Payable Vendor | | | | $336.12 |
| ACCOUNT NO.   Glenn Evers<br><br>Immaculate Conception Seminary<br>400 South Orange Avenue, Seton Hall Univ.Theology, South Orange, NJ 7079 | | | Various dates, Trade Payable Vendor | | | | $307.50 |
| ACCOUNT NO.<br><br>Matthew Miller<br>628 Cottontail Dr, Salisbury, MD 21804 | | | Various dates, Trade Payable Vendor | | | | $300.00 |
| ACCOUNT NO.<br><br>Robert J. Cousar, Jr.<br>4505 Pebble Drive, Wilmington, DE 19802 | | | Various dates, Trade Payable Vendor | | | | $300.00 |

In re:  **Catholic Diocese of Wilmington, Inc.**
Debtor

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Union Press<br>1723 West 8th Street, Wilmington, DE 19805 | | | Various dates, Trade Payable Vendor | | | | $298.00 |
| ACCOUNT NO.<br><br>WXXY Broadcasting, Inc<br>1005 College Road, #201, Dover, DE 19904 | | | Various dates, Trade Payable Vendor | | | | $290.34 |
| ACCOUNT NO.<br><br>Darryl Simms<br>1374 Birch Lane, Wilmington, DE 19809 | | | Various dates, Trade Payable Vendor | | | | $287.50 |
| ACCOUNT NO.    MEE103<br><br>W. B. Mason Co., Inc.<br>59 Centre Street, Brockton, MA 02303 | | | Various dates, Trade Payable Vendor | | | | $279.96 |
| ACCOUNT NO.    615-2557<br><br>HOM Consulting LLC<br>81 Main Street, Suite 215, White Plains, NY 10601 | | | Various dates, Trade Payable Vendor | | | | $262.50 |
| ACCOUNT NO.    2632 8449 9989<br><br>Delmarva Power<br>P.O.Box 17000, Wilmington, DE 19886 | | | Various dates, Trade Payable Vendor | | | | $256.99 |
| ACCOUNT NO.<br><br>The Trophy Shop<br>303 W. 8th St., Wilmington, DE 19801 | | | Various dates, Trade Payable Vendor | | | | $256.00 |
| ACCOUNT NO.<br><br>Tower Business Systems, Inc.<br>278 Quigley Blvd., Airport Industrial Park, New Castle, DE 19720 | | | Various dates, Trade Payable Vendor | | | | $255.95 |
| ACCOUNT NO.   CDWF97C8212P<br><br>BNY Mellon Asset Servicing<br>P.O. Box 371791, Pittsburg, PA 15251-7791 | | | Various dates, Trade Payable Vendor | | | | $253.44 |

B6F (Official Form 6F) (12/07)

In re: **Catholic Diocese of Wilmington, Inc.**
Debtor

Case No. 09-13560

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| ACCOUNT NO. | | | | | | | |
|---|---|---|---|---|---|---|---|
| John Whitman 8104 Custer Road, Bethesda, Md 20814 | | | Various dates, Trade Payable Vendor | | | | $250.00 |
| ACCOUNT NO.    Claim# 09C-02-2 | | | | | | | |
| Elzufon Austin Reardon Tarlov & 300 Delaware Ave St.1700, Wilmington, De 19899-1630 | | | Various dates, Trade Payable Vendor | | | | $227.50 |
| ACCOUNT NO.    615-2559 | | | | | | | |
| HOM Consulting LLC 81 Main Street, Suite 215, White Plains, NY 10601 | | | Various dates, Trade Payable Vendor | | | | $225.00 |
| ACCOUNT NO.    2681 6809 9995 | | | | | | | |
| Delmarva Power P.O.Box 17000, Wilmington, DE 19886 | | | Various dates, Trade Payable Vendor | | | | $217.19 |
| ACCOUNT NO. | | | | | | | |
| St. John the Beloved 907 Milltown Road, Wilmington, DE 19808 | | | Various dates, Trade Payable Vendor | | | | $208.20 |
| ACCOUNT NO.    Claim# LL-08-12 | | | | | | | |
| Elzufon Austin Reardon Tarlov & 300 Delaware Ave St.1700, Wilmington, De 19899-1630 | | | Various dates, Trade Payable Vendor | | | | $206.40 |
| ACCOUNT NO. | | | | | | | |
| Summit Mechanical Inc 304 Carson Drive, Bear, DE 19701 | | | Various dates, Trade Payable Vendor | | | | $204.79 |
| ACCOUNT NO. | | | | | | | |
| Denise Winterberger 82 Possum Park Rd, Newark, De 19711 | | | Various dates, Trade Payable Vendor | | | | $201.92 |
| ACCOUNT NO.    5530 9590 0003 2 | | | | | | | |
| Citizens Bank P.O. Box 9665, Providence, RI 02940-9665 | | | Various dates, Trade Payable Vendor | | | | $189.03 |

In re:  Catholic Diocese of Wilmington, Inc.
Debtor

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | |
|---|---|---|---|---|---|---|
| **ACCOUNT NO.**   AccRec# 00052-Y<br><br>ADP,INC<br>PO Box 9001006, Louisville, KY<br>40290-1006 | | | Various dates, Trade Payable<br>Vendor | | | $187.64 |
| **ACCOUNT NO.**   2588 9009 9991<br><br>Delmarva Power<br>P.O.Box 17000, Wilmington, DE<br>19886 | | | Various dates, Trade Payable<br>Vendor | | | $175.41 |
| **ACCOUNT NO.**<br><br>William Sadlier, Inc<br>P.O. Box 4050, Buffalo, NY 14240-<br>4050 | | | Various dates, Trade Payable<br>Vendor | | | $167.66 |
| **ACCOUNT NO.**<br><br>Addressing & Mailing Co. Inc.<br>P.O. Box 11965, Wilmington, DE<br>19850 | | | Various dates, Trade Payable<br>Vendor | | | $140.58 |
| **ACCOUNT NO.**<br><br>A.J. Dauphin & Son, Inc<br>3313 Elizabeth Ave, Wilmington,<br>DE 19808 | | | Various dates, Trade Payable<br>Vendor | | | $135.00 |
| **ACCOUNT NO.**   79-009-7878-9<br><br>Shell<br>Processing Center, P.O. Box<br>689010, Des Moines, IA 50368-<br>9010 | | | Various dates, Trade Payable<br>Vendor | | | $129.39 |
| **ACCOUNT NO.**<br><br>David Ifkovits<br>121 Parrish Lane, Wilmington, DE<br>19810 | | | Various dates, Trade Payable<br>Vendor | | | $125.00 |
| **ACCOUNT NO.**   3552-0000<br><br>Parkowski, Guerke & Swayze<br>P O Box 598, 116 W Water Street,<br>Dover, DE 19903 | | | Various dates, Trade Payable<br>Vendor | | | $125.00 |
| **ACCOUNT NO.**   5530 9590 0003 2<br><br>Citizens Bank<br>P.O. Box 9665, Providence, RI<br>02940-9665 | | | Various dates, Trade Payable<br>Vendor | | | $115.94 |

In re:  **Catholic Diocese of Wilmington, Inc.**
Debtor

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   5530 9500 0015 7<br><br>Citizens Bank<br>P.O. Box 9665, Providence, RI 02940-9665 | | | Various dates, Trade Payable Vendor | | | | $114.74 |
| ACCOUNT NO.   27778<br><br>City of Salisbury<br>125 N Division St, Salisbury, MD 21801-4940 | | | Various dates, Trade Payable Vendor | | | | $112.22 |
| ACCOUNT NO.   2681 6819 9993<br><br>Delmarva Power<br>P.O.Box 17000, Wilmington, DE 19886 | | | Various dates, Trade Payable Vendor | | | | $111.70 |
| ACCOUNT NO.   6011 1000 1667 4<br><br>Staples Credit Plan<br>Dept.00-01667468, P.O. Box 6721, The Lakes, NV 88901-6721 | | | Various dates, Trade Payable Vendor | | | | $111.28 |
| ACCOUNT NO.<br><br>Julie Russell<br>1147 Webster Drive, Wilmington, DE 19803 | | | Various dates, Trade Payable Vendor | | | | $100.00 |
| ACCOUNT NO.   79-009-7878-9<br><br>Shell<br>Processing Center, P.O. Box 689010, Des Moines, IA 50368-9010 | | | Various dates, Trade Payable Vendor | | | | $99.01 |
| ACCOUNT NO.<br><br>Margaret Douglas<br>105 Roosevelt Ave, Tuxedo Park, Wilmington, DE 19804 | | | Various dates, Trade Payable Vendor | | | | $84.96 |
| ACCOUNT NO.   MEE103<br><br>W. B. Mason Co., Inc.<br>59 Centre Street, Brockton, MA 02303 | | | Various dates, Trade Payable Vendor | | | | $81.04 |
| ACCOUNT NO.   2681 6799 9997<br><br>Delmarva Power<br>P.O.Box 17000, Wilmington, DE 19886 | | | Various dates, Trade Payable Vendor | | | | $76.38 |

In re:  Catholic Diocese of Wilmington, Inc.          Case No. 09-13560
Debtor

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| ACCOUNT NO. | | | | | | | |
|---|---|---|---|---|---|---|---|
| Lois B. Steele | | | Various dates, Trade Payable Vendor | | | | $71.50 |
| ACCOUNT NO. | | | | | | | |
| Copyland Imaging Systems 21 E. Broad Street, Palmyra, NJ 8065 | | | Various dates, Trade Payable Vendor | | | | $69.95 |
| ACCOUNT NO.   19746123364921 | | | | | | | |
| Crystal Springs P.O. Box 660579, Dallas, TX 75266-0579 | | | Various dates, Trade Payable Vendor | | | | $68.52 |
| ACCOUNT NO.   5530 9590 0001 3 | | | | | | | |
| Citizens Bank P.O. Box 9665, Providence, RI 02940-9665 | | | Various dates, Trade Payable Vendor | | | | $68.26 |
| ACCOUNT NO.   79-009-7878-9 | | | | | | | |
| Shell Processing Center, P.O. Box 689010, Des Moines, IA 50368-9010 | | | Various dates, Trade Payable Vendor | | | | $64.03 |
| ACCOUNT NO. | | | | | | | |
| Staples Advantage P.O. Box 95708, Chicago, IL 60694-5708 | | | Various dates, Trade Payable Vendor | | | | $54.61 |
| ACCOUNT NO.   19771673368991 | | | | | | | |
| Crystal Springs P.O. Box 660579, Dallas, TX 75266-0579 | | | Various dates, Trade Payable Vendor | | | | $50.55 |
| ACCOUNT NO. | | | | | | | |
| Terry Lafferty 1261 S Farmview Dr, Dover, DE 19904 | | | Various dates, Trade Payable Vendor | | | | $50.00 |
| ACCOUNT NO. | | | | | | | |
| Sigma Data Systems, Inc. 197 Possum Park Road, Newark, DE 19711 | | | Various dates, Trade Payable Vendor | | | | $47.50 |

B6F (Official Form 6F) (12/07)

In re:  Catholic Diocese of Wilmington, Inc.
Debtor

Case No. 09-13560

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**    1183-3150-8<br><br>FEDEX<br>P.O. Box 371461, Pittsburgh, PA 15250-7461 | | | Various dates, Trade Payable Vendor | | | | $45.27 |
| **ACCOUNT NO.**    19746193364922<br><br>Crystal Springs<br>P.O. Box 660579, Dallas, TX 75266-0579 | | | Various dates, Trade Payable Vendor | | | | $42.86 |
| **ACCOUNT NO.**<br><br>St. Jude Shop, Inc.<br>21 Brookline Boulevard, Havertown, PA 19083 | | | Various dates, Trade Payable Vendor | | | | $38.85 |
| **ACCOUNT NO.**    689.15861<br><br>Neighborcare-Annapolis Jct, MD<br>P.O. Box 740391, Cincinnati, OH 45274-0391 | | | Various dates, Trade Payable Vendor | | | | $38.38 |
| **ACCOUNT NO.**<br><br>NCCL<br>125 Michigan Ave NE, Washington, DC 20017 | | | Various dates, Trade Payable Vendor | | | | $36.86 |
| **ACCOUNT NO.**    09509 292511-01-<br><br>Comcast<br>P.O. Box 3005, Southeastern, PA 19398-3005 | | | Various dates, Trade Payable Vendor | | | | $36.85 |
| **ACCOUNT NO.**    5530 9590 0003 2<br><br>Citizens Bank<br>P.O. Box 9665, Providence, RI 02940-9665 | | | Various dates, Trade Payable Vendor | | | | $35.00 |
| **ACCOUNT NO.**    19745863364920<br><br>Crystal Springs<br>P.O. Box 660579, Dallas, TX 75266-0579 | | | Various dates, Trade Payable Vendor | | | | $32.58 |
| **ACCOUNT NO.**    816293<br><br>Catholic News Service<br>P.O. Box 96428, Washington, DC 20090-6428 | | | Various dates, Trade Payable Vendor | | | | $31.94 |

B6F (Official Form 6F) (12/07)

In re: **Catholic Diocese of Wilmington, Inc.**
Debtor

Case No. 09-13560

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | |
|---|---|---|---|---|---|
| ACCOUNT NO. 302 656-8615 398<br>Verizon<br>PO Box 660748, Dallas, TX 75266-0748 | | Various dates, Trade Payable Vendor | | | $31.56 |
| ACCOUNT NO.<br>Nova Records Management, LLC<br>PO Box 1628, Southeastern, PA 19399 | | Various dates, Trade Payable Vendor | | | $28.45 |
| ACCOUNT NO. 19746123364921<br>Crystal Springs<br>P.O. Box 660579, Dallas, TX 75266-0579 | | Various dates, Trade Payable Vendor | | | $23.96 |
| ACCOUNT NO. 1183-3150-8<br>FEDEX<br>P.O. Box 371461, Pittsburgh, PA 15250-7461 | | Various dates, Trade Payable Vendor | | | $23.79 |
| ACCOUNT NO.<br>Locks & Protection Devices Inc<br>109 Brookside Drive, Wilmington, DE 19804 | | Various dates, Trade Payable Vendor | | | $21.00 |
| ACCOUNT NO.<br>Locks & Protection Devices Inc<br>109 Brookside Drive, Wilmington, DE 19804 | | Various dates, Trade Payable Vendor | | | $21.00 |
| ACCOUNT NO. 19745533365007<br>Crystal Springs<br>P.O. Box 660579, Dallas, TX 75266-0579 | | Various dates, Trade Payable Vendor | | | $20.60 |
| ACCOUNT NO. 001-9003709-002<br>Ricoh Americas Corporation<br>P.O. Box 6434, Carol Stream, IL 60197-6434 | | Various dates, Trade Payable Vendor | | | $18.90 |
| ACCOUNT NO.<br>G.I.A. Publications, Inc.<br>7404 South Mason Avenue, Chicago, IL 60638 | | Various dates, Trade Payable Vendor | | | $18.00 |

In re:  **Catholic Diocese of Wilmington, Inc.**                                    Case No. 09-13560
Debtor

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| ACCOUNT NO. 19745533365007 | | | Various dates, Trade Payable Vendor | | | | $17.97 |
|---|---|---|---|---|---|---|---|
| Crystal Springs P.O. Box 660579, Dallas, TX 75266-0579 | | | | | | | |
| ACCOUNT NO. 19795513225887 | | | Various dates, Trade Payable Vendor | | | | $17.75 |
| Crystal Springs P.O. Box 660579, Dallas, TX 75266-0579 | | | | | | | |
| ACCOUNT NO. | | | Various dates, Trade Payable Vendor | | | | $10.09 |
| United Parcel Service P.O. Box 7247-0244, Philadelphia, PA 19170-0001 | | | | | | | |
| ACCOUNT NO. | | | Various dates, Trade Payable Vendor | | | | $8.75 |
| Chesapeake Utilities Corp. P.O. Box 1678, Salisbury, MD 21802-1678 | | | | | | | |
| ACCOUNT NO. | | | Various dates, Trade Payable Vendor | | | | $8.27 |
| Private School Aid Service 909 Canterbury Road,Suite P, Westlake, OH 44145 | | | | | | | |
| ACCOUNT NO. 5530 9590 0003 2 | | | Various dates, Trade Payable Vendor | | | | $7.50 |
| Citizens Bank P.O. Box 9665, Providence, RI 02940-9665 | | | | | | | |
| ACCOUNT NO. 19754803364938 | | | Various dates, Trade Payable Vendor | | | | $6.75 |
| Crystal Springs P.O. Box 660579, Dallas, TX 75266-0579 | | | | | | | |
| ACCOUNT NO. 302 655-0597 272 | | | Various dates, Trade Payable Vendor | | | | $6.08 |
| Verizon PO Box 660748, Dallas, TX 75266-0748 | | | | | | | |
| ACCOUNT NO. 19752503364936 | | | Various dates, Trade Payable Vendor | | | | $3.38 |
| Crystal Springs P.O. Box 660579, Dallas, TX 75266-0579 | | | | | | | |

In re: **Catholic Diocese of Wilmington, Inc.**                         Case No. 09-13560
**Debtor**

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| | | | | | | |
|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 19752503364936<br><br>Crystal Springs<br>P.O. Box 660579, Dallas, TX<br>75266-0579 | | | Various dates, Trade Payable Vendor | | | $3.37 |
| **ACCOUNT NO.** 09509 154773-01-<br><br>Comcast<br>P.O. Box 3005, Southeastern, PA<br>19398-3005 | | | Various dates, Trade Payable Vendor | | | $2.50 |

90,051,835.42

# SCHEDULE G – EXECUTORY CONTRACTS AND UNEXPIRED LEASES

       Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Msgr. Joseph Rebman<br>Pastor, St. Joseph on the Brandywine Parish<br>10 Old Church Road<br>Greenville, DE 19807 | Rental of the former convent at St. Joseph on the Brandywine<br>8 Old Church Road<br>Greenville, MD 19807 |
| School Systems group of Pearson<br>10911 White Rock Road, Suite 200<br>Rancho Cordova, CA 95670 | PowerSchool© system used by Diocese schools |
| Waste Management<br>6994 Columbia Gateway Drive, Suite 200<br>Columbia, MD 21046<br><br>Account # 276-8819 | Non-Hazardous Waste Collection at CDOW office |
| Waste Management<br>6994 Columbia Gateway Drive, Suite 200<br>Columbia, MD 21046<br><br>Account # 276-8820 | Non-Hazardous Waste Collection at CDOW office |
| Summit Mechanical, Inc.<br>PO Box 1398<br>Bear, DE 19701 | Non-residential HVAC Maintenance |
| Washington Gas Energy Services<br>1 Texas Station Court, Suite 230<br>Timonium, MD 21093<br><br>Account: 1925 Delaware | Electricity |
| Washington Gas Energy Services<br>1 Texas Station Court, Suite 230<br>Timonium, MD 21093<br><br>Account: 1626 N Union | Electricity |
| Blackbaud<br>PO Box 930256<br>Atlanta, GA 31193-0256 | Raisers Edge 7 Software<br>Maintenance Agreement |
| Wells Fargo Financial Leasing<br>604 Locust St.<br>Des Moines, IA 50309-3705 | Office Equipment Lease #0060000376-003<br>Kyocera copier |
| Ricoh Business Solutions<br>5 Dedrick Place<br>West Caldwell, NJ 07006 | Office Equipment Lease<br>Ricoh copier with attached tray and stapler |

In re: **Catholic Diocese of Wilmington, Inc.**                                    Case No. 09-13560
**Debtor**

# SCHEDULE H – CODEBTORS

·Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

## DECLARATION CONCERNING DEBTORS' SCHEDULES

I, Joseph P. Corsini, the CFO and Treasurer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules consisting of 33 sheets, and that they are true and accurate to the best of my knowledge, information and belief.

Date: November 24, 2009
Wilmington, DE

Joseph P. Corsini
CFO and Treasurer
Catholic Diocese of Wilmington, Inc.

Form 6B Personal Property
Line 4 - Household goods and furnishings, including audio, video, and computer equipment.

## Inventory of 1307 N. Bancroft Pkwy

GARAGE
30x30 Upright Refrigerator/Freezer (GE Model)

PORCH
3 x 4 Glass top black iron table
6 Black iron chairs
2 Small black iron accent tables
4 Blade ceiling fan
1 Black iron lamp

LAUNDRY ROOM
27 inch Maytag Dryer
27 inch Maytag Washer
24 x 24 Basin sink

KITCHEN
15 x 21 Microwave Oven (Litton Model)
30 x 33 Whirlpool Refrigerator/Freezer (Side by Side)
24 inch Kitchen Aid Dishwasher
30 inch Hot Point electric stove
42 x 60 Kitchen table with 4 chairs

DINING ROOM
4 x 6 Table with 8 chairs
5 Light chandelier
18 x 68 serving base table
16 x 52 End table
9 x 12 Area carpet

FAMILY ROOM
TV stand
2 lamps
2  32 inch recliner chairs
1 3 x 5 sofa
8 x 10 carpet with pad
2 21 x 26 accent tables
1 HP 1050 fax machine

LIVING ROOM
6 foot Grandfather clock with chimes
4 table lamps
2 23 x 23 accent tables
2 5 ft. sofas
1 7 ft. sofa
2 30 inch arm chairs
1 14 x 54 table
1 18 x 36 table
1 20 x 42 table
1 21 x 55 coffee table
1 10 x 18 carpet with pad

FRONT ENTRANCE
1 Lamp
1 11x 30 Table

BEDROOM (1)
1 18x 36 x 53   6 Drawer dresser
1 Double Bed with headboard & footboard
1 16 x 16 table
1 lamp
1 floor lamp
1 24 inch sitting chair

BEDROOM (2)
2 table lamps
1 22 x 27 table
1 16 x 24 accent table

BEDROOM (3)
1 Queen Bed with headboard
3 table lamps
1 floor lamp
1 5 Drawer dresser 22 x 42 x 48
1 sitting chair 24 x 24
1 17 x 26 accent table
1 21 x 64 x 33 Dresser with mirror

HALLWAY
1 15 x26 x 34 table
1 small lamp

BASEMENT
39 x 138 glass top conference table with 10 chairs
24 x 75 glass top table
23 x 39 glass top table
22 x 60 x 74 Hutch Cabinet
1 16 x 26 accent table
2  26 inch sitting chairs
2  small arm chairs
20 x 50 coffee table
17 x 18 Kenmore refrigerator

CHAPEL
24 x 60 Marble Altar
7 kneeling stands
6 small chairs
2 27 inch high back chairs
1 Bible Stand
19 x 66 x 38 iron table behind altar
2 statues on wall

## CATHOLIC DIOCESE OF WILMINGTON. INC.
## INVENTORY OF UNION STREET WILMINGTON TRUST SAFE DEPOSIT BOX

### Rings
- Gold oval shaped emerald ring – no inscription
- Gold ring with yellow stone 2 different coats of arms on sides
- Gold emerald ring with initials "TJM"
- Gold amethyst ring with initials "RBO" and" 1/21/65"
- Gold amethyst ring with initials "HJC" (chipped)
- Gold amethyst and diamond ring surrounded by diamond chips with initials "MWH"
- Gold amethyst oval shaped ring with initials "EJF"
- Gold ring with chipped yellow stone "EJF"
- Gold amethyst oval shaped ring - angels on side "EJF"
- Gold square amethyst ring initials "WJS" to "MWH"

### Crosses
- Ivory colored cross - EJF
- Gold Bishop's cross (jeweled) Blessed Mother in Center with initials "EJF" and date "11/30/25"
- Gold cross with emerald center and gold chain. Bishop Thomas J. Mardaga, gift 1/25/67
- Gold cross with amethyst center and heavy .gold chain-with initials "MWH" 9/24/58
- Gold cross with rounded edges with 6 amethyst stones - - no date or inscription - no chain,
- Silver cross and chain with initials "EJF" "Canterbury 1926".
- Gold cross with 3 diamonds and 1 smaller diamond, initials "EJF"

### Chalices
- Chalice – Rev. Richard Gardner 5-4-68 8-26-16 (imbedded gold ring)
- One Gold Pattern
- Four other chalices

Catholic Diocese of Wilmington, Inc.  Case No. 09-13560
Form 6B Personal Property
Line 14 – General Unrestricted Funds

| CDW Number | Name | Ending Mkt. Value |
|---|---|---|
| F0010 | GENERAL OPERATING INCOME & EXP | 0.00 |
| F0020 | CHARITY FUND | 1,335,216.95 |
| F0030 | SECURITY FUND | 2,262,946.26 |
| F0035 | SPECIAL LIABILITY FUND | 1.00 |
| F0040 | DOUGHERTY FUND | 277,269.43 |
| F0050 | INSURANCE RETENTION FUND | 222,108.38 |
| F0055 | WORKERS COMPENSATION INSURANCE | 59,546.30 |
| F0060 | PRIESTS' INSURANCE RESERVE | 0.00 |
| F0080 | LAY INSURANCE RESERVE | 3,497,715.66 |
| F0105 | LAY PENSION PLAN | 3,844,151.45 |
| F0120 | SETTLEMENT ACCOUNT | 0.00 |
| F0160 | BISHOP MARDAGA BEQUEST FUND | 123,922.20 |
| F0180 | AGED FUND (DEVINE) | 3,647,654.41 |
| F0190 | OTT TRUST | 4,343.87 |

Catholic Diocese of Wilmington, Inc.

Form 6B Personal Property
Line 25 - Automobiles, trucks, trailers, and other vehicles and accessories.

| Year Make and Model | Miles | Fair | Good | Act. Sold For |
|---|---|---|---|---|
| 2000 Buick Century | 59,233 | 2,000 | 3,000 | |
| 2002 Chrysler Sebring | 68,258 | 2,000 | 3,000 | |
| 2003 Chrysler Town & Country | 135,173 | 1,800 | 2,800 | 1,000 |
| 2004 GMC Envoy | 66,385 | 7,000 | 8,000 | |
| 2005 Chrysler Town & Country | est. 80,000 | 3,800 | 5,000 | |
| 2005 Chevy Impala | 106,585 | 2,500 | 3,500 | |
| 2006 Buick Lacrosse | 59,625 | 7,000 | 8,300 | |
| 2007 Mercury Grand Marquis | 38,265 | 8,000 | 9,500 | 9,000 |
| 2007 Honda Accord | 31,975 | 11,000 | 13,000 | |
| | | 45,100 | 56,100 | 10,000 |

All values were calculated using the Kelley Blue Book site (www.kbb.com). All vehicles were considered between Fair and Good condition.

Catholic Diocese of Wilmington, Inc.                                    Case No. 09-13560
Form 6B Personal Property
Line 28 - Office equipment, furnishings, and supplies.

**Office Equipment Inventory**

75 Cisco VOIP phone handsets

2 Cisco VOIP sidecars

67 laptop and desktop PCs

50 PC monitors

50 printers

Estimated value $20,000

**Office Furniture Inventory**

|  | 1626 N Union St | 1925 Delaware Av | Total |  |  |  |
|---|---|---|---|---|---|---|
| Desks | 23 | 39 | 62 | @ | $75.00 = | $4,650.00 |
| Chairs | 180 | 171 | 351 | @ | $20.00 = | $7,020.00 |
| Book Cases | 41 | 36 | 77 | @ | $15.00 = | $1,155.00 |
| Tables | 52 | 21 | 73 | @ | $15.00 = | $1,095.00 |
| Filing Cabinets | 101 | 98 | 199 | @ | $15.00 = | $2,985.00 |
| Credenzas | 6 | 17 | 23 | @ | $10.00 = | $230.00 |
| Work Stations | 11 | 10 | 21 | @ | $10.00 = | $210.00 |
|  |  |  |  |  |  | $17,345.00 |