
ORIGINAL

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CATHOLIC DIOCESE OF WILMINGTON, ) | Case No. 09-13560 (CSS) |
| INC., a Delaware Corporation,[1] ) | |
| ) | |
| Debtor. ) | Re: Docket Nos. 12 & 41 |
| ) | |

**FINAL ORDER AUTHORIZING (I) PAYMENT OF PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION; (II) REIMBURSEMENT OF PREPETITION EMPLOYEE BUSINESS EXPENSES; (III) CONTRIBUTIONS TO PREPETITION EMPLOYEE BENEFIT PROGRAMS AND CONTINUATION OF SUCH PROGRAMS IN THE ORDINARY COURSE; (IV) PAYMENT OF WORKERS' COMPENSATION OBLIGATIONS; (V) PAYMENTS FOR WHICH PREPETITION PAYROLL DEDUCTIONS WERE MADE; (VI) PAYMENT OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; AND (VII) PAYMENT TO THIRD PARTIES OF ALL AMOUNTS INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS**

Upon consideration of the Motion[2] of the above-captioned Debtor for entry of an order pursuant to sections 105(a), 363(b), 507(a)(4) and 507(a)(5) of title 11 of the United States Code (the "Bankruptcy Code"): (a) authorizing, but not directing, the Debtor, in accordance with its stated policies and sole discretion, to: (i) pay all prepetition employee wages, salaries and other accrued compensation, (ii) reimburse all prepetition employee business expenses, (iii) make all contributions to prepetition benefit programs and continue such programs in the ordinary course of business, (iv) honor workers' compensation obligations, (v) make all payments for which prepetition payroll deductions were made, (vi) pay all processing costs and administrative expenses relating to the foregoing payments and contributions, and (vii) make all payments to third parties incident to the foregoing payments and contributions; and (b)

---

[1] The last four digits of the Debtor's federal tax identification number are 5439. The Debtor's mailing address is 1925 Delaware Avenue, P.O. Box 2030, Wilmington, Delaware 19899-2030.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Motion.

authorizing Banks and financial institutions to receive, process and honor all checks and electronic payment requests relating to the foregoing; and upon consideration of the *Declaration of the Reverend Monsignor J. Thomas Cini in Support of Chapter 11 Petition and First-Day Relief* (the "Cini Declaration") and the entire record of this chapter 11 case; and the Court having previously entered an *Interim Order Authorizing (I) Payment of Prepetition Employee Wages, Salaries, and Other Compensation; (II) Reimbursement of Prepetition Employee Business Expenses; (III) Contributions to Prepetition Employee Benefit Programs and Continuation of Such Programs in the Ordinary Course; (IV) Payment of Workers' Compensation Obligations; (V) Payments for Which Prepetition Payroll Deductions Were Made; (VI) Payment of All Costs and Expenses Incident to the Foregoing Payments and Contributions; and (VII) Payment to Third Parties of All Amounts Incident to the Foregoing Payments and Contributions* [Docket No. 41]; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Motion is in the best interests of the Debtor, its creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED on a final basis as set forth herein and as clarified on the record at the hearing held on October 21, 2009.

2. The Debtor is authorized, but not directed, in its sole discretion, to continue to honor and pay in the ordinary course, and to pay any and all prepetition amounts relating to, the (i) Unpaid Compensation, (ii) Reimbursable Expenses, (iii) Deductions, (iv) Withheld Amounts, (v) Payroll Taxes, (vi) the Workers' Compensation Program and (vii) Employee Benefits, including, the (a) Group Health Insurance Plan, (b) Leave Pay, and (c)

Group Long-Term Disability Insurance that have been earned, accrued or vested in accordance with the Bankruptcy Code, in amounts not to exceed those set forth herein, and with no payment to any Employee exceeding the $10,950 statutory cap set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, as applicable.

3. The Debtor is authorized, but not directed, in its sole discretion, to pay the Unpaid Compensation in the ordinary course and in accordance with its prepetition practices and policies in an amount not to exceed $216,000 without further order of this Court.

4. The Debtor is authorized, but not directed, in its sole discretion, to pay all prepetition Reimbursable Expenses in accordance with its prepetition practices and policies in an amount not to exceed $10,000 without further order of this Court.

5. To the extent that any Deductions that accrued prior to September 30, 2009 remain unpaid as of the Petition Date, the Debtor is authorized to remit any such Deductions to the applicable third party, in an amount not to exceed $11,000. The Debtor is authorized to remit any deductions that accrued between September 30, 2009 and the Petition Date to the applicable third party in an amount not to exceed $7,000.

6. The Debtor is authorized to continue to honor and process the prepetition obligations with respect to the Payroll Taxes in an amount not to exceed $55,000 without further order of this Court and to forward the Withheld Amounts to the appropriate taxing authorities, in the ordinary course of business, as routinely done prior to the Petition Date.

7. The Debtor is authorized, but not directed, in its sole discretion, to pay all amounts related to the Workers' Compensation Program, in an amount not to exceed $30,000 without further order of this Court, that arose prior to the Petition Date, as they become due, in

the ordinary course of the Debtor's business, and the Debtor is authorized, but not directed, in its sole discretion, to continue the Workers' Compensation Program.

8. The Debtor is authorized, but not directed, in its sole discretion, to honor and pay all prepetition amounts related to the Employee Benefits, in the ordinary course of business, and is authorized, but not directed, in its sole discretion, to continue the Employee Benefits programs in accordance with its prepetition policies and practices, in an amount not to exceed $566,500 in the aggregate without further order of this Court.

9. The Debtor is authorized, but not directed, in its sole discretion, to pay all prepetition processing fees associated with, and all costs incident to, payment of the Employee Wages and Benefits, including, without limitation, any Reimbursable Expenses.

10. The Debtor is authorized, but not directed, in its sole discretion, to make all payments to third parties incident to payment of the Employee Wages and Benefits, including, without limitation, the Reimbursable Expenses.

11. The Debtor's Banks shall be, and hereby are, authorized, when requested by the Debtor in its sole discretion, to process, honor and pay any and all checks or electronic fund transfers drawn on the Debtor's bank accounts to pay any payments approved by this Order, including, without limitation, those related to the Employee Wages and Benefits, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.

12. The Debtor's Banks may rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor, as provided for in this Order.

13. Nothing in this Motion or this Order shall be construed as impairing the Debtor's right or ability to contest any of the amounts or obligations arising from or related to the Employee Wages and Benefits, and any and all of the Debtor's rights with respect thereto are hereby reserved.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
January 4, 2010

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE