IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )|
| CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware Corporation,[4] | ) Case No. 09-13560 (CSS) ) ) |
| Debtor. | ) Ref. Docket No. 137 ) |

**STIPULATED ORDER DISMISSING DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR (I) TO CONTINUE PROVIDING PENSIONS, SUSTENANCE AND/OR MEDICAL COVERAGE IN THE ORDINARY COURSE TO CERTAIN RETIRED OR REMOVED PRIESTS ACCUSED OF SEXUAL ABUSE, AND (II) TO USE CERTAIN RESTRICTED ASSETS TO PAY PREPETITION PRIEST PENSION OBLIGATIONS**

Pursuant to Fed. R. Civ. P. 41(a)(2), made applicable to these proceedings pursuant to Fed. R. Bankr. P. 9014 and 7041, the above-captioned debtor and debtor in possession (the "Debtor"), the Official Committee of Unsecured Creditors (the "Committee"), and the Unofficial Committee of Abuse Survivors[5] (the "Abuse Survivors" and, together with the Debtor and the Committee, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows, subject to approval by the Bankruptcy Court (the "Stipulated Order"):

### RECITALS

WHEREAS, the Abuse Survivors objected to certain first-day relief sought by the Debtor in the above-captioned case to the extent it would authorize the Debtor to make any direct

---

[4]    The last four digits of the Debtor's federal tax identification number are 5439. The Debtor's mailing address is 1925 Delaware Avenue, P.O. Box 2030, Wilmington, Delaware 19899-2030.

[5]    The Unofficial Committee of Abuse Survivors is composed of abuse survivors represented by the Neuberger Firm, P.A., and Jacobs & Crumplar, P.A.

or indirect payments or provide any form of consideration to any person identified by the Debtor as an admitted, substantiated or credibly accused abuser [see D.I. 23 at 11];

WHEREAS, on the record of the October 21, 2009, first-day hearing in the above-captioned case, the Debtor agreed that it would not provide any payment or other consideration to any person who had been accused of sexual abuse of minors (such persons, "Accused Abusers") without first obtaining authority from the Bankruptcy Court to do so;

WHEREAS, on November 19, 2009, the Debtor filed its *Motion for Order Authorizing Debtor (I) to Continue Providing Pensions, Sustenance and/or Medical Coverage in the Ordinary Course to Certain Retired or Removed Priests Accused of Sexual Abuse, and (II) to Use Certain Restricted Assets to Pay Prepetition Priest Pension Obligations* [D.I. 137] (the "Motion"), in which the Debtor sought authority:

(i) to continue providing pension, medical and/or housing benefits (as applicable) to Rev. James E. Richardson ("Fr. Richardson"), Rev. Douglas W. Dempster ("Dempster"), and Rev. John A. Sarro ("Sarro"), in the ordinary course;

(ii) to continue providing medical benefits to Rev. Joseph A. McGovern ("McGovern"), Rev. Charles W. Wiggins ("Wiggins"), Rev. Kenneth J. Martin ("Martin"), and Francis G. DeLuca ("DeLuca") in the ordinary course;

(iii) to provide such sustenance payments to Wiggins, McGovern, and Martin as the Debtor, in its sole discretion, determines are required by Canon Law; and

(iv) to pay the prepetition portion of the Debtor's October 2009 pension obligations ("Stub Period Pensions")[6] and prepetition amounts relating to the housing of Sarro from the Priest Pension Fund;[7]

WHEREAS, Dempster, Sarro, McGovern, Wiggins, Martin, and DeLuca were each identified by Bishop Saltarelli on November 16, 2006, as among the 18 diocesan priests

---

[6] Individuals asserted to be owed Stub Period Pensions, and the amount of such asserted payments, were identified on Schedule F of the Debtor's Schedules of Assets and Liabilities [D.I. 146, amended by D.I. 200] with the description "Priest pension 10/01/2009-10/18/2009".

[7] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

against whom there were admitted, corroborated, or otherwise substantiated allegations of sexual abuse of minors;

WHEREAS, Fr. Richardson was accused of sexual abuse of a minor in a lawsuit filed anonymously by "John Yoe #1" in June 2009 and had his priestly faculties temporarily suspended pending an investigation commissioned by the Diocesan Review Board, which investigation did not include an interview with the survivor, for reasons that are disputed and/or the significance of which is disputed. The investigation commissioned by the Diocesan Review Board concluded the allegations against Fr. Richardson were not credible and Fr. Richardson's priestly faculties have since been restored;

WHEREAS, on December 15, 2009, the Committee filed its *Opposition of the Official Committee of Unsecured Creditors to Debtor's Motion for Order Authorizing the Debtor (I) To Continue Providing Pensions, Sustenance and/or Medical Coverage in the Ordinary Course to Certain Retired or Removed Priests Accused of Sexual Abuse; and (II) To Use Certain Restricted Funds to Pay Prepetition Priest Pension Obligations* [D.I. 188];

WHEREAS on December 15, 2009, the Abuse Survivors filed their *Joinder to Opposition of the Official Committee of Unsecured Creditors to Debtor's Motion for Order Authorizing the Debtor (i) to Continue Providing Pensions, Sustenance and/or Medical Coverage in the Ordinary Course to Certain Retired or Removed Priests Accused of Sexual Abuse; and (ii) to Use Certain Restricted Funds to Pay Prepetition Priest Pension Obligations* [D.I. 189];

WHEREAS, on January 27, 2010, the Committee served the Debtor with its *Supplemental Opposition of the Official Committee of Unsecured Creditors to Debtor's Motion for Order Authorizing the Debtor (I) to Continue Providing Pensions, Sustenance and/or*

*Medical Coverage in the Ordinary Course to Certain Retired or Removed Priests Accused of Sexual Abuse; and (II) to Use Certain Restricted Funds to Pay Pre petition Priest Pension Obligations*, which was filed under seal;;

WHEREAS on January 27, 2010 the Abuse Survivors filed their *Joinder by the Abuse Survivors to the Supplemental Opposition of the Official Committee of Unsecured Creditors to Debtor's Motion for Order Authorizing the Debtor (I) to Continue Providing Pensions, Sustenance and/or Medical Coverage in the Ordinary Course to Certain Retired or Removed Priests Accused of Sexual Abuse; and (II) to Use Certain Restricted Funds to Pay Prepetition Priest Pension Obligations, Addressing the Religion Clauses of the First Amendment* [D.I. 290];

WHEREAS on February 2, 2010 the Committee filed the *Appendix to [Redacted] Opposition of the Official Committee of Unsecured Creditors to Debtor's Motion for an Order Authorizing the Debtor (I) To Continue Providing Pensions, Sustenance and/or Medical Coverage in the Ordinary Course to Certain Retired or Removed Priests Accused of Sexual Abuse; and (II) To Use Certain Restricted Funds to Pay Prepetition Priest Pension Obligations* [D.I. 312], which the Committee had previously served upon the Debtor, and the *Appendix to Supplemental Opposition of the Official Committee of Unsecured Creditors to the Debtor's Motion for Order Authorizing the Debtor (I) to Continue Providing Pensions, Sustenance and/or Medical Coverage in the Ordinary Course to Certain Retired or Removed Priests Accused of Sexual Abuse; and (II) to Use Certain Restricted Funds to Pay Prepetition Priest Pension Obligations* [D.I. 311, with documents filed under seal];

WHEREAS, on February 2, 2010, the Debtor filed the *Debtor's Omnibus Reply to Certain Objections to the Debtor's Motion for Order Authorizing the Debtor (I) to Continue*

*Providing Pensions, Sustenance an/or Medical Coverage in the Ordinary Course to Certain Retired or Removed Priests Accused of Sexual Abuse; and (II) to Use Certain Restricted Funds to Pay Prepetition Priest Pension Obligations* [D.I. 310];

WHEREAS pursuant to the Bankruptcy Court's Scheduling Order dated January 29, 2010 [D.I. 302], an evidentiary hearing concerning the Motion is scheduled to begin February 22, 2010;

WHEREAS, the Debtor, the Committee, and the Abuse Survivors have agreed to the withdrawal of the Motion, subject to the terms and conditions set forth below and the Court's approval thereof:

## STIPULATION

1. **Effectiveness.** This Stipulated Order shall become effective immediately upon its entry as "So Ordered" by the Bankruptcy Court.

2. **Dismissal of Motion.** The Motion is hereby DISMISSED, such dismissal being With Prejudice (as defined below) as to the Debtor's request for authority to provide payments, benefits, sustenance, charity, or consideration of any kind to, on behalf of, or for the benefit of Dempster, Sarro, McGovern, Wiggins, Martin, and DeLuca. For purposes of the preceding sentence, "With Prejudice" means that the Debtor, for the duration of this chapter 11 case: (a) shall not seek authority from this Court to provide, and shall not provide, any payment, benefits, sustenance, charity, or consideration of any kind to, on behalf of, or for the benefit of Dempster, Sarro, McGovern, Wiggins, Martin, or DeLuca, including, but not limited to, payment of pensions, medical benefits, death benefits, insurance benefits, housing, nursing care, psychological or other counseling, prescription reimbursement, sustenance, or charity; and (b) shall not join or otherwise support any request by, on behalf of, or for the benefit of

Dempster, Sarro, McGovern, Wiggins, Martin, or DeLuca to obtain any payment, benefit, sustenance, charity, or consideration of any kind from the Debtor, including, but not limited to, any claim by a third party provider of any benefit of any kind, including, but not limited to, insurance, housing, medical care, or psychological counseling.

3. **Payments to Fr. Richardson.** Subject fully to paragraph 5 hereof, the Debtor is hereby authorized, but not directed, to provide pension and medical benefits to Fr. Richardson in the ordinary course, and to pay the Stub Period Pension to Fr. Richardson, in the amount set forth in **Exhibit A**, attached hereto..

4. **Payment of Certain Stub Period Pensions.** Subject fully to paragraph 5 hereof, the Debtor is hereby authorized, but not directed, to pay the Stub Period Pensions to the parties and in the amounts set forth in the schedule attached hereto as **Exhibit A**.

5. **No Admissions/Findings.** Nothing in this Stipulated Order shall constitute an admission or finding: (a) that the provision of pension, medical and/or housing benefits to retired or removed clergy is (or is not) within the ordinary course of the Debtor's business for purposes of § 363(c)(1) of the Bankruptcy Code; (b) that the Priest Pension Fund is, or is not, held in trust or otherwise subject to legally enforceable restrictions preventing its use to satisfy the claims of the Debtor's general creditors; (c) that the Debtor has, or does not have, a federal constitutional or statutory "free exercise" right to support retired or removed clergy; or (d) regarding the existence or allowance of any claim of Fr. Richardson, Dempster, Sarro, McGovern, Wiggins, Martin, and DeLuca against the Debtor.

6. **Reservation of Rights.** Nothing in this Stipulated Order shall affect (a) the right of any party in interest (including, but not limited to, the Committee) to object on any basis whatsoever to any claim asserted by or on behalf of Fr. Richardson, Dempster, Sarro,

McGovern, Wiggins, Martin, or DeLuca, or (b) the rights of the Debtor's bankruptcy estate to assert indemnity, contribution or subrogation claims against Fr. Richardson, Dempster, Sarro, McGovern, Wiggins, Martin, and/or DeLuca, or to exercise rights of setoff or recoupment against their claims, whether such rights of indemnity, contribution, subrogation, setoff or recoupment are asserted by the Debtor, the Committee, or other party in interest.

7. **Execution in Counterparts and by Electronic Means.** This Stipulated Order may be executed by the Parties in counterparts, including by facsimile or electronic transmission, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

[SIGNATURE PAGES FOLLOW]

Stipulated and Agreed:

Dated: Wilmington, Delaware
February 18, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
John T. Dorsey (No. 2988)
✱ Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtor and Debtor in Possession*

Dated: Los Angeles, California
February 18, 2010

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Pamela Egan Singer
_____
Laura Davis Jones (No. 2436)
James I. Stang (CA Bar No. 94435)
Hamid R. Rafatjoo (CA Bar No. 181564)
Curtis A. Hehn (No. 4264)
Pamela Egan Singer (CA Bar No. 224758)
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

*Counsel for the Official Committee of Unsecured Creditors*

[CONTINUED NEXT PAGE]

| | |
|---|---|
| Dated: Wilmington, Delaware<br>February 18, 2010 | THE NEUBERGER FIRM, PA<br><br>/s/ Thomas S. Neuberger<br>_____<br>Thomas S. Neuberger (No. 243)<br>Stephen J. Neuberger (No. 4440)<br>2 E. 7th Street, Suite 302<br>Wilmington, DE 19801<br>Telephone: (302) 655-0582<br><br>*Counsel for the Abuse Survivors* |
| Dated: Wilmington, Delaware<br>February 18, 2010 | JACOBS & CRUMPLAR, PA<br><br>/s/ Robert Jacobs<br>_____<br>Robert Jacobs (No. 244)<br>2 E. 7th Street, Suite 302<br>Wilmington, DE 19801<br>Telephone: (302) 656-5445<br><br>*Counsel for the Abuse Survivors* |

SO ORDERED, this 19th day of February, 2010.

_____
Christopher S. Sontchi
United States Bankruptcy Judge

14

## EXHIBIT A

| Pensioner | Amount |
|---|---|
| Rev. Howard T. Clark | $1,025.42 |
| Rev. Edmund T. Coppinger | $1,025.42 |
| Rev. Edward Glapiak | $1,025.42 |
| Rev. Frederick A. Kochan | $1,025.42 |
| Rev. Leonard J. Kempski | $1,025.42 |
| Rev. Oscar H. Frundt | $1,025.42 |
| Rev. Msgr. Patrick A. Brady | $1,025.42 |
| Rev. L. Philip Mcgann | $1,025.42 |
| Rev. Thomas E. Hanley | $1,025.42 |
| Rev. Thomas F. Gardocki | $1,025.42 |
| Rev. William E. Jennings | $1,025.42 |
| Rev. Philip P. Sheekey | $1,025.42 |
| Rev. William P. Mathesias | $1,025.42 |
| Rev. Joseph Kandathiparampil | $1,074.19 |
| Rev. Richard A. Reissmann | $1,077.10 |
| Rev. James E. Richardson | $1,114.00 |
| Rev. Bruce C. Byrolly | $1,122.39 |
| Rev. Philip L. Siry | $1,128.19 |
| Rev. William M. Hazzard | $1,128.19 |
| Rev. Msgr. Ralph L. Martin | $1,163.61 |
| Rev. Stephen J. Connell | $1,179.87 |
| Rev. Msgr. Michael F. Szupper | $1,268.71 |
| Rev. Edward J. Storck | $1,269.29 |
| Rev. Thomas J. Peterman | $1,282.06 |
| Vy. Rev. John J. Kavanaugh | $1,282.06 |
| Rev. Edward J. Kaczorowski | $1,538.71 |
| **TOTAL** | **$28,958.83** |