# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Catholic Diocese of Wilmington, Inc. | ) | Case No. 09-13560(CSS) |
| | ) | |
| Debtor. | ) | Re: D.I. 321, 354, 383, 462, 463, |
| | ) | 469, 470, 476 and 502 |

## SECOND AMENDED ORDER ASSIGNING MATTER TO MEDIATORS

On February 24, 2010, the Official Committee of Unsecured Creditors filed the Motion of the Official Committee of Unsecured Creditors for Appointment of Case Mediator [D.I. 354]; and, on March 12, 2010, the Debtor filed the Debtor's (I) Objection To The Motion Of The Official Committee Of Unsecured Creditors For Appointment Of Case Mediator And (II) Cross-Motion To Appoint The Honorable Kevin Gross To Mediate Property-Of-The-Estate Issues [D.I. 383]. On March 26 and April 19, 2010, the Court convened status conferences regarding the motions.

On May 3, 2010, the Court appointed Judge Kevin Gross as a mediator in this bankruptcy case [D.I. 463]. By letter dated the same date [D.I. 462], the Court stated that it had asked Judge Gross to mediate "an agreement among all interested parties as to a mediator and a procedure for mediation of the <u>substantive</u> issues in this [Chapter 11] case."

Judge Gross immediately commenced his efforts and, on May 13, 2010, tendered a letter to the Court in which he made the following recommendations:

- The appointment of Judge Thomas Rutter and Judge Kevin Gross as co-mediators.

- All of the named constituencies be required to participate in the mediation.

- The mediation be held by the end of June 2010, beginning on a Friday afternoon and continuing through at least Sunday evening. Subsequent sessions may be appropriate.

- Issues involving the constituencies be held in abeyance pending the mediation. These issues include: the Pooled Investment Trial, the objection to appointment of the Lay Committee and the extension of the stay of litigation involving the parishes. I fully recognize that this recommendation may not find favor with all parties. However, my reasoning is that the parties' time and resources can better be spent preparing for the mediation, the delay will be brief, and the "competitiveness" of litigation and any rulings may harden parties' positions.

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED AS FOLLOWS:

1. The Court's Orders dated May 13, 2010 and May 21, 2010 [D.I. 463 and 502, respectively] are amended and superseded by this Order.

2. Subject to the provisions set forth herein, pursuant to Del. Bankr. LR 9019-3, all issues relating to the bankruptcy case are assigned to mediation.

3. Judge Kevin Gross and former Judge Thomas Rutter of ADR Options are appointed as co-mediators.

4. The fees and expenses of Judge Rutter shall be subject to application and review, pursuant to Federal Rule of Evidence 706(b), and shall be paid from the Debtor's estate as an administrative expense under Bankruptcy Code §503(b)(2). The total fees and expenses paid to Judge Rutter for his services in accordance with this Order shall be charged at Judge Rutter's ordinary and customary hourly rates for services of this nature. Invoices from Judge Rutter shall be submitted to the Debtor and to the official committees on a monthly basis, and, if none of these parties object to an invoice within ten (10) days of when it is received, then the Debtor shall pay the invoice. In the event any disputes regarding an invoice are not resolved by the Debtor, the official committees and Judge Rutter, such disputes shall be submitted to the Court for resolution. Payments to Judge Rutter by the Debtor shall be reflected on the Debtor's monthly operating reports.

5. Judge Gross shall receive no fees nor reimbursement of expenses for his services as a mediator in this case, provided, however, that he may accept

ordinary professional hospitality such as the provision of working meals, etc. paid for by the Debtor or other parties in interest.

6. The mediators shall establish the time and place of mediation, the timing of submission of materials, the persons required to attend the mediation conference, and all other issues relating to the mediation.

7. All parties in interest in this bankruptcy case and their respective counsel are ordered to comply with all directions issued by the mediators in this case. Failure to do so may result in the imposition of appropriate sanctions.

8. The following matters pending before the Court are stayed until further order of the Court and no relief will be granted in connection with these matters absent a showing of irreparable harm:

    a. The Motion of the Official Committee of Unsecured Creditors to Disband Employee Committee [D.I. 469].

    b. Joinder of the Unofficial Committee of 91 State Court Abuse Survivors in the Motion of the Official Committee of Unsecured Creditors to Disband the Lay Employee Committee [D.I. 470].

    c. Catholic Charities' Motion to Strike the Joinder of the Unofficial Committee of 91 State Court Abuse Survivors in the Motion of the Official Committee of Unsecured Creditors to Disband the Lay Employee Committee [D.I. 476].

9. The third "Ordered" paragraph of the Order Under Sections 105(a) and 362 of the Bankruptcy Court Extending the Automatic Stay to the Parishes to Prevent the Continuation of Certain Personal Injury Actions entered on February 10, 2010 [D.I. 321] (the "Parishes Stay Order") is hereby modified in its entirety to read as follows:

    "ORDERED that the Parish Co-Defendant Cases[2] identified on <u>Exhibit 1</u> attached hereto are stayed in their entirety through and including July 30, 2010, provided, however, that the Debtor reserves its rights to seek further extensions of the automatic stay set forth herein with respect to any and all Parish Co-Defendant Cases, and further provided that this stay shall not apply to any scheduling conference before President Judge Vaughn of the Superior Court of the State of Delaware nor any resulting order regarding the establishment of a trial date (with said trial(s) to commence

>no sooner than October 1, 2010) in the cases commonly referred to as the 'DeLuca 8'; and it is further"

All other provisions of the Parishes Stay Order remain in full force and effect including the text of footnote #2 referenced in the third "Ordered" paragraph above.

10. The bankruptcy case is generally stayed until further order of the Court. No relief will be granted by the Court in connection with any further applications or motions filed with the Court absent a showing of irreparable harm, provided, however, that the Court will consider granting relief on routine matters and/or on a consensual basis.

11. Except as set forth below or otherwise agreed by the relevant parties, no further discovery shall proceed in connection with this bankruptcy case regardless of whether it has been previously authorized and/or required by the Court. This provision shall not affect any discovery authorized by the mediators in connection with the mediation.

12. Notwithstanding the foregoing, this Order shall not affect whatsoever upon the adversary proceeding captioned Official Committee of Unsecured Creditors v. Catholic Diocese of Wilmington, et al., Adv. Pro. No. 09-52866 (CSS). The "Phase 1" trial scheduled to commence on June 2, 2010 and all related matters thereto shall proceed absent further order of the Court.

13. This Court retains jurisdiction in connection with this Order and all matters related thereto.

Christopher S. Sontchi
United States Bankruptcy Judge

Dated: June 1, 2010