# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware Corporation,[1] | ) ) | Case No. 09-13560 (CSS) |
| | ) | |
| Debtor. | ) | **Ref. Docket Nos. 604, 620, 623, 635** |
| | ) | |
| | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEBTOR'S MOTION FOR AN ORDER UNDER SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE RENEWING THE EXISTING EXTENSION OF THE AUTOMATIC STAY TO THE PARISHES TO PREVENT THE CONTINUATION OF THE PARISH CO-DEFENDANT CASES AND THE NON-DEBTOR INSURANCE CASE

Upon consideration of the Motion for an Order under Sections 105(a) and 362 of the Bankruptcy Code Renewing the Existing Extension of the Automatic Stay to the Parishes to Prevent the Continuation of the Parish Co-Defendant Cases and the Non-Debtor Cases (D.I. 604) (the "Motion") filed by the Catholic Diocese of Wilmington, Inc., the Debtor in the above captioned action (the "Debtor" or "CDOW"), the Objections of the Survivors (D.I. 620) and the Official Committee of Unsecured Creditors (D.I. 623) thereto, and the Debtor's Reply (D.I. 635); and the Court having conducted a hearing on August 12 and 13, 2010, at which evidence and argument were presented by the Debtor and the Survivors; and the Court having found that:

1. Allowing the trials and the pre-trial preparations to continue in the DeLuca 7 cases, i.e. those involving John Does #2, 3, and 4, and Mssrs. Vai, Schulte, Sowden and Flanigan, as well as the case of Mr. Curry, will not adversely affect the mediation nor the likelihood of the mediation being successful;

2. Allowing Ms. Dougherty's case to proceed with regard to scheduling only will not adversely effect the mediation;

---

[1] The last four digits of the Debtor's federal tax identification number are 5439. The Debtor's mailing address is 1925 Delaware Avenue, P.O. Box 2030, Wilmington, Delaware 19899-2030.

3.  There is a significant risk of irreparable harm to the DeLuca 7, Mr. Curry and Ms. Dougherty by a further extension of the stay; and

4.  The balance of harms and the public interest favor allowing these trials and in the case of Ms. Dougherty the scheduling of her trial to go forward.

and in light of such findings, after due deliberation and upon the entire record of the Motion, including the objections thereto and the evidence at the hearing, and for the reasons stated on the record at the hearing;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Court will grant the motion extending the previously imposed stay as to the non-debtor defendants through and including September 3, 2010 with the following exceptions:

1.  The stay under sections 105(a) and 362 of the Bankruptcy Code with regard to the non-debtor defendants will no longer apply whatsoever to the cases pending in the Delaware Superior Court on behalf of Messrs. John Doe #2 (C.A. No. 08C-06-017 (JTV)), John Doe #3 (C.A. No. 08C-06-033 (JTV)), John Doe #4 (C.A. No. 08C-10-028 (JTV)), Vai (C.A. No. 08C-06-044 (JTV)), Schulte (C.A. No. 08C-07-017 (JTV)), Sowden (C.A. No. 08C-06-054 (JTV)), Flanigan (C.A. No. 08C-05-040 (JTV)) and Curry (C.A. No. 08C-08-043 (CLS)). Those cases may now proceed against the non-debtor defendants as the presiding judge in each case sees fit.

2.  The stay imposed under sections 105(a) and 362 of the Bankruptcy Code will continue to apply to Ms. Dougherty, whose case is captioned *Mary Dougherty v. Catholic Diocese of Wilmington, Inc., and Holy Rosary Roman Catholic Church*, C.A. No. 08C-08-026 (THG), provided, however, that the parties may proceed with scheduling a trial and related dates, i.e., discovery deadlines, etc.

3.  As previously agreed, the stay of the cases as to the non-debtor defendants does not apply to Messrs. Lamb (C.A. 09C-06-187 (CLS) nor Donahue (C.A. No. S08C-09-007

(THG)).

4.    The Court will convene a hearing on September 3, 2010 at 9:30 a.m. to consider whether a further extension of the stay to the other non-debtor cases and Ms. Dougherty is appropriate and to consider whether the general stay of the bankruptcy should be lifted.

5.    The automatic stay shall continue in full force and effect pursuant to 11 U.S.C. § 362 with respect to any action taken against the Debtor.

6.    With the specific exceptions noted above, the stay with regard to the non-debtor defendants shall apply to all cases listed on Exhibit 1 attached to this Order.

7.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: August 30, 2010

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:162963.2
YCST01:10093535.1                                                                068902.1001