## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| CATHOLIC DIOCESE OF WILMINGTON, | ) | |
| INC., a Delaware Corporation,[1] | ) | Case No. 09-13560 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | **Objection Deadline: October 14, 2010 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: October 21, 2010 at 1:00 p.m. (ET)** |
| | ) | |

### DEBTOR'S MOTION (THIRD) FOR ORDER FURTHER EXTENDING ITS EXCLUSIVE PERIODS TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves (the "Motion"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order further extending the Debtor's Exclusive Periods (as defined below) to file a chapter 11 plan and solicit acceptances of such plan through and including December 30, 2010, and March 3, 2011, respectively. In support of this Motion, the Debtor respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory and legal predicate for the relief sought herein is section 1121(d) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006(b)(1).

---

[1]      The last four digits of the Debtor's federal tax identification number are 5439. The Debtor's mailing address is 1925 Delaware Avenue, P.O. Box 2030, Wilmington, Delaware 19899-2030.

# BACKGROUND

## A.    General Background

2.      On October 18, 2009 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      As of the date hereof, no request for appointment of a chapter 11 trustee or examiner has been made. By order dated December 23, 2009 [Docket No. 213], the Court directed the appointment of a fee examiner.

4.      On November 5, 2009, the office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") in this case [Docket No. 82].

5.      On May 3, 2010, the U.S. Trustee appointed an official committee of lay employees (the "Lay Employees' Committee") in this case [Docket No. 461].

6.      Information regarding the Debtor's history and operations, its capital structure, and the events leading up to the commencement of this chapter 11 case can be found in the *Declaration of the Reverend Monsignor J. Thomas Cini in Support of Chapter 11 Petition and First-Day Relief* [Docket No. 9] (the "Cini Declaration").

## B.    Prior Extensions of the Exclusive Periods

7.      On February 12, 2010, the Debtor filed the *Debtor's Motion for Order Extending its Exclusive Periods to File Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121(d) of the Bankruptcy Code* [Docket No. 332] (the "First Extension Motion"), seeking entry of an order extending the Debtor's Exclusive Periods (as defined below)

2

for approximately one-hundred eighty (180) days. On March 1, 2010, the Court entered an order granting the First Extension Motion, extending the Debtor's Exclusive Filing Period (as defined below) through and including July 30, 2010, and extending the Debtor's Exclusive Solicitation Period (as defined below) through and including September 30, 2010, without prejudice to the Debtor's right to seek further extension(s) of the Exclusive Periods [Docket No. 360] (the "First Extension Order").

8. On July 15, 2010, the Debtor filed the *Debtor's Motion for Order Further Extending its Exclusive Periods to File Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121(d) of the Bankruptcy Code* [Docket No. 585] (the "Second Extension Motion"). On August 9, 2010, the Court entered an order extending the Debtor's Exclusive Filing Period (as defined below) through and including October 1, 2010, and extending the Debtor's Exclusive Solicitation Period (as defined below) through and including December 3, 2010, without prejudice to the Debtor's right to seek further extension(s) of the Exclusive Periods [Docket No. 632] (the "Second Extension Order").

## C. Global Case Mediation

9. On May 21, 2010, the Court entered an order [Docket No. 502] (as amended by D.I. 514, the "Mediation Order") pursuant to Del. Bankr. L.R. 9019-3 assigning all issues relating to the bankruptcy case to mediation and appointing the Honorable Kevin Gross and former Judge Thomas Rutter (the "Mediators") as co-mediators.

10. At the direction of the Mediators, the Debtor, the Creditors' Committee, the Lay Employees' Committee, the Debtors' liability insurers, and certain other parties

YCST01:10181857.2

068902.1001

participated in mediation sessions spanning several days[2] with the goal of negotiating a consensual chapter 11 plan. The Debtor believes that the mediation was fruitful in that significant progress was made with certain constituencies and discussions are ongoing. While no further mediation sessions are currently scheduled, the Court has left in place a modified Mediation Order and the Debtor anticipates that further plan mediation sessions may be helpful.

### D. Negotiation and Formulation of Plan and Disclosure Statement

11. The Debtor, in large part due to the negotiations and discussions among the parties during, surrounding, and related to the mediation, was able to formulate the *Chapter 11 Plan of Reorganization of Catholic Diocese of Wilmington, Inc.*, which the Debtor filed with the Court on September 22, 2010 [Docket No. 765] (the "Plan"). The Debtor anticipates filing an amended plan[3] and related disclosure statement before the expiration of the current Exclusive Filing Period. In addition, the Debtor will work with its key constituencies to develop an appropriate solicitation and confirmation schedule and anticipates filing a motion seeking approval of the disclosure statement and certain voting, solicitation and balloting procedures with respect to the Plan in the near future.

### RELIEF REQUESTED

12. By this Motion, the Debtor respectfully requests, pursuant to section 1121(d) of the Bankruptcy Code, that: (a) the period in which the Debtor has the exclusive right to file a chapter 11 plan be further extended by ninety (90) days through and including December 30, 2010; and (b) the period in which the Debtor has the exclusive right to solicit acceptances of

---

[2]    The parties attending mediation sessions on June 25-27, July 2-3 and August 31 – September 1, 2010.

[3]    The Plan filed on September 22 reserved treatment of the Allied Irish Bank Claim (as defined in the Plan) in light of ongoing negotiations between the Debtor and the holder of such claim.

4

such plan be further extended approximately ninety (90) days through and including March 3, 2011. This is the Debtor's third request for an extension of these deadlines. The Debtor also requests that such extensions be without prejudice to its rights to request further extensions or to seek other appropriate relief.

**BASIS FOR RELIEF REQUESTED**

13.     Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a plan (the "Exclusive Filing Period"). 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a plan within the Exclusive Filing Period, then it has an initial period of 180 days after the commencement of its chapter 11 case to solicit acceptances of such plan (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods"). 11 U.S.C. § 1121(c)(3).

14.     At present, the Debtor's Exclusive Filing Period expires on October 1, 2010,[4] and the Debtor's Exclusive Solicitation Period expires on December 3, 2010. Section 1121(d) permits the Court to extend the Exclusive Periods for "cause." 11 U.S.C. § 1121(d). For the reasons set forth herein, the Debtor submits that "cause" exists to extend the Exclusive Periods.

**A.     Section 1121(d) of the Bankruptcy Code Permits
        the Court to Extend Exclusive Periods for "Cause"**

15.     The Exclusive Periods under section 1121(b) of the Bankruptcy Code are intended to afford the Debtor the opportunity to propose a chapter 11 plan and to solicit

---

[4]     Pursuant to Local Rule 9006-2, the Debtor's Exclusive Filing Period "shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

5

acceptances of such plan without the deterioration and disruption to the Debtor's business operations that might be caused by the filing of competing plans by non-debtor parties. Section 1121(d) of the Bankruptcy Code allows the Court to extend the Debtor's Exclusive Periods for "cause." Specifically, section 1121(d) of the Bankruptcy Code provides:

> (1)    Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

> (2)    (A)    The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

> (B)    The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

16.    It is well-settled that the decision to extend the Exclusive Periods is left to the sound discretion of the bankruptcy court and should be based upon the facts and circumstances of a particular case.[5] *First Am. Bank of N.Y. v. Sw. Gloves and Safety Equip., Inc.,* 64 B.R. 963, 965 (D. Del. 1986); *In re Mid-State Raceway, Inc.,* 323 B.R. 63, 68 (Bankr. N.D.N.Y. 2005); *In re Reetz,* 61 B.R. 412, 414 (Bankr. W.D. Wis. 1986). Although the Bankruptcy Code does not define "cause" for the purpose of an extension of the Exclusive Periods, courts have looked to the legislative history of section 1121(d) of the Bankruptcy Code for guidance. *See In re Gibson & Cushman Dredging Corp.,* 101 B.R. 405, 409 (E.D.N.Y.

---

[5]    Although the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended section 1121(d) by prohibiting extensions of the Exclusive Filing Period and Exclusive Solicitation Period beyond 18 and 20 months, respectively, of the Petition Date, there was no revision to the standards for obtaining interim extensions. Accordingly, pre-BAPCPA case law continues to apply and should be examined in the context of the instant case.

6

1989); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). In doing so, courts have found that Congress did not intend that the 120- and 180-day periods be a hard and fast rule. *Amko Plastics*, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of ... [section 1121(d)] is flexibility"). Rather, Congress intended that the Exclusive Periods be of an adequate length, given the circumstances, for a debtor to formulate, negotiate and draft a viable plan, which by definition means one supported by some or all of a debtor's key constituents, without the disruption to its business that would occur with the filing of competing plans. *See Geriatrics Nursing Home v. First Fidelity Bank, N.A.*, 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition, the court held, is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business."). Indeed, Congress recognized that often a 120-day exclusivity period will not afford a debtor sufficient time to formulate and negotiate a plan:

> The court is given the power, though, to increase . . . the 120-day period depending on the circumstances of the case. [T]he bill allows the flexibility for individual cases that is not available today. For example, if an unusually large company were to seek reorganization under chapter 11, the Court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted).

17.     When determining whether cause exists for an extension of the Exclusive Periods, courts have relied on a variety of factors, each of which may provide sufficient grounds for extending the Exclusive Periods. Factors considered by the courts in making such a determination have included: (a) the size and complexity of the case; (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate

information; (c) the existence of good faith progress toward reorganization; (d) the fact that the debtor is paying its bills as they become due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiating with creditors; (g) the amount of time which has elapsed in the case; (h) whether the debtor is seeking the extension to pressure creditors to submit to the debtor's reorganization demands; and (i) whether unresolved contingencies exist. *In re Adelphia Communications Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409-10 (E.D.N.Y. 1989); *In re R.G. Pharmacy, Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007). Not all factors are relevant to every case, and courts have relied on subsets of the above factors to hold that cause exists. *See, e.g., In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (finding cause existed based on two factors). The application of the relevant factors to the facts and circumstances of this case weigh heavily in favor of extension of the Exclusive Periods.

**B.** **Ample Cause Exists for an Extension of the Debtor's Exclusive Periods**

(i) ***An Extension of the Exclusive Periods is Warranted Because the Debtor's Case is Sufficiently Complex.***

18. Several factors weigh in favor of granting an extension of the Exclusive Periods. First, the nature and complexity of this Chapter 11 Case warrants an additional extension of the Exclusive Periods. As the Court and parties in interest are aware, since the filing of this Chapter 11 Case, the Debtor has been immersed in numerous complex issues that have arisen in this case, including, but not limited to, the Phase I trial in the adversary proceeding commenced by the Creditors' Committee against the Debtor and certain non-debtor affiliates (the "PIA Adversary"), extensions of the stay to parish co-defendant cases and the global case mediation. In addition, Phase II of the PIA Adversary, which concerns crucial case issues, has

8

recently commenced with the filing of a case dispositive motion. The unusually litigious nature of this case has significantly delayed the formulation, solicitation and prosecution of a chapter 11 plan at great expense to the estate and its creditors.

19.     Notwithstanding the above, the Debtor has, in large part due to the mediation and related discussions among the Debtor and certain key constituencies, formulated a chapter 11 plan of reorganization and intends to file a related disclosure statement shortly. The current Exclusive Periods are set to expire on October 1, 2010 and December 3, 2010, respectively. The Debtor seeks a further extension of the Exclusive Periods so that it may continue to negotiate with its key constituencies and solicit and otherwise prosecute the Plan, with the goal of moving this Chapter 11 Case forward. Under these circumstances, the proposed extension of the Debtor's Exclusive Periods is both necessary and warranted.

(ii)     *The Debtor Has Made Good Faith Progress Toward Reorganization*

20.     Since the inception of this case, the Debtor has progressed in good faith towards reorganization, even while responding to massive discovery requests and numerous objections and other contested matters from the Creditors' Committee and others. The Debtor has filed its Schedules of Assets and Liabilities and Statement of Financial Affairs, established a Bar Date, produced a significant amount of due diligence materials, worked closely with the Creditors' Committee's insurance counsel and hired an insurance archeologist to investigate available insurance and made substantial progress in the global case mediation process.

21.     The Debtor has been working with the Lay Employees' Committee to respond to informal discovery requests and otherwise facilitate its due diligence. The Debtor and the Lay Employees' Committee remain in active discussions with respect to the Plan. Indeed,

9

the Lay Employees' Committee has indicated that it supports the Debtor's request for an extension of its Exclusive Periods as set forth herein.

(iii) *The Debtor Will Use The Extension to Negotiate in Good Faith With Stakeholders.*

22. The Debtor is not seeking an extension of the Exclusive Periods for purposes of delaying recoveries to creditors or forcing them to accede to the Debtor's demands. On the contrary, the Debtor will use this opportunity to focus on the solicitation and prosecution of the Plan, while continuing to maintain an open dialogue with its creditor constituencies. Absent a global settlement, the Plan provides the most efficient and expedient way to resolve claims and make distributions to creditors.

(iv) *The Debtor is Paying Its Debts as They Become Due.*

23. Since the Petition Date, the Debtor has been paying its debts as they have come due. The Debtor anticipates that this practice will continue, and thus, the requested extension of the Exclusive Periods will not prejudice the legitimate interests of creditors.

## CONCLUSION

24. For the reasons set forth herein, the requested extension of the Exclusive Periods is warranted, necessary and appropriate. Further, termination of the Debtor's Exclusive Periods would adversely impact the interests of the Debtor's estate and the progress of this case at this critical juncture. Therefore, the Debtor respectfully submits that cause exists to extend the Debtor's Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

## NOTICE

25. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel for the Lay Employees' Committee; and (iv) all parties

entitled to notice under Del. Bankr. L.R. 2002-1(b). In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: September 29, 2010
 Wilmington, Delaware

Young Conaway Stargatt & Taylor, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Maris J. Finnegan (No. 5294)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtor and Debtor in Possession*

11

068902.1001