## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CATHOLIC DIOCESE OF WILMINGTON, | ) | Case No. 09-13560 (CSS) |
| INC., a Delaware Corporation,[1] | ) | |
| | ) | |
| Debtor. | ) | Re: Docket Nos. 865 & 1240 |
| | ) | |

**ORDER: (A) APPROVING DISCLOSURE STATEMENT;
(B) FIXING VOTING RECORD DATE; (C) APPROVING SOLICITATION
MATERIALS AND PROCEDURES FOR DISTRIBUTION THEREOF;
(D) APPROVING FORMS OF BALLOTS AND ESTABLISHING
PROCEDURES FOR VOTING ON PLAN; (E) SCHEDULING HEARING AND
ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT
OF PLAN CONFIRMATION; AND (F) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") of the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") for entry of an order, pursuant to sections 105, 502, 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3001, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (a) approving the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Second Amended Chapter 11 Plan of Reorganization of Catholic Diocese of Wilmington, Inc.* [D.I. 1240] (as the same may be amended, modified, and/or supplemented, the "Disclosure Statement"); (b) fixing a voting record

---

[1] The last four digits of the Debtor's federal tax identification number are 5439. The Debtor's mailing address is 1925 Delaware Avenue, P.O. Box 2030, Wilmington, Delaware 19899-2030.

date for purposes of determining which holders of Claims[2] against the Debtor are entitled to vote on the *Second Amended Chapter 11 Plan of Reorganization of Catholic Diocese of Wilmington, Inc.* [D.I. 1239] (as the same may be amended, modified, and/or supplemented, the "Plan"); (c) approving solicitation materials and procedures for distribution of the Disclosure Statement and the Plan; (d) approving forms of Ballots and establishing procedures for voting on the Plan; (e) scheduling a hearing and establishing notice and objection procedures in respect of confirmation of the Plan; and (f) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having filed with the Court the Disclosure Statement and the Plan; and the Court having reviewed the Disclosure Statement, the Motion, and the responses thereto; and the Court having held a hearing (the "Disclosure Statement Hearing") to consider approval of the Disclosure Statement and the Motion; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein; and sufficient notice of the Motion and the Disclosure Statement Hearing having been given; and no other or further notice being necessary or required; and it appearing to the Court, based upon the full record of this case, that the Motion should be granted; and after due deliberation, and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not otherwise defined herein shall the meanings that are ascribed to such terms in the Motion or the Disclosure Statement.

**IT IS HEREBY FOUND THAT:**

A. The Debtor has the full organizational authority to propose and prosecute the Plan and Disclosure Statement.

B. Notice of the Motion and the Disclosure Statement Hearing were served as proposed in the Motion and as otherwise ordered by the Court, and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

C. The period, set forth below, during which the Debtor may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors entitled to vote to make an informed decision to accept or reject the Plan.

D. The procedures for the solicitation and tabulation of votes to accept or reject the Plan set forth below provide for a fair and equitable voting process, and are consistent with section 1126 of the Bankruptcy Code.

E. The notice substantially in the form annexed hereto as Exhibit 1 (the "Confirmation Hearing Notice"), the notice substantially in the form annexed hereto as Exhibit 3 (the "Non-Voting Creditor Notice"), and the procedures set forth below for providing such notices to creditors of the time, date, and place of the hearing to consider confirmation of the Plan as a Settlement Plan[3] (the "Confirmation Hearing"), and the contents of the Confirmation Hearing Notice and the Non-Voting Creditor Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

F. The forms of Ballots annexed hereto as Exhibits 2-A1, 2-A2, 2-B, 2-C, 2-D, 2-E, and 2-F are sufficiently consistent with Official Form No. 14, adequately address the

---

[3] In accordance with Section 5.5 of the Plan, the Debtor shall not seek confirmation of the Plan as a CDOW-Only Plan until after it has (i) sought confirmation of the Plan as a Settlement Plan and (ii) met and conferred with the Creditors Committee and the Lay Employees Committee to establish a schedule for litigation, if any, relating to confirmation of the Plan as a CDOW-Only Plan.

particular needs of this Chapter 11 Case, and are appropriate for each Class of Claims that is entitled to vote to accept or reject the Plan.

NOW THEREFORE,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

3. May 20, 2011, is established as the voting record date (the "Voting Record Date") for purposes of this Order and determining which creditors are entitled to vote on the Plan.

4. The Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 1, is approved.

5. The Confirmation Hearing shall be held on July 8, 2011, at 10:00 a.m. (prevailing Eastern Time); provided, however, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtor without further notice at any time prior to the commencement of the Confirmation Hearing, subject to the right of the Official Committee of Unsecured Creditors (the "Creditors' Committee") to receive notice of, and an opportunity to be heard on, any request to continue the Confirmation Hearing.

6. Objections to confirmation of the Plan as a Settlement Plan, or proposed modifications to the Plan, if any, must (a) be in writing; (b) state the name and address of the objecting party (provided, however, that an anonymous state-court litigant may use the name set forth in his or her state-court complaint); (c) state the amount (if applicable) and nature of the Claim of such party; (d) state with particularity the basis and nature of any objection to the Plan

and, if practicable, proposed modifications to the Plan that would resolve such objection; and (e) be filed, together with proof of service, with the Court and served so that they are received by the parties identified in the Confirmation Hearing Notice or the Non-Voting Creditor Notice no later than 4:00 p.m. (prevailing Eastern Time) on June 30, 2011 (the "<u>Confirmation Objection Deadline</u>").[4] Objections to confirmation of the Plan as a Settlement Plan that are not timely filed and served in the manner set forth above shall not be considered by the Bankruptcy Court and shall be overruled, <u>provided, however</u>, that no objection to confirmation of the Plan will be disallowed solely because the objector does not propose a modification that would resolve the objection.

7. The Debtor shall file its reply to objections, if any, to confirmation of the Plan as a Settlement Plan, on or before July 6, 2011, at 4:00 p.m. (prevailing Eastern Time).

8. The Debtor shall publish notice of the Confirmation Hearing and related deadlines once each in the national edition of <u>USA Today</u> and <u>The Delaware News Journal</u> at least twenty-eight (28) days before the Confirmation Objection Deadline. Additionally, the Debtor shall post the Confirmation Hearing Notice electronically on the reorganization website maintained by The Garden City Group, Inc. at http://www.cdowreorganization.com.

9. The Debtor shall mail or cause to be mailed to holders of Claims in Classes 3A, 3B, 3C, 3D, 3E, and 3F under the Plan (such holders, the "<u>Voting Parties</u>"), on or before June 1, 2011 (the "<u>Solicitation Commencement Date</u>"), a solicitation package (the "<u>Solicitation Package</u>"), containing: (a) the Confirmation Hearing Notice, which shall set forth (i) this Court's approval of the Disclosure Statement, (ii) the Voting Deadline with respect to the

---

[4] In accordance with Section 5.5 of the Plan, the deadline for objections to the Plan as a CDOW-Only Plan shall be subject to further order of the Court.

Plan, (iii) the date and time of the Confirmation Hearing, and (iv) the deadline and procedures for filing objections to confirmation of the Plan; (b) a CD containing a copy of the Disclosure Statement (together with the Plan and other exhibits annexed thereto);[5] and (c) the appropriate Ballot(s) to accept or reject the Plan and a self-addressed, return envelope. Solicitation Packages to holders of Class 3A Claims represented by counsel shall be served solely upon such counsel, at the law firm(s) and address(es) set forth in such holder's Tort Proof of Claim Form, if filed, unless the holder has directed otherwise. To avoid unnecessary duplication of documents, the Debtor may serve counsel representing more than one holder of a Class 3A Claim a master Solicitation Package containing (a) a single Confirmation Hearing Notice; (b) a single copy of this Order (without exhibits); (c) a single CD containing a copy of the Disclosure Statement (together with the Plan and other exhibits annexed thereto); and (d) the appropriate Ballots to accept or reject the Plan with self-addressed, return envelopes, provided, however, that the Debtor shall provide additional copies of the items referenced in (a)-(c) of this sentence upon counsel's request.

10. The Debtor shall cause to be served, on or before the Solicitation Commencement Date, a Solicitation Package excluding the Ballot upon (a) the United States Trustee, (b) counsel to the Creditors' Committee, (c) counsel to the Lay Employees' Committee, (d) any party that filed a Notice of Appearance, and (e) any counterparty to an executory contract or unexpired lease identified on Schedule G of the Debtor's schedules of liabilities filed pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 (as amended or modified prior

---

[5] Recipients shall also be provided with information on how to obtain a free hard-copy Disclosure Statement upon request.

to the Voting Record Date, the "Schedules") who did not file a proof of claim prior to the Voting Record Date.

11. The Solicitation Packages and the proposed manner of service thereof satisfy the requirements of Bankruptcy Rule 3017(d).

12. Pursuant to Bankruptcy Rule 3017(d), the Debtor is not required to transmit a Solicitation Package to parties in interest who are not Voting Parties (the "Non-Voting Parties"), including, but not limited to (a) any Creditor whose Claim was not scheduled by the Debtor (or if scheduled, was identified as disputed) and who did not timely file a proof of claim, and (b) the holder of any Claim that is disallowed or expunged by the Court, or withdrawn, prior to the Voting Record Date. Except as provided in paragraph 10 above, the Debtor shall mail, or cause to be mailed, a Non-Voting Creditor Notice to each Non-Voting Party on or before the Solicitation Commencement Date.

13. The Debtor shall cause to be served on or before the Solicitation Commencement Date, the Solicitation Packages and Non-Voting Creditor Notices, as applicable, to:

(a) all persons or entities identified on the Debtor's Schedules, excluding holders of scheduled Claims that have been (i) superseded by a filed proof of claim prior to the Voting Record Date, (ii) disallowed or expunged by the Court, or withdrawn, or (iii) paid in full;

(b) all parties who filed proofs of claim, as reflected on the official claims register maintained by the Balloting Agent, as of the close of business on the Voting Record Date, and whose Claims have not been disallowed or expunged by the Court, or withdrawn or paid in full, prior to the Solicitation Commencement Date; and

(c) the assignee of a transferred and assigned Claim (whether a filed Claim or a Claim included on the Schedules) if the transfer and assignment has been noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date.

14. With respect to addresses from which one or more prior notices served in this case were returned as undeliverable, the Debtor is excused from distributing Solicitation Packages, Confirmation Hearing Notices, and Non-Voting Creditor Notices, as applicable, to those entities listed at such addresses if the Debtor is unable to obtain accurate addresses for such entities via a "national change of address" search before the Solicitation Commencement Date.

15. The Debtor is excused from re-distributing Solicitation Packages, Confirmation Hearing Notices, and Non-Voting Creditor Notices that are returned as undeliverable with no forwarding address.

16. The Debtor is authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Packages prior to mailing, provided, however, that the Creditors Committee shall be provided at least one business day's notice of any such changes to the Solicitation Packages.

17. June 30, 2011 at 5:00 p.m. (prevailing Eastern Time) is established as the voting deadline (the "Voting Deadline") for purposes of this Order and solicitation of votes with respect to the Plan.

18. The Ballots, substantially in the form attached hereto as Exhibits 2-A1, 2-A2, 2-B, 2-C, 2-D, 2-E, and 2-F are approved. For the avoidance of doubt, the approval of a Ballot for any Class of Claims does not constitute a finding by the Court that such Class is impaired within the meaning of section 1124 of the Bankruptcy Code, or that holders of Claims in such Class are entitled to vote on the Plan, such issues being reserved for consideration at the Confirmation Hearing.

YCST01:10490447.7　　　　068902.1001

19. All Ballots of holders of Claims in Classes 3A, 3B, 3C, 3D, 3E and 3F must be properly executed, completed, and the original thereof shall be delivered to the Balloting Agent so as to be actually received no later than the Voting Deadline. With respect to Ballots of holders of Claims in Class 3A, the Ballot(s) shall be executed by the individual claimant, or a lawyer with a specific, written power of attorney directing such lawyer to vote to accept or reject the Plan on such individual claimant's behalf. The signature on such Ballot(s) by a lawyer is a representation to the Court that the lawyer has client authority to execute the Ballot on the client's behalf.

20. The Balloting Agent shall maintain all Class 3A Ballots under the same confidentiality rules set forth in this Court's February 1, 2010, bar date order [D.I. 308] with respect to Tort Proof of Claim Forms.

21. Consistent with Bankruptcy Rule 2019, and to aid in the voting tabulation, counsel representing more than one Creditor holding a Class 3A Claim shall, on or before June 15, 2011, file a verified statement setting forth each such Creditor's (i) name (if public) or alias (if confidential) and (ii) Confidential Tort Proof of Claim Number (if filed).

22. The Balloting Agent shall file a report of Ballots received (the "Ballot Summary") by July 6, 2011, at 4:00 p.m. (prevailing Eastern Time). The Ballot Summary shall identify individuals who filed Tort Proof of Claim forms solely by reference to their claim numbers on the official register and their counsel, if any, and shall not include any personally identifiable information regarding the individual claimants.

23. Notwithstanding anything to the contrary contained herein, the following shall apply with respect to the voting and tabulation procedures:

    (a) If a Claim is deemed allowed under the Plan, such Claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan.

(b) If a proof of claim was timely filed prior to the Voting Record Date in an amount that is liquidated and non-contingent, such Claim shall be deemed allowed for voting purposes only and not for purposes of allowance or distribution, in the amount set forth on the proof of claim.

(c) If a proof of claim has been timely filed prior to the Voting Record Date and such Claim is wholly contingent or unliquidated, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in an amount equal to $1.00. For the avoidance of doubt, and notwithstanding any assertion to the contrary in a proof of claim, Claims in Classes 3A, 3B, 3D and 3E are wholly contingent and/or unliquidated.

(d) If a proof of claim has been timely filed prior to the Voting Record Date and such Claim is unliquidated or contingent in part, such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, in the liquidated and non-contingent amount only.

(e) If a proof of claim has not been timely filed prior to the Voting Record Date, or a Claim has not otherwise been Allowed prior to the Voting Record Date, and such Claim is reflected in the Debtor's Schedules and is not listed as contingent, unliquidated or disputed, such Claim shall be allowed for voting purposes only in the amount reflected in the Debtor's Schedules; provided, however, that a party whose Claim has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any, to accept or reject the Plan.

(f) If a Claim has been scheduled by the Debtor and is wholly contingent or unliquidated (but not disputed), and has not been superseded by a proof of claim filed prior to the Voting Record Date, such claim shall be temporarily allowed for voting purposes only in an amount equal to $1.00. For the avoidance of doubt, Claims in Classes 3B, 3D and 3E are wholly contingent and/or unliquidated.

(g) If a proof of claim clearly (i) is duplicative of another proof of claim filed by or on behalf of the same Creditor, or of a Claim scheduled by the Debtor as liquidated, non-contingent and undisputed, or (ii) amends and supersedes a prior proof of claim filed by or on behalf of the same Creditor, in the Balloting Agent's sole discretion, such proof of claim shall supersede the prior Claims for voting and tabulation purposes.

(h) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of distribution.

(i) If the Debtor has filed and served an objection to allowance of a Claim at least ten (10) days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except as may be ordered by the Court before the Voting Deadline.

(j) If the Debtor has filed and served an objection to the classification or amount of a Claim at least ten (10) days before the Voting Deadline, such Claim shall be temporarily allowed for voting purposes only and not for purposes of allowance or distribution solely in the amount and priority proposed by the Debtor in its objection, except as may be ordered by the Court before the Voting Deadline.

(k) For purposes of voting, classification and treatment under the Plan, each entity that holds or has filed more than one Claim shall be treated as if such entity has only one Claim in each applicable Class, and the Claims filed by such entity shall be aggregated in each applicable Class, and the total dollar amount of such entity's Claims in each applicable Class shall be the sum of the aggregated Claims of such entity in each applicable Class.

(l) The Parish-Only Survivor Claimants shall receive Class 3A Ballots solely for the purposes of (i) voting to accept or reject the Plan as a Settlement Plan, (ii) if applicable, indicating their approval of the settlements embodied in Article V of the Plan and agreement to be bound by the Channeling Injunction set forth in Section 16.3 of the Plan, and (iii) making any elections that may be required by the Settlement Trust Distribution Procedures to be proposed by the Creditors Committee pursuant to Section 6.5 of the Plan. Claims of Parish-Only Survivor Claimants shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in an amount equal to $1.00.

24. The following procedures and general assumptions shall be used in tabulating the Ballots:

(a) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated as if such Creditor held one Claim against the Debtor in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

(b) Creditors must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split their votes. Accordingly, an individual Ballot (or multiple Ballots with respect to multiple Claims

within a single Class) that partially rejects and partially accepts the Plan will not be counted.

(c) Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

(d) Only Ballots that are timely received with appropriate signature(s) will be counted. Unsigned Ballots will not be counted.

(e) Only Creditors may vote unless a properly executed, written power of attorney is submitted with each Ballot cast, which evidences such Creditor's intention to have such other person complete the Ballot on the Creditor's behalf, provided, however, that the signature on such Ballot(s) by a lawyer shall constitute an affirmative representation to the Court that the lawyer has such authority to execute the Ballot on the client's behalf and shall satisfy the requirement that a written power of attorney be submitted with such Ballot.

(f) The vote of a Creditor whose Claim is subject to a pending objection to allowance by the Debtor that was filed and served at least ten (10) days before the Voting Deadline is not eligible to vote unless (i) such objection(s) are resolved in such Creditor's favor prior to the Voting Deadline, (ii) the Debtor and the Creditor stipulate to a Claim for voting purposes only prior to the Voting Deadline, or, (iii) after notice and a hearing pursuant to Bankruptcy Rule 3018(a), but prior to the Voting Deadline, the Bankruptcy Court allows the Claim temporarily or estimates the amount of the Claim for purposes of voting to accept or reject the Plan.

(g) Unless otherwise ordered by the Court in accordance with Bankruptcy Rule 9006(b), Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

(h) Ballots which are illegible, or contain insufficient information to permit the identification of the Creditor, will not be counted.

(i) Whenever a Creditor casts more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and will supersede any prior Ballots.

(j) If a Creditor simultaneously casts inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

(k) Each Creditor shall be deemed to have voted the full amount of its Claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Balloting Agent and the Debtor, which determination shall be final and binding.

(l) Any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted for voting or tabulation purposes.

(m) Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan shall not be counted for voting or tabulation purposes.

(n) Any Ballot voting on account of a proof of claim filed after the Bar Date that (i) does not amend a timely filed claim and (ii) has not been temporarily allowed for voting purposes by order of the Court shall not be counted for voting or tabulation purposes, provided that, to the extent any proof of claim filed after the Bar Date asserts Claims in Classes 3B or 3D, it shall be deemed to amend the proofs of claim timely filed by the Debtor with respect to such Claims.

(o) Ballots cast for Claims listed in the Debtor's Schedules as disputed, for which no corresponding proof of claim was timely filed before the Voting Record Date, shall not be counted for voting or tabulation purposes.

(p) Except in the Debtor's sole discretion, any Ballot transmitted to the Balloting Agent by facsimile or other electronic means shall not be counted for voting or tabulation purposes.

(q) The Balloting Agent shall be authorized, but not required, to contact any Creditors who submit Ballots that are invalid, but curable, to alert such Creditors that their Ballots will not be counted absent curative action.

25. In the event any Class of Claims does not have a holder of an Allowed Claim or a Claim temporarily Allowed by the Court as of the date of the Confirmation Hearing, such Class or Classes will be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

26. In accordance with section 1125(e) of the Bankruptcy Code, to the fullest extent permitted by law, the Debtor (including its sole member and its officers, employees, partners, agents, or representatives (including attorneys, accountants, financial advisors, and investment bankers), each solely in their capacity as such) shall have no liability on account of soliciting votes on the Plan or participating in such solicitation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan.

27. The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

28. This Court shall retain jurisdiction with respect to all matters related to this Order.

Dated: May 24, 2011
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE