IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CATHOLIC DIOCESE OF WILMINGTON, INC. | ) | |
| | ) | Case No. 09-13560 (CSS) |
| DEBTOR. | ) | Re Docket No. 1321 |

### NOTICE OF FILING OF SETTLEMENT TRUST AGREEMENT

Attached hereto as Exhibit A is a copy of the *Catholic Diocese of Wilmington, Inc. Settlement Trust Agreement for Qualified Settlement Fund* (the "Settlement Trust Agreement"). The Official Committee of Unsecured Creditors is filing the Settlement Trust Agreement as a Supplemental Plan Document pursuant to section 7.4 of the *Second Amended Chapter 11 Plan of Reorganization of Catholic Diocese of Wilmington, Inc.* [Docket No. 1321]. (the "Plan").[1]

Dated: June 23, 2011

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ Curtis A. Hehn_
Laura Davis Jones (Bar No. 2436)
James I. Stang (CA Bar 94435)
Curtis A. Hehn (Bar No. 4264)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100

Counsel for the Official Committee of Unsecured Creditors

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

18482-002\DOCS_DE:170968.1

# **EXHIBIT A**

# CATHOLIC DIOCESE OF WILMINGTON, INC. SETTLEMENT TRUST AGREEMENT
# FOR QUALIFIED SETTLEMENT FUND

This CATHOLIC DIOCESE OF WILMINGTON SETTLEMENT TRUST AGREEMENT FOR QUALIFIED SETTLEMENT FUND ("Settlement Trust Agreement") is entered into as of the __ day of _____, 2011, pursuant to the order dated _____, 2011, confirming the "Second Amended Chapter 11 Plan Of Reorganization Of Catholic Diocese Of Wilmington, Inc."(the "Plan"), dated _____. 2011 ("Confirmation Order"), in *In re Catholic Diocese of Wilmington, Inc.* (Bankr. D. DE.), a Delaware Corporation and Marla R. Eskin, the Settlement Trustee. All capitalized terms not defined herein have the definitions set forth in the Plan. A copy of the confirmed Plan and Supplemental Plan Documents are attached as Exhibit A (The Supplemental Plan Documents that include the Plan as an exhibit intentionally omit the Plan).

**Article 1    Name of the Settlement Trust.**

    1.1    The Settlement Trust shall be known as the "Catholic Diocese of Wilmington, Inc. Qualified Settlement Fund" and referred to herein as the "Settlement Trust."

**Article 2    Corpus of the Settlement Trust.**

    2.1    The assets of the Settlement Trust (the "Settlement Trust Estate") shall include all property transferred to the Settlement Trust pursuant to the Plan including:

        2.1.1    All sums transferred to the Settlement Trust pursuant to the Plan and Supplemental Plan Documents or future orders of the Bankruptcy Court, including the NDCE Settlement Contribution and the Insurer Settlement Contribution.

        2.1.2    All gross recoveries by Survivor Claimants (i.e. money or property and accrued interest) against Religious Orders who are co-defendants with the Debtor in pending prepetition state court litigation (the "Religious Order Litigation") and the Religious Orders' insurers, including any recoveries paid after February 2, 2011 and before the Effective Date, including interest actually accrued thereon. In consideration of the Plan's and Supplemental Plan Documents' treatment of the Survivor Claims of the plaintiffs in the Religious Order Litigation, the plaintiffs have assigned the gross recoveries and accrued interest thereon from the Religious Order Litigation to the Settlement Trust and the Confirmation Order shall find that such assignment has been made and shall direct the payment of such assigned funds to the Settlement Trust promptly after the Effective Date. Notwithstanding the assignment of the gross recoveries from the Religious Order Litigation to the Settlement Trust, each plaintiff in the Religious Order Litigation shall retain complete control over the Religious Order Litigation, including the prosecution of the Religious Order Litigation and any appeals therefrom, any direct actions against the Religious Orders' insurers and any appeals therefrom, and any settlement and/or mediation of the Religious Order Litigation. The Settlement Trustee shall not have any authority

over the prosecution of the Religious Order Litigation and any appeals therefrom, any direct actions against the Religious Orders' insurers and any appeals therefrom, and any settlement and/or mediation of the Religious Order Litigation;

2.1.3   All rights of every kind, nature and description transferred to the Settlement Trust pursuant to the Plan and the Supplemental Plan Documents or future orders of the Bankruptcy Court or otherwise belonging to the Settlement Trust, including the Order/Perpetrator Indemnification Claims and

2.1.4   All income, interest and sale proceeds derived from any of the above assets of the Settlement Trust.

**Article 3    Purpose of the Settlement Trust.**

3.1   The Plan and Supplemental Plan Documents provide for compensation to Survivor Claimants and non-monetary undertakings for the protection of children. This Settlement Trust Agreement sets forth the terms of the Settlement Trust contemplated by the Plan. In the event of any inconsistency between the Plan and Supplemental Plan Documents and this Settlement Trust Agreement, the provisions of the Plan and Supplemental Plan Documents shall govern.

3.2   On the Effective Date, and in accordance with the Plan and Supplemental Plan Documents, the Settlement Trust will assume all liability and full responsibility for resolving and paying the Survivor Claims of all Survivor Claimants, except for Administrative Claims. The Settlement Trust will assume full responsibility for: (a) establishing reserves with respect to the Settlement Trust; (b) making payments to the holders of Survivor Claims under the Plan and Supplemental Plan Documents, except Administrative Claims (c) collecting, investing and distributing the Settlement Trust's funds for the benefit of the Settlement Trust; and (d) fulfilling all other obligations of the Settlement Trust under the Plan and Supplemental Plan Documents. All payments due to the Survivor Claimants from the Settlement Trust shall be in accordance with the Settlement Trust Distribution Procedures.

3.3   The sole beneficiaries of the Settlement Trust are: (a) the holders of the Survivor Claims, excluding Administrative Claims and (b) those for whom Settlement Trust reserves have been established by the Plan, Supplemental Plan Documents and the Settlement Trust Agreement. No beneficiary of the Settlement Trust shall have any interest in any reserve established by the Settlement Trustee other than the reserve established for the payment of such beneficiary's Claim. No other creditors, including holders of Administrative Claims have any right, title or interest in the assets of the Trust.

**Article 4    Irrevocability of the Settlement Trust.**

4.1   The Settlement Trust shall be irrevocable. Neither the Debtor nor the Reorganized Debtor may alter, amend, revoke, or terminate the Settlement Trust. Neither the Reorganized Debtor or Debtor shall have any power or authority to direct the Settlement Trustee to return any of the Settlement Trust Estate to the Debtor, Reorganized Debtor or any third party.

**Article 5     Dissolution of the Settlement Trust**

5.1     The Settlement Trust shall become effective as of the earlier of: (a) the Effective Date and (b) the Settlement Funding Date and shall remain and continue in full force and effect until entry of an order of the Bankruptcy Court upon motion of the Settlement Trustee dissolving the Settlement Trust. Notice of the motion shall be sent to all persons who filed requests for special notice in the Debtor's chapter 11 case and who are entitled to notice through the Bankruptcy Court's ECF system ("Notice Parties"). The Bankruptcy Court may order dissolution of the Settlement Trust or may order that the Settlement Trustee undertake such further actions as the Bankruptcy Court deems necessary and appropriate to carry out the provisions of the Plan and Supplemental Plan Documents. Upon entry of an order by the Bankruptcy Court authorizing dissolution of the Settlement Trust, the Settlement Trustee will promptly proceed to wind up the affairs of the Settlement Trust.

5.2     After the authorization for the dissolution of the Settlement Trust and solely for the purpose of liquidating and winding up its affairs, the Settlement Trustee shall continue to act in such capacity until its duties hereunder have been fully performed. The Settlement Trustee shall retain the books, records and files that were delivered to or created by the Settlement Trustee until distribution of all the Settlement Trust's assets. At the Settlement Trustee's discretion, all of such records and documents may be destroyed at any time following the later of: (x) the first anniversary of the final distribution of the Settlement Trust's assets, and (y) the date until which the Settlement Trustee is required by applicable law to retain such records and documents; provided that the Settlement Trustee shall not destroy or discard any records or documents relating to the Settlement Trust without giving the Notice Parties ninety (90) days written notice thereof.

5.3     Upon completion of the liquidation and wind-up of the Settlement Trust, and provided that all fees and expenses of the Settlement Trust have been paid or provided for in full, the Settlement Trustee will deliver all funds remaining in the Settlement Trust to a charity supporting survivors of childhood sexual abuse identified in the Confirmation Order, provided such funds do not exceed $5,000.

5.4     The Court Order dissolving the Settlement Trust shall provide, inter alia, for the discharge of the Settlement Trustee and its professionals, the exculpation of the Settlement Trustee and its professionals from liability, and the exoneration of the Settlement Trustee's bond.

**Article 6     Powers of Settlement Trustee.**

6.1     The Settlement Trustee is vested with all powers necessary to effectuate the purpose of the Settlement Trust and to carry out the duties of the Settlement Trustee as set forth in the Plan. These powers include, but are not limited to, the following:

      6.1.1     Bond, Management of the Settlement Trust Estate of the Settlement Trust.

The Settlement Trustee shall serve with a bond in an amount set forth in the Confirmation Order. The Settlement Trustee is empowered to manage the Settlement Trust Estate in order to

effectuate the purposes of the Settlement Trust, including making payments due to the Survivor Claimants from the Settlement Trust in accordance with the Settlement Trust Distribution Procedures. The Settlement Trustee shall have all rights, powers, duties and obligations provided by applicable law. except as may be modified elsewhere in this Settlement Trust Agreement.

### 6.1.2 Payment of Expenses of the Settlement Trust.

Subject to the Plan and Supplemental Plan Documents, the Settlement Trustee is empowered to incur on behalf of the Settlement Trust, and pay from the Settlement Trust Estate, all costs and expenses incurred by the Settlement Trustee described in the Plan and in maintaining and administering the Settlement Trust including, without limitation, the fees of bankruptcy management companies, and the fees and costs of professional persons employed by the Settlement Trustee, such as investment advisors, accountants, agents, managers, attorneys and contract attorneys, actuaries, or auditors, and the premiums charged by insurers, including professional liability insurers, title insurers, and escrow agents.

### 6.1.3 Payment of Survivor Claimants.

The Settlement Trustee shall pay Survivor Claims in accordance with the Settlement Trust Distribution Procedures. The Settlement Trustee is empowered to pay Survivor Claims in a manner requested by a Survivor Claimant to facilitate structured settlements.

### 6.1.4 Retention of Professionals and Consultants.

Except as restricted by applicable professional ethics rules such as the Rules of Professional Conduct, the Settlement Trustee may retain any attorney, contract attorney, accountant, investment advisor, bankruptcy management company, or such other agents and advisors as are necessary and appropriate (and shall be entitled to rely on advice given by such advisors within their areas of competence) to maintain and administer the Settlement Trust and to effectuate the purposes of the Settlement Trust. Nothing in the Plan or Supplemental Plan Documents restricts the Settlement Trustee's ability to retain any Committee Professional.

### 6.1.5 Compliance with Section 17.5(c) and Exhibits D and E of the Plan (Additional Non-Monetary Undertakings for the Protection of Children)

The Trustee shall not have any duty to monitor the Reorganized Debtor's compliance with Exhibits D and E of the Plan but the Settlement Trustee may seek enforcement of any provision of Exhibits D and E of the Plan.

### 6.1.6 Execution of Documents.

The Settlement Trustee is empowered to make, sign, execute, acknowledge and deliver any documents that may be necessary or appropriate to effectuate the purposes of the Settlement Trust or to maintain and administer the Settlement Trust.

6.1.7    Litigation or Other Proceedings.

The Settlement Trustee is empowered to institute, conduct, defend, settle and compromise any litigation or other proceeding in any court or any administrative or regulatory forum in the name of the Settlement Trust if, in its sole discretion, such actions are advisable. The Settlement Trustee shall consult with State Court Counsel in connection with the exercise of its powers under this Article subsection.

6.1.8    Compliance With Law.

The Settlement Trustee is empowered to comply with all requirements imposed by applicable law, rule, or regulation.

6.1.9    Modification of The Settlement Trust Agreement.

The Settlement Trustee may file a motion with the Bankruptcy Court, with notice to the Notice Parties, for a modification of the provisions of this Settlement Trust Agreement if the Settlement Trustee determines that such modifications are necessary to conform to legal and/or administrative requirements. The Settlement Trustee shall consult with State Court Counsel in connection with the exercise of its powers under this Article subsection.

6.1.10   Anti-Assignment Clause.

To the fullest extent permitted by law, neither the principal nor income of the Settlement Trust, in whole or part, shall be subject to claims of creditors of any beneficiary or others, nor to legal process, nor be voluntarily or involuntarily assigned, alienated or encumbered except as may be ordered by the Bankruptcy Court.

6.1.11   Investments.

The Settlement Trustee shall comply with 11 U.S.C. §345 with regard to the investment of Settlement Trust assets. The Settlement Trustee may invest assets of the Settlement Trust in U.S. Government insured or issued securities with a duration of not more than 3 years until all Tort Claims except Future Tort Claims have been finally determined and, to the extent Allowed, paid in full, and thereafter with a duration of not more than 10 years. The Settlement Trustee is relieved of any obligation to diversify.

6.1.12   Settlement Trust Division.

    (a)    The Settlement Trustee is authorized to segregate the Settlement Trust established by this Settlement Trust Agreement into separate accounts or funds, as required by the Plan and allowed by the Settlement Trust Agreement. Any segregation shall be made according to the fair market value of the assets of the Settlement Trust at the time of segregation; the appreciation or depreciation of the property allocated to each account or fund, including cash, shall be fairly representative of the appreciation or depreciation to

the date of each segregation of all property available for allocation; and the segregation shall otherwise be in accordance with applicable tax law. Nothing in this provision shall restrict the Settlement Trustee's authority to pool such accounts or funds for investment purposes or require separate bank accounts for such accounts or funds.

(b) From time to time, the creation of reserve accounts, the elimination of reserve accounts and the amounts reserved shall be reviewed by the Settlement Trustee after consultation with State Court Counsel. If the Settlement Trustee reduces the amount in any reserve account, the reduced amount may be transferred to another reserve account or shall be treated as a Net Estate Asset.

### 6.1.13 Perpetuities.

Notwithstanding any other provisions of this Settlement Trust Agreement, the Settlement Trust hereby created, if not previously terminated under other provisions of this Settlement Trust Agreement, shall in any event terminate upon thirty five (35) years after the date of this Settlement Trust Agreement.

### Article 7   Immunity and Indemnification of Settlement Trustee.

7.1    The Settlement Trustee and the Settlement Trustee's professionals shall not be personally liable for mistakes in judgment, errors of fact or law, or other acts or omissions during the administration of the Settlement Trust, in the absence of willful misconduct or ultra vires acts. The Settlement Trustee and the Settlement Trustee's professionals who meet the standards of conduct herein shall be indemnified by the Settlement Trust for reasonable costs and expenses, including but not limited to attorneys' fees, incurred in connection with any claim as provided in Article 7.2 below. The Settlement Trustee's reserve for administration of the Settlement Trust may include amounts for such reasonable costs and expenses.

### 7.2    Medicare Secondary Payer Act

7.2.1    Neither the Settlement Trust, the Settlement Trustee, nor the Settlement Trustee's professionals shall have any liability to any entity, including any governmental entity, pursuant to the Medicare Secondary Payer Act or any state law statute that is substantially similar to the Medicare Secondary Payer Act.

### 7.3    Duty to Defend, Indemnify and Hold Harmless

7.3.1    The Settlement Trust shall defend, indemnify and hold the Settlement Trustee and its professionals harmless from and against any and all uninsured claims, liabilities, costs, damages or expenses arising from any contract, obligation or liability made or incurred by the Settlement Trustee in good faith. Nothing in this section shall be construed or interpreted to limit in any way the protections and immunities, if any, afforded to the Settlement Trustee or its

professionals pursuant to federal and/or state statutory and common law. Notwithstanding the foregoing, this indemnification, obligation of defense and covenant to hold harmless shall not apply to any liability arising from a criminal proceeding where the Settlement Trustee or its professionals had reasonable cause to believe that the conduct in question was unlawful.

**Article 8     Settlement Trustee Compensation.**

8.1     The Settlement Trustee shall be entitled to receive as compensation from the monetary assets of the Settlement Trust such amounts as described in Exhibit B attached hereto, and as the same may be amended from time to time during the term of this Settlement Trust Agreement. Such amendments to Exhibit B, if any, may be requested by written motion of the Settlement Trustee to the Bankruptcy Court. If Marla Eskin is approved as the Settlement Trustee, she may be compensated for fees and expenses incurred prior to Bankruptcy Court's approval of her appointment.

**Article 9     Successor Settlement Trustees.**

9.1     Vacancy Caused by Settlement Trustee Resignation or Removal.

9.1.1     <u>Settlement Trustee Resignation</u>. The Settlement Trustee may resign at any time. The Settlement Trustee shall file its written resignation with the Bankruptcy Court. The resignation shall take effect within thirty (30) days of filing the notice of resignation The Settlement Trustee shall, by the earliest date possible, deliver to the Settlement Trustee's successor the Settlement Trust Estate which was in the possession of the Settlement Trustee along with a complete record and inventory of the Settlement Trust Estate.

9.1.2     <u>Settlement Trustee Removal</u>. The Bankruptcy Court may remove a Settlement Trustee on a motion submitted by a party in interest on notice to the Notice Parties. The ground for removal is good cause. The removal will take effect upon the date the Bankruptcy Court specifies. The Settlement Trustee shall, by the earliest date possible, deliver to the Settlement Trustee's successor the Settlement Trust Estate which was in the possession of the Settlement Trustee along with a complete record and inventory of the Settlement Trust Estate.

9.2     Appointment of Successor Settlement Trustee.

9.2.1     Any vacancy in the office of Settlement Trustee shall be filled by the Honorable Christopher S. Sontchi or, in his absence, the Chief Judge of the U.S. Bankruptcy Court of the District of Delaware, shall designate a successor after notice to the Notice Parties and a hearing.

9.3     Acceptance of Appointment of Successor Settlement Trustee.

9.3.1     Any successor Settlement Trustee's acceptance of appointment as a successor Settlement Trustee shall be in writing and shall be filed with the Bankruptcy Court. The acceptance shall become effective when filed with the Bankruptcy Court. The Settlement Trustee shall thereupon be considered a Settlement Trustee of the Settlement Trust without the

necessity of any conveyance or instrument. Each successor Settlement Trustee shall have all of the rights, powers, duties, authority, and privileges as if initially named as Settlement Trustee hereunder. Each successor Settlement Trustee shall be exempt from any liability related to the acts or omissions of the Settlement Trustee prior to the appointment of the successor Settlement Trustee.

      9.4     Preservation of Record of Changes in Settlement Trustees.

          9.4.1   A copy of each instrument of resignation, removal, appointment and acceptance of appointment shall be attached to an executed counterpart of this Settlement Trust Agreement.

**Article 10**     **Instructions to Settlement Trustee.**

      10.1    In addition to the other duties set forth in the Plan, Supplemental Plan Documents or this Settlement Trust Agreement, the Settlement Trustee is hereby specifically directed to do the following:

          10.1.1 Annual Financial Reports.

In lieu of compliance with applicable law regarding the Settlement Trustee's obligation to prepare accountings and/or reports, the Settlement Trustee shall prepare on behalf of the Settlement Trust annual (December 31) financial reports describing the then remaining assets and the manner in which the assets of the Settlement Trust are then invested. The reports shall include an itemization of categories of expenses and corresponding amounts. The reports shall also include an estimate of the current market value of the invested assets of the Settlement Trust and a description of the obligations, income and expenses of the Settlement Trust. The Settlement Trustee may, but shall not be required to, employ valuation experts. The reports shall include an itemized statement of all sums disbursed to Survivor Claimants, subject to the preservation of the confidentiality of the identity of the Survivor Claimants. The reports shall be prepared within forty-five (45) days of the close of the reporting period. Copies of the reports shall be sent to the Notice Parties and, until the Case is closed, filed with the Bankruptcy Court. The reports shall be prepared on an accrual basis, and shall be in accordance with Generally Accepted Accounting Principles.

          10.1.2 Additional Reporting to the Court.

The Settlement Trustee shall report to the Bankruptcy Court, with notice to the Notice Parties, with respect to any matter arising from the administration of the Settlement Trust that the Settlement Trustee deems advisable to bring to the attention of the Bankruptcy Court. The Settlement Trustee shall report to the Bankruptcy Court, with notice to the Notice Parties, with respect to any matter arising from the administration of the Settlement Trust upon request of the Bankruptcy Court.

**Article 11**     **Grantor Settlement Trust Election.**

11.1 The Debtor and Reorganized Debtor shall elect to treat the Settlement Trust as a grantor Settlement Trust pursuant to Treasury Reg. § 1.468B-1(k). Payment of taxes, if any, attributable to Settlement Trust income shall be the obligation of the Settlement Trust.

**Article 12    Section 468B Settlement Fund.**

12.1    Generally.

12.1.1 In accordance with the Plan, it is the intent of the Debtor and the Settlement Trustee that all steps be taken by the Settlement Trustee to ensure that the Settlement Trust will qualify as, and remain, a "Designated" or "Qualified" settlement fund within the meaning of §468B of the Internal Revenue Code of 1986, as amended (the "Tax Code"), and the regulations promulgated pursuant thereto. The Debtor is the "transferor" within the meaning of Treasury Regulations §1.468B-1(d)(1). The Settlement Trustee shall be classified as the "administrator" within the meaning of Treasury Regulation §1.468B-2(k)(3).

12.1.2 It is further intended that the transfers to the Settlement Trust will satisfy the "all events test" and the "economic performance" requirement of Section 461(h)(1) of the Tax Code, and Treasury Regulation Section 1.461-1(a)(2).

12.2    Employer Identification Number.

12.2.1 Upon establishment of the Settlement Trust, the Settlement Trustee shall apply for an employer identification number for the Settlement Trust pursuant to Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation §1.468B-2(k)(4).

12.3    Relation-Back Election.

12.3.1 If applicable, the Settlement Trustee and the Debtor shall fully cooperate in filing a relation-back election under Treasury Regulation §1.468B-1(j)(2), to treat the Settlement Trust as coming into existence as a settlement fund as of the earliest possible date.

12.4    Reporting Requirements.

12.4.1 The Settlement Trustee shall cause to be filed, on behalf of the Settlement Trust, all required federal, state, and local tax returns in accordance with the provisions of Treasury Regulations §1.468B-2(k)(1). The Debtor shall file an election statement satisfying the requirements of Treasury Regulation §1.468B-1(k)(2)(ii) so that the Settlement Trust is treated as a grantor Settlement Trust under §671 of the Tax Code and the regulations promulgated thereunder. The Debtor's election statement shall be made on the Settlement Trust's first timely filed Settlement Trust income tax return. The Debtor (or some other person on behalf the Debtor) shall supply to the Settlement Trustee and to the Internal Revenue Service the statement described in Treasury Regulation §1.468B-3(e)(2), no later than February 15th of the year following each calendar year in which the Debtor (or some other person on behalf of the Debtor) makes a transfer to the Settlement Trust.

12.5    Broad Powers of the Settlement Trustee.

       12.5.1 The Settlement Trustee is empowered to take all such actions, including such actions as may be inconsistent with those expressly set forth above, as she deems necessary to ensure that the Settlement Trust is treated as a "Designated" or "Qualified" settlement fund under §468B of the Tax Code, and the regulations promulgated pursuant thereto. Further, the Settlement Trustee may amend, either in whole or in part, any administrative provision of this Settlement Trust Agreement which causes unanticipated tax consequences or liabilities inconsistent with the foregoing.

**Article 13    Miscellaneous Provisions.**

    13.1    Interpretation.

       13.1.1 As used in this Settlement Trust Agreement, words in the singular include the plural and words in the plural include the singular. The masculine, feminine and neuter genders shall be deemed to include all genders. The descriptive heading for each paragraph and subparagraph of this Settlement Trust Agreement are for the reader's convenience and shall not affect the interpretation or the legal efficacy of this Settlement Trust Agreement.

    13.2    Notices.

       13.2.1 Notices shall be sent to the "Notice Parties," who are all persons who in a Creditor Pool. Such requests shall include the requestor's street address and may include the requestor's fax number and email address.

       13.2.2 All notices or deliveries required or permitted hereunder shall be in writing and shall be deemed given on the first of the following dates: (i) when personally delivered; (ii) when actually received by means of facsimile transmission or e-mail; (iii) when received by overnight express courier delivery; (iv) when delivered and receipted for by certified mail, postage prepaid, return receipt requested (or in the event of attempted delivery and refusal of acceptance, then on the date of the first attempted delivery).

    13.3    Choice of Law.

       13.3.1 This Settlement Trust Agreement shall be administered, governed by, construed, and enforced according to the internal laws of the State of Delaware applicable to contracts and agreements made and to be performed therein, except that all matters of federal tax law and this Settlement Trust's compliance with §468B of the Tax Code and Treasury Regulations thereunder, shall be governed by federal income tax law, and all matters of federal bankruptcy law shall be governed by federal bankruptcy law.

    13.4    Invalidity and Unenforceability.

       13.4.1 If any term or provision of this Settlement Trust Agreement shall be invalid or unenforceable, the remainder of this Settlement Trust Agreement shall not be affected thereby, and each remaining term and provision of this Settlement Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

13.5   Entirety of Agreement.

13.5.1   This Settlement Trust Agreement supersedes any and all prior oral discussions and agreements with respect to the subject matter hereof. This Settlement Trust Agreement, together with the Exhibits hereto, the Plan, the Supplemental Plan Documents and the Confirmation Order, contain the sole and entire agreement and understanding with respect to the matters addressed therein.

13.6   Binding Agreement.

13.6.1   The individual executing this Settlement Trust Agreement and Exhibits on behalf of the Debtor hereby covenants, warrants and represents that: (i) such individual is duly authorized to execute this Settlement Trust Agreement on behalf of the Debtor, (ii) this Settlement Trust Agreement is binding upon the Debtor, (iii) the Debtor is duly organized and legally existing in the state of Delaware, and (iv) the execution of this Settlement Trust Agreement will not result in any breach or constitute a default under any obligation, undertaking, contract, or agreement to which such Debtor is a party or by which the Debtor may be bound.

13.7   Counterparts.

13.7.1   This Settlement Trust Agreement may be executed in two or more counterparts, with the same effect as if all signatures on such counterparts appeared on one document, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13.8   Independent Legal and Tax Counsel.

13.8.1   All parties to this Settlement Trust Agreement have been represented by counsel and advisors (collectively referred to as "Counsel") of their own selection in this matter. Consequently, the parties agree that the language in all parts of this Settlement Trust Agreement shall in all cases be construed as a whole according to its fair meaning and neither strictly for nor against any party. IT IS SPECIFICALLY ACKNOWLEDGED AND UNDERSTOOD THAT THIS PLAN SETTLEMENT TRUST AGREEMENT HAS NOT BEEN SUBMITTED TO, NOR REVIEWED OR APPROVED BY, THE INTERNAL REVENUE SERVICE OR THE TAXING AUTHORITIES OF ANY STATE OR TERRITORY OF THE UNITED STATES OF AMERICA. NEITHER THE EXCULPATED PARTIES NOR THE SETTLEMENT TRUSTEE OR ITS PROFESSIONALS REPRESENT OR WARRANT THAT DISTRIBUTIONS TO SURVIVOR CLAIMANTS OR THEIR PROFESSIONALS WILL HAVE ANY PARTICULAR TAX TREATMENT.

13.9   Jurisdiction.

13.9.1   The United States Bankruptcy Court for the District of Delaware retains exclusive original jurisdiction over all matters related to the Plan and the Settlement Trust Documents, including Section 3.1.5 of the Settlement Trust Distribution Procedures. Notwithstanding such exclusive original jurisdiction, the Settlement Trustee, upon notice to the Debtor and Notice Parties, may seek permission of the Bankruptcy Court for commencement of

an action in the Superior Court of the State of Delaware or in any other state court of original jurisdiction for relief in any matter concerning the interpretation or resolution of any dispute related to the Settlement Trust, or for enforcement of any rights claimed by the Settlement Trustee. If the Bankruptcy Court concludes, in the exercise of its discretion, that the Settlement Trustee would be aided in the administration of the Settlement Trust by referral of the matter to the Superior Court or other state court, the Bankruptcy Court may grant the Settlement Trustee permission to commence an action in the Superior Court of the State of Delaware or any other state court of original jurisdiction.

IN WITNESS WHEREOF, the parties execute this Settlement Trust Agreement as of the date set forth in the opening paragraph.

**CATHOLIC DIOCESE OF WILMINGTON, INC.**

By: _____
Bishop W. Francis Malooly
President and Sole Member

**CATHOLIC DIOCESE OF WILMINGTON, INC. QUALIFIED SETTLEMENT FUND**

By: _____
Marla R. Eskin
Settlement Trustee

# EXHIBIT A

# CONFIRMATION ORDER AND PLAN