IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CATHOLIC DIOCESE OF WILMINGTON, INC. | ) | |
| | ) | Case No. 09-13560 (CSS) |
| DEBTOR. | ) | Re Docket No. 1321 |

## NOTICE OF FILING OF SETTLEMENT TRUST DISTRIBUTION PROCEDURES

Attached hereto as <u>Exhibit A</u> is a copy of the *Settlement Trust Distribution Procedures* (the "Procedures"). The Official Committee of Unsecured Creditors is filing the Procedures as a Supplemental Plan Document pursuant to section 6.5 of the *Second Amended Chapter 11 Plan of Reorganization of Catholic Diocese of Wilmington, Inc.* [Docket No. 1321]. (the "Plan").[1]

Dated: June **23**, 2011

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James I. Stang (CA Bar 94435)
Curtis A. Hehn (Bar No. 4264)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100

Counsel for the Official Committee of Unsecured Creditors

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware Corporation, | Case No. 09-13560 (CSS) |
| | Honorable Christopher S. Sontchi |
| Debtor.[1] | |
| | Re Docket No. 1321 |

## SUPPLEMENTAL PLAN DOCUMENT

## (SETTLEMENT TRUST DISTRIBUTION PROCEDURES)

This Supplemental Plan Document sets forth the *Settlement Trust Distribution Procedures* (the "Procedures") contemplated by Section 6.5 of the *Second Amended Chapter 11 Plan Of Reorganization Of Catholic Diocese Of Wilmington, Inc. [Docket No. 1321]* (the "Plan"). In accordance with the Plan, the Procedures are subject to approval by the Bankruptcy Court at the Confirmation Hearing.

*[Remainder of Page Intentionally Left Blank]*

---

[1] The last four digits of the Debtor's federal tax identification number are 5439. The Debtor's mailing address is 1925 Delaware Avenue, P.O. Box 2030, Wilmington, Delaware 19899-2030.

1. **Definitions.**

    **1.1**    For the purposes of the Procedures, except as expressly provided and unless the context otherwise requires, all capitalized terms not otherwise defined have the meanings ascribed to them in Exhibit A to the Plan. The following definitions are **not** set forth in Exhibit A to the Plan.

    **1.2**    **[Intentionally Omitted]**

    **1.3**    **"Average Survivor Claimant Award"** means the quotient obtained by dividing the Net Settlement Trust Assets by the total number of Survivor Claimants, excluding the Litigation Abuse Claimants.

    **1.4**    **"Award"** means the liquidated amount of any Survivor Claim as determined in accordance with the terms of the Procedures.

    **1.5**    **"Convenience Survivor Claim"** means a Survivor Claim in an amount of $2,500 or less, or voluntarily reduced to $2,500 by the holder of such Survivor Claim.

    **1.6**    **" Creditor Pool"** means a group of Survivor Claimants who are associated for the purpose of allocating a portion of the Settlement Trust assets to each Survivor Claimant in the group pursuant to the Protocol. The following are the Creditor Pools:

        1.6.1   Neuberger/Jacobs & Crumplar Creditor Pool: Members are identified in Exhibit 1.6.1;

        1.6.2   Dalton/Manly Creditor Pool: Members are identified in Exhibit 1.6.2

        1.6.3   Conaty/Anderson Creditor Pool: Members are identified in Exhibit 1.6.3 and

        1.6.4   "POC-Only Creditor Pool": Members are identified in Exhibit 1.6.4.

1.7    **"Litigation Survivor Claim"** means a Survivor Claim to be liquidated through litigation in accordance with the Procedures.

1.8    **"Litigation Survivor Claimant"** means the holder of a Litigation Survivor Claim.

1.9    **"State Court Counsel Fees and Costs"** means the amount to be subtracted from the Net Settlement Trust Assets in an amount equal to the contingency fees (not to exceed 33%) and reimbursable expenses payable to State Court Counsel.

1.10    **"Proof of Claim Only Survivors"** means a Survivor Claim that was not pleaded in litigation in a state or federal court on or before July 9, 2009, other than a Survivor Claim pleaded after July 9, 2009 which alleged the plaintiff's repressed memory.

1.11    **"Proof of Claim Only Survivor Claimant"** means a holder of a Proof of Claim Only Survivor Claim.

1.12    **"Net Settlement Trust Assets"** means the difference between the money portion of the Settlement Trust Assets and reserves established pursuant to the Plan, the Supplemental Plan Documents and the Settlement Trust Agreement, including any reserve for Litigation Abuse Claimants.

1.13    **"Protocol"** means the "Protocol For Valuation Of Abuse Claims Under Reorganization Plan Of Catholic Diocese Of Wilmington, Inc.", attached hereto as Exhibit 1.13

1.14    **"Survivor Claim"** means any Claim (other than an Administrative Claim) against the Debtor or any Protected Party related to or arising out of any and all acts or omissions that in any way arise out of, are based upon, or involve actual or alleged Abuse by a Person for whom the Debtor or any Protected Party is or was legally responsible, or whom the Debtor or any Protected Party failed to control, direct, train or supervise, or about whose acts and propensities the Debtor or any Protected Party failed to warn, disclose or provide information. For the avoidance of doubt, a Survivor Claim includes (i) any Claim for payment or reimbursement for, or provision of, medical or psychological treatment, and (ii) any Claim against a Non-Debtor Catholic Entity that was previously liquidated by agreement, reduced to judgment, and/or is secured in whole or in part by a lien in property of any Non-Debtor Catholic Entity.

1.15    **"Survivor Claimant"** means the holder of a Survivor Claim.

2.      **CLASSIFICATION OF SURVIVOR CLAIMS.**

    **2.1**    The Ballot shall provide Survivor Claimants the following alternatives to treatment in the Creditor Pool reflected on the ballot provided with the Solicitation Materials:

        2.1.1    Treatment of the Survivor Claim as a Survivor Claim in a Creditor Pool;

        2.1.2    Treatment of the Survivor Claim as a Litigation Survivor Claim or

        2.1.3    Treatment of the Survivor Claim as a Convenience Survivor Claim.

    **2.2**    If a Survivor Claimant does not return a marked Ballot in accordance with the voting procedures approved by the Bankruptcy Court, the Survivor Claimant's Claim irrevocably will be treated as a Convenience Survivor Claim. Notwithstanding the foregoing, the Committee's counsel shall notify the Survivor Claimant by first-class mail of the failure to mark a Ballot and the treatment of the Survivor Claim as a Convenience Survivor Claim and the Survivor Claimant shall have ten (10) days from mailing of such notice to deliver a marked Ballot which marked Ballot will govern the treatment of the Survivor Claim.

    **2.3**    **Assignment to a Creditor Pool**. All Survivor Claimants shall be assigned to a Creditor Pool as set forth on Exhibits 1.6.1, 1.6.2, 1.6.3 and 1.6.4 and such assignment shall be reflected on the Survivor Claimant's Ballot.

    **2.4**    **Election To Be Treated As A Survivor Litigation Claim.**

        2.4.1    Each Survivor Claimant, regardless of the Creditor Pool to which the Survivor Claimant is assigned per the Ballot, may mark the Ballot to reflect the Survivor Claimant's election to be treated as a Survivor Litigation Claimant.

3.      **Funding of Creditor Pools and Reserves.**

    **3.1**    The Settlement Trustee shall establish a monetary reserve for each of the Creditor Pools. The reserves for the Creditor Pools shall be calculated as follows:

        3.1.1    The Settlement Trustee shall multiply the Average Survivor Claimant Award by the number of Survivor Claimants represented by State Court Counsel (other than Litigation Abuse Claimants) and multiply the product of that calculation by one-third (1/3) (the State Court Counsel Fee). This total State Court Counsel Fee shall be subtracted from the total settlement

Trust assets, presently $77.425 million. The Trustee shall divide the State Court Counsel Fee by the number of Survivor Claimants represented by State Court Counsel (other than Litigation Survivor Claimants) and shall pay to the client trust account of each State Court Counsel the total amount for each survivor represented by each State Court Counsel group; provided that the Settlement Trustee has joint written payment instructions from all of the State Court Counsel affiliated with a given Creditor Pool. The Settlement Trustee has no responsibility for the division of any portion of the State Court Counsel Fee except that the Settlement Trustee will make payments in accordance with the joint written payment instruction.

      (a)      The following is intended to illustrate the calculations provided for in paragraph 3.1.1. The numbers used in the calculations are hypothetical and not intended to reflect estimates of any reserves. The Settlement Trust Assets total $77.425 million. The Settlement Trustee calculates reserves in the amount of $2.425 million and the Net Settlement Trust Assets total $75.0 million. Of the 148 Survivor Claimants, one elects to be a Litigation Claimant and six (6) are not represented by State Court Counsel. The $75.0 million is divided by 148 and the quotient ($506,756) is multiplied by 33% resulting in a product of $167,229. This product ($167,229) is multiplied by 141 (148 Survivor Claimants-1 Litigation Survivor Claimant - 6 unrepresented Survivor Claimants) resulting in a product of $23.579 million. This amount is the State Court Counsel Fees and is subtracted from the Net Settlement Trust Assets of $75.0 million resulting in a balance of $51.421 million. There are four (4) Creditor Pools associated, in whole or in part, with State Court Counsel. The Settlement Trustee shall prorate and pay the $23.579 million to the client trust account of one designated State Court Counsel for each Creditor Pool on the basis of the number of Survivor Claimants in each Creditor Pool; provided that the Settlement Trustee has joint written payment instructions from firms acting as co-counsel. Thus, if the Neuberger/Crumplar & Jacobs Creditor Pool has 91 Survivor Claimants, excluding the Litigation Survivor Claimant from its Creditor Pool of 92 Survivor Claimants, the Settlement Trustee will pay the designated law firm the sum of $15.217 million ($23.579 million x 91/141).

      3.1.2    Ten (10) days before the Confirmation Hearing, State Court Counsel shall provide the Settlement Trustee with an accounting of all unpaid costs reimbursable to State

Court Counsel pursuant to State Court Counsel's retainer agreements and such accounting shall be in the format required by applicable non-bankruptcy law. The Trustee shall deduct the total of all such unpaid costs from the Net Settlement Trust Assets after deduction of the State Court Counsel Fees and reimburse State Court Counsel for all unpaid costs in accordance with the accountings.

(a)    The following is intended to illustrate the calculations provided for in paragraph 3.1.2. The total of all timely submitted unpaid costs reimbursable to State Court Counsel pursuant to State Court Counsel's retainer agreements is $1.421 million. These costs are subtracted from the $51.421 million leaving the difference of $50.0 million ($51.421 million-$1.421 million).

3.1.3    After the deduction of State Court Counsel Fees and Costs from the Net Trust Assets, the remaining funds shall be divided between the Creditor Pools on a per capita basis.

(a)    The following is intended to illustrate the calculations provided for in paragraph 3.1.3: $50.0 million/147 Survivor Claimants participating in the Creditor Pools=$340,136. The Neuberger/Jacobs & Crumplar Creditor Pool with 91 Survivor Claimants will receive $30.952 million for distribution to the 91 Survivor Claimants.

3.1.4    Any funds received by the Trust after the funding of the $77.425 million shall be prorated between each the Creditor Pools and the reserve for the Litigation Survivor Claims based on the initial monetary reserves funded for each Creditor Pool and the Litigation Abuse Reserve from the $77.425 million, subject to the Settlement Trustee's rights to use a portion for any additional funds for reserves.

3.1.5    All amounts received after February 2, 2011 by a Survivor Claimant on a judgment against a Religious Order or an insurer of a Religious Order and/or all amounts received by a Survivor Claimant after February 2, 2011 in settlement of a cause of action or claim for relief against a Religious Order or an insurer of a Religious Order are held in trust by the Survivor Claimant or the Survivor Claimant's counsel for the benefit of the Settlement Trust and such amounts shall be delivered to the Settlement Trust immediately following receipt of any such amounts.**LIQUIDATION AND PAYMENT OF SURVIVOR CLAIMS**

**4.1**　　On a Creditor Pool by Creditor Pool basis, the Settlement Arbitrator will administer the Protocol.

**4.2**　　Upon completion of the administration of the Protocol for a given Creditor Pool (including the expiration of any time periods for reconsideration of the outcomes of the administration of the Protocol and the review of any requests for reconsideration), the Settlement Arbitrator shall provide the Settlement Trustee with a written report of the points finally awarded to each Survivor Claimant in the Creditor Pool.

**4.3**　　For the Creditor Pools other than the Creditor Pool consisting of Late Filed Survivor Claims, the Settlement Trustee shall divide the total number of points awarded to the Survivor Claimants in a given Creditor Pool by the dollar amount reserved for that Creditor Pool pursuant to paragraph 3.2.4. Based on the average value of each point awarded in that Creditor Pool under the Protocol, the Settlement Trustee shall calculate the monetary award to each Survivor Claimant in that Creditor Pool. The Settlement Trustee shall deliver the amounts in the Creditor Pool under paragraph 3.1.3 to the client trust account for the designated State Court Counsel representing the Survivor Claimants in the Creditor Pool and the deliver the calculation of the individual Survivor Claimant's monetary awards pursuant to this paragraph to such State Court Counsel. The designated State Court Counsel is solely responsible for the distribution of the monetary awards from the client trust account and the Settlement Trustee, its professionals and the Settlement Trust have no responsibility for disbursement of funds to the Survivor Claimant after the Settlement Trustee has delivered the amounts due under paragraph 3.1.3. To the extent that a Survivor Claimant's retainer agreement provided for a fee in excess of 33% of the Survivor Claimant's recovery, the attorney for the Survivor Claimant may deduct such excess from the monetary award calculated by the Settlement Trustee. The Settlement Trustee, its professionals and the Settlement Trust shall have no responsibility to the Survivor Claimant or to the attorney for the Survivor Claimant for the payment of such additional fee.

　　　　4.3.1　　The following is intended to illustrate the calculations provided for in paragraph 4.3: The Neuberger/Jacobs & Crumplar Creditor Pool will receive $30.952 million. Under the Protocol, 2,250 points are awarded in the aggregate to Survivor Claimants in that Creditor

Pool. Each point is worth $13,605 ($30.952 million/2,250= $13,756.44). John Doe 1, a Survivor Claimant in that Creditor Pool, is awarded 18 points under the Protocol. John Doe 1 will receive a distribution of $247,615.92 from his attorney's client trust account, net of a 33% contingency fee and costs.

   4.3.2 Notwithstanding anything to the contrary under this Procedure, the calculations for the value of each awarded point for the Neuberger/Jacobs & Crumplar Creditor Pool shall be based on the Creditor Pool funding due under paragraph 3.1.3 minus $3.0 million.

   4.3.3 Notwithstanding anything to the contrary under this Procedure, John Vai shall receive a gross distribution of $3.0 million from the funds distributed by the Settlement Trustee on account of the Neuberger/Jacobs & Crumplar Creditor Pool, subject to fees and costs due under John Vai's retainer agreement with his State Court Counsel as adjusted by these Procedures.

   4.3.4 POC Only Survivor Claims: The settlement arbitrator shall determine the number of points attributed to each POC Only Survivor Claimant by the same method used for the other groups as set forth in 4.3 above. The Trustee shall then review the point valuations calculated by the Trustee for the Neuberger/Jacobs & Crumplar Creditor Pool and the Dalton/Manly Creditor Pool (meaning dollar value for each point awarded in each of these two Creditor Pools). The Trustee shall then continue and choose the lower of the two point values to use for the calculation of the values of the points in the POC Only Claimant pool. The Trustee shall then multiply this point value by the number of points awarded to each POC only claimant to arrive at the award for each POC Only Claimant. The Trustee shall then calculate the total sum of awards for all POC Only Claimants. If this value is less than the value of the total funding of the POC Only Creditor Pool, the excess shall be distributed per capita to the three other attorney represented Creditor Pools as set forth in 1.6 above. This amount shall then be distributed to each respective pool in the same proportion as the funds previously calculated. If the total sum of awards is in excess of the POC Only Claimant pool, then the Trustee shall proportionally reduce all POC Only Claimant awards such that the sum total of the awards to POC Only Claimants does not exceed the original amount of the funding of the POC Only Pool. If a POC Only Claimant is represented by

State Court Counsel, the Settlement Trustee shall distribute the monetary award to the client trust account of the State Court Counsel for the POC Only Claimant.

### 4.4    Treatment of Litigation Survivor Claims

4.4.1    At the Confirmation Hearing, the Committee shall move the Court to estimate the Litigation Survivor Claims pursuant to Bankruptcy Code §502 and the Settlement Trustee shall establish a reserve equal to the amount of the Bankruptcy Court's estimate.  The reserve shall be used for the payment of Allowed Litigation Survivor Claims and reasonable attorney's fees and expenses to be incurred by the Settlement Trustee in the litigation and settlement of Litigation Survivor Claims.

4.4.2    Litigation Survivor Claims for which a prepetition action was pending: Any prepetition complaint shall be deemed amended to add the Settlement Trust as a defendant and the Settlement Trustee may submit an order in the prepetition case amending such complaint without further order of the Bankruptcy Court.  The Litigation Survivor Claimant/plaintiff shall file a motion in the appropriate court to place the prepetition case back onto the court's active trial docket, and serve such motion on the Settlement Trustee.  Consistent with the discharge provided for in the Plan, any judgment obtained in such action may not be enforced against the Debtor, the Reorganized Debtor and/or any of their assets, and shall be paid in accordance with the Plan only from the reserve in the Settlement Trust established for the payment of Litigation Survivor Claims and related fees and expenses.  If a Litigation Survivor Claimant does not timely file the motion seeking to put the case on the active trial docket of the appropriate court within sixty (60) days of the Effective Date, the Abuse Claim will be treated as a Convenience Abuse Claim payable from the Settlement Trust, which treatment will be irrevocable and in complete satisfaction, payment and release of such Litigation Survivor Claim.

4.4.3    Within sixty (60) days of the Effective Date, each Litigation Survivor Claimant who does not have a pending prepetition action must: file a complaint in the U.S. District Court for the District of Delaware against the Settlement Trust asserting his or her Abuse Claim and serve such complaint upon the Settlement Trustee.  Consistent with the discharge provided for in the Plan any judgment obtained in such action may not be enforced against the

Debtor, the Reorganized Debtor and/or any of their assets, and shall be paid in accordance with the Plan only from the reserve in the Settlement Trust.

(a)     If a Litigation Survivor Claimant does not timely file such a complaint, then his or her Abuse Claim will be treated as a Convenience Abuse Claim payable from the Settlement Trust, which treatment will be irrevocable and in complete satisfaction, payment and release of the Litigation Survivor Claim.

4.4.4    The Settlement Trust will have all of the Debtor's rights, defenses, affirmative defenses, including statute of limitations, counterclaims, setoffs, and recoupments, with respect to Litigation Survivor Claims.  The Settlement Trustee will have complete control of litigation and settlements of Litigation Survivor Claims.  All attorneys' fees, costs and expenses of this litigation and/or settlements of Litigation Survivor Claims shall be paid by the Settlement Trust but only from the reserve created pursuant to the Bankruptcy Court's estimation of the Litigation Survivor Claim.

4.4.5    Each holder of an Allowed Litigation Survivor Claim will be paid in cash by the Trust such holder's pro rata share of a reserve for Litigation Survivor Claims net of the Debtor and Reorganized Debtor's fees, costs, and attorneys fees and costs defending and settling all Litigation Survivor Claims, within thirty (30) days after of the later of the date on which all Litigation Survivor Claims have been Allowed or Disallowed by Final Order or upon settlement or other final disposition of all the Litigation Survivor Claims.

**4.5     Treatment of Survivor Convenience Claim.**

4.5.1    Survivor Convenience Claims shall be paid from the Settlement Trust Assets prior to the calculation of State Court Counsel Fees and Costs.

4.5.2    Survivor Convenience Claims shall be paid by the Settlement Trustee as soon as possible after the Effective Date.

**4.6     Provisions Governing Distributions**.

4.6.1    Transmittal of Distributions:  Except as otherwise provided in the Plan, Supplemental Plan Documents or this Procedure or in an order of the Bankruptcy Court, distributions to the client trust accounts for attorneys representing Survivor Claimants holding

liquidated claims will, in each case, be made by the Settlement Trustee Trustee, by wire transfer. If wire transfer instructions are not provided to the Settlement Trustee, the distributions will be made by first class United States mail, postage prepaid, (i) to the client trust account for attorneys of record of Survivor Claimants and (ii) if the Survivor Claimant does not have an attorney of record, to the latest mailing address set forth in a proof of claim filed with the Claims Agent or the Bankruptcy Court by or on behalf of such Claimant, or to such other address as may be provided to the Settlement Trustee, as applicable, by such Claimant in writing. If a Claimant's distribution is returned to the Settlement Trustee because of the absence of a proper mailing address, the Settlement Trustee shall make a reasonable effort to locate or ascertain the correct mailing address for such Claimant from information generally available to the public and from such party's own records, but shall not be liable to such Claimant for having failed to find a correct mailing address.

### 4.7    JURISDICTION

Pursuant to §§ 105, 1123(a)(5), and 1142(b) of the Bankruptcy Code, and 28 U.S.C. §§ 1334 and 157 and Section 6.6 of the Plan, on and after the Effective Date, the Bankruptcy Court shall retain jurisdiction to hear and determine all disputes arising under Settlement Trust Agreement, but without limiting the generality of, the foregoing, the Bankruptcy Court's post-Effective Date jurisdiction shall include jurisdiction regarding the assignment and delivery of recoveries from Religious Orders or their insurers to the Settlement Trust:

EXHIBIT 1.6.1

**CATHOLIC DIOCESE OF WILMINGTON**
**CHART OF ABUSE CLAIMS**
**NEUBERGER FIRM; JACOBS & CRUMPLAR; JOSEPH W. BENSON; VOSS & JOHNSON**

|  | Claim No. | Attorney |
|---|---|---|
| 1. | 1 | Joseph W. Benson<br>Joseph W. Benson, P.A.<br>1701 N. Market St.., P.O. Box 248<br>Wilmington, E 19899<br>302-656-8811<br>jbenson@jwbpa.com |
| 2. | 3 | Neuberger Firm<br>2 East Seventh Street, Suite 302,<br>Wilmington, DE 19801-3707<br>302-655-0582<br>tsn@neubergerlaw.com<br>and<br>Jacobs & Crumplar<br>Two East Seventh Street, Ste 400,<br>Wilmington, DE 19801 ("N") |
| 3. | 4 | N |
| 4. | 5 | N |
| 5. | 6 | N |
| 6. | 8 | N |
| 7. | 9 | N |
| 8. | 11 | N |
| 9. | 12 | N |
| 10. | 13 | N |
| 11. | 14 | N |
| 12. | 15 | N |
| 13. | 16 | N |
| 14. | 17 | N |

1

EXHIBIT 1.6.1

|  | Claim No. | Attorney |
|---|---|---|
| 15. | 18 | N |
| 16. | 19 | N |
| 17. | 21 | N |
| 18. | 22 | N |
| 19. | 23 | N |
| 20. | 24 | N |
| 21. | 25 | N |
| 22. | 26 | N |
| 23. | 27 | N |
| 24. | 28 | N |
| 25. | 29 | N |
| 26. | 30 | N |
| 27. | 31 | N |
| 28. | 32 | N |
| 29. | 33 | N |
| 30. | 34 | N |
| 31. | 35 | N |
| 32. | 36 | N |
| 33. | 37 | N |
| 34. | 38 | N |
| 35. | 39 | N |
| 36. | 40 | N |
| 37. | 41 | N |

2

EXHIBIT 1.6.1

|  | Claim No. | Attorney |
|---|---|---|
| 38. | 42 | N |
| 39. | 43 | N |
| 40. | 44 | N |
| 41. | 45 | N |
| 42. | 46 | N |
| 43. | 47 | N |
| 44. | 48 | N |
| 45. | 49 | N |
| 46. | 50 | N |
| 47. | 51 | N |
| 48. | 52 | N |
| 49. | 53 | N |
| 50. | 54 | N |
| 51. | 55 | N |
| 52. | 56 | N |
| 53. | 57 | N |
| 54. | 58 | N |
| 55. | 59 | N |
| 56. | 60 | N |
| 57. | 61 | N |
| 58. | 62 | N |
| 59. | 63 | N |
| 60. | 64 | N |

3

EXHIBIT 1.6.1

| | Claim No. | Attorney |
|---|---|---|
| 61. | 65 | N |
| 62. | 66 | N |
| 63. | 67 | N |
| 64. | 68 | N |
| 65. | 69 | N |
| 66. | 72 | N |
| 67. | 73 | N |
| 68. | 74 | N |
| 69. | 75 | N |
| 70. | 76 | N |
| 71. | 77 | N |
| 72. | 78 | N |
| 73. | 80 | N |
| 74. | 81 | N |
| 75. | 82 | N |
| 76. | 83 | N |
| 77. | 84 | N |
| 78. | 85 | N |
| 79. | 86 | N |
| 80. | 87 | N |
| 81. | 88 | N |
| 82. | 89 | N |
| 83. | 90 | N |

DOCS_DE:170972.1

EXHIBIT 1.6.1

|     | Claim No. | Attorney |
| --- | --- | --- |
| 84. | 135 | N |
| 85. | 136 | N |
| 86. | 137 | N |
| 87. | 138 | N |
| 88. | 09C-06-187 | N |
| 89. | 09C-06-189 | N |
| 90. | John Loe #4 | N |
| 91. | John Poe #7 | N |
| 92. | 07C-11-234 | N |

5

EXHIBIT 1.6.2

**CATHOLIC DIOCESE OF WILMINGTON**
**CHART OF ABUSE CLAIMS**
**DALTON & ASSOCIATES & MANLEY & STEWART**

|     | Claim No. | Attorney |
| --- | --- | --- |
| 1. | 92 | Bartholomew J. Dalton<br>Dalton & Associates<br>1106 W. 10th St.<br>Wilmington, DE 19806<br>(302) 652-2050<br>bdalton@b-dpa.com<br>and<br>John C. Manly<br>Manly & Stewart<br>4220 Von Karman Avenue Suite 200,<br>Newport Beach, CA 92660<br>(949) 252-9990;<br>jmanly@manlystewart.com |
| 2. | 93 | (See Claim No. 92 for contact info.) |
| 3. | 94 | (See Claim No. 92 for contact info.) |
| 4. | 95 | (See Claim No. 92 for contact info.) |
| 5. | 96 | (See Claim No. 92 for contact info.) |
| 6. | 97 | (See Claim No. 92 for contact info.) |
| 7. | 98 | (See Claim No. 92 for contact info.) |
| 8. | 99 | (See Claim No. 92 for contact info.) |
| 9. | 101 | (See Claim No. 92 for contact info.) |
| 10. | 102 | (See Claim No. 92 for contact info.) |
| 11. | 103 | (See Claim No. 92 for contact info.) |
| 12. | 104 | (See Claim No. 92 for contact info.) |
| 13. | 105 | (See Claim No. 92 for contact info.) |
| 14. | 106 | (See Claim No. 92 for contact info.) |

DOCS_DE:170971.1

EXHIBIT 1.6.2

| | Claim No. | Attorney |
|---|---|---|
| 15. | 107 | (See Claim No. 92 for contact info.) |
| 16. | 108 | (See Claim No. 92 for contact info.) |
| 17. | 109 | (See Claim No. 92 for contact info.) |
| 18. | 110 | (See Claim No. 92 for contact info.) |
| 19. | 111 | (See Claim No. 92 for contact info.) |
| 20. | 112 | (See Claim No. 92 for contact info.) |
| 21. | 113 | (See Claim No. 92 for contact info.) |
| 22. | 114 | (See Claim No. 92 for contact info.) |
| 23. | 115 | (See Claim No. 92 for contact info.) |
| 24. | 100 | (See Claim No. 92 for contact info.)) |
| 25. | 116 | (See Claim No. 92 for contact info.) |
| 26. | 117 | (See Claim No. 92 for contact info.) |
| 27. | 118 | (See Claim No. 92 for contact info.) |
| 28. | 119 | (See Claim No. 92 for contact info.) |
| 29. | 120 | (See Claim No. 92 for contact info.) |
| 30. | 121 | (See Claim No. 92 for contact info.) |
| 31. | 122 | (See Claim No. 92 for contact info.) |
| 32. | 139 | (See Claim No. 92 for contact info.) |
| 33. | 140 | (See Claim No. 92 for contact info.) |
| 34. | 141 | (See Claim No. 92 for contact info.) |
| 35. | 142 | (See Claim No. 92 for contact info.) |
| 36. | 143 | (See Claim No. 92 for contact info.) |

DOCS_DE:170971.1

EXHIBIT 1.6.2

|     | Claim No. | Attorney |
|-----|-----------|----------|
| 37. | 144 | (See Claim No. 92 for contact info.) |
| 38. | 145 | (See Claim No. 92 for contact info.) |
| 39. | 146 | (See Claim No. 92 for contact info.) |
| 40. | 147 | (See Claim No. 92 for contact info.) |

3

EXHIBIT 1.6.3

**CATHOLIC DIOCESE OF WILMINGTON**
**CHART OF ABUSE CLAIMS**
**CONATY, CURRAN AND SISK**

|  | Claim No. | Attorney |
|---|---|---|
| 1. | 123 | Thomas P. Conaty IV<br>James P. Curran<br>Conaty, Curran and Sisk<br>220 Continental Drive, Ste. 215, Ne<br>DE 19713<br>302-894-1111; jcurran1324@comca<br>thomasconaty@conatycurransisk.c |
| 2. | 124 | Thomas P. Conaty (See Claim No. 123 for contact info.) |
| 3. | 125 | Thomas P. Conaty (See Claim No. 123 for contact info.) |
| 4. | 126 | Thomas P. Conaty (See Claim No. 123 for contact info.) |
| 5. | 127 | Thomas P. Conaty (See Claim No. 123 for contact info.) |
| 6. | 128 | Thomas P. Conaty (See Claim No. 123 for contact info.) |
| 7. | 129 | Thomas P. Conaty (See Claim No. 123 for contact info.) |
| 8. | 130 | Thomas P. Conaty (See Claim No. 123 for contact info.) |
| 9. | 131 | Thomas P. Conaty (See Claim No. 123 for contact info.) |
| 10. | 132 | Thomas P. Conaty (See Claim No. 123 for contact info.) |

1

EXHIBIT 1.6.4

**CATHOLIC DIOCESE OF WILMINGTON**
**CHART OF ABUSE CLAIMS**
**UNREPRESENTED/POC-ONLY CREDITOR POOL/MISCELLANEOUS**

|  | Claim No. | Attorney/<br>Pro Se |
|---|---|---|
| 1. | 7 | POC Only – Neuberger Firm<br>2 East Seventh Street, Suite 302,<br>Wilmington, DE 19801-3707<br>302-655-0582<br>tsn@neubergerlaw.com<br>and<br>Jacobs & Crumplar<br>Two East Seventh Street, Ste<br>400, Wilmington, DE 19801<br>("N") |
| 2. | 10 | Pro Se |
| 3. | 20 | POC Only –<br>N |
| 4. | 70 | Pro Se |
| 5. | 71 | POC Only –<br>N<br><br>Ed C. Johson<br>Voss & Johnson<br>21076 Bake Parkway, Ste. 106<br>Lake Forest, CA 92630 |
| 6. | 79 | POC Only –<br>N |
| 7. | 91 | POC Only<br>N |
| 8. | 133 | Pro Se |

1

EXHIBIT 1.6.4

|  | Claim No. | Attorney/<br>Pro Se |
|---|---|---|
| 9. | 134 | POC Only – Neuberger Firm<br>2 East Seventh Street, Suite 302,<br>Wilmington, DE 19801-3707<br>302-655-0582<br>tsn@neubergerlaw.com<br>and<br>Jacobs & Crumplar<br>Two East Seventh Street, Ste<br>400, Wilmington, DE 19801<br>("N") |
| 10. | 148 | Pro Se |
| 11. | 150 | Pro Se |
| 12. | None Provided | POC Only<br>N |

2

Exhibit 1.13

## PROTOCOL FOR VALUATION OF ABUSE CLAIMS UNDER REORGANIZATION PLAN OF CATHOLIC DIOCESE OF WILMINGTON, INC.

Each of the claims will be individually evaluated based on a matrix of five evaluation factors set forth and underlined below, with zero (0) to five (5) points allocated to each Survivor Claimant in relation to each of the evaluation categories, except for category number five (5) for which plus or minus up to five (5) points may be awarded. For each Creditor Pool, each Survivor Claimant will be awarded settlement proceeds in the ratio of the points received by him or her to the total points awarded to all Survivor Claimants in the Survivor Claimant's Creditor Pool. Thus if Survivor Claimant A is awarded 20 points and the total awarded to all Survivor Claimants in the Creditor Pool is 4,000 points, Survivor Claimant A will be awarded 20/4000 of the net settlement proceeds allocated to the Creditor Pool.

The evaluation factors are as follows:

**Types of Abuse (0 to 5 points)**

Exposure, touching, touching through clothing, penetration (oral, anal, vaginal), etc.

**Severity of Abuse (0 to 5 points)**

Duration of abuse.

Number of incidents.

Circumstances of the incidents.

**Nature and Extent of Damages Suffered (0 to 5 Points)**

All damages cognizable under applicable state law

**Vulnerability of the Survivor Claimant (0 to 5 points)**.

The relationship of the Survivor Claimant to the perpetrator.

Abuse of Trust, deceit of Survivor Claimant's family.

Age / maturity of Survivor Claimant at time of abuse

**Mitigating or Aggravating Factors (up to plus or minus 5 points)**

Verified merits of the claim (including jury awards; admissions on discovery, serial abuser with many survivors; other confirmed evidence of merit). (Mitigating)

Unique facts specific to Survivor Claimant's case not categorized above, but which reasonably bear upon Survivor Claims Reviewer's assessment of claim value. (Mitigating or aggravating).

Present condition of the Survivor Claimant, time spent and costs incurred in connection with psychological treatment, therapy, etc. (Mitigating).

The fact that the claim is a "Proof of Claim Only Survivors" which means a claim that was not pleaded in litigation in a state or federal court on or before July 9, 2009 (the last day of the Delaware "window", other than a Survivor Claim pleaded after July 9, 2009 which alleged the plaintiff's repressed memory. (Mitigating)